IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRADLEY EUGENE WENDT,<br><br>Defendant. | Criminal No. 4:22-cr-199<br><br>GOVERNMENT'S RESPONSE TO WENDT'S EMERGENCY MOTION TO PARTIALLY LIFT PRETRIAL RELEASE CONDITION 5(J) |

The government offers this response to Defendant Bradley Wendt's Emergency Motion to Partially Lift Pretrial Release Condition 5(j) (Dkt. 37).

## BACKGROUND

On January 11, 2023, the Court denied Wendt's appeal of pretrial release condition 5(j), which prohibits his possession of firearms, ammunition, and other dangerous weapons. (Dkt. 36.) At the time of the Court's order, Wendt was on suspension from his job as the Adair Chief of Police. (*Id.* at 3, 19 & n.10.) In the order, the Court observed that condition 5(j) "is the only way to reasonably assure the safety of the community, subject only to Wendt's ability to possess and use a service weapon if he is reinstated as Police Chief for the City of Adair." (*Id.* at 19.) The Court noted that if Wendt were reinstated, the Court would "entertain motion practice as to the parameters of his possession of a firearm in connection with his performance of official duties." (*Id.* at 19 n.10.)

It is the government's understanding that the Adair City Council voted to reinstate Wendt as Police Chief during a meeting the evening of January 11. Wendt then filed the Emergency Motion to Partially Lift Pretrial Release Condition 5(j).

1

(Dkt. 37.) In the motion, Wendt sets forth his proposed parameters of his possession of firearms after his reinstatement as Police Chief. (*Id.* at 1-2.) The Court ordered the government to respond to the motion. (Dkt. 38.) For the following reasons, the Court should grant the motion to the extent it seeks authority for Wendt to possess the identified pistol, shotgun, and rifle, but only while he is on duty working a scheduled shift for the Adair Police Department and performing official duties.

## ARGUMENT

The government's position throughout has been that Wendt may possess "a service weapon *while he is on duty*" as an Adair police officer. (Dkt. 31 at 5.) In his emergency motion, however, Wendt goes much further than that.

As an initial matter, the government does not object to Wendt's possession of the shotgun and rifle identified in his motion. Specifically, the government does not object to Wendt's possession of the specified shotgun and rifle "only while on duty" and if those firearms "remain in [the] squad car unless removed for official duties." (Dkt. 37 at 2.)

Beyond that, Wendt's motion seemingly contemplates his *carte blanche* possession of a Glock pistol regardless of whether he's "on duty." (*Id.* at 1-2.) In other words, Wendt wants to simply possess a firearm all the time. This proposal is hard to square with the Court's order denying Wendt's appeal of the weapons condition. In that ruling, the Court determined that Wendt should not be permitted to possess *any* firearms. And in discussing Wendt's possession of a firearm if he were reinstated as Police Chief, the Court specifically said it would entertain arguments "as to the

2

parameters of his possession of a firearm *in connection with his performance of official duties.*" (Dkt. 36 at 19 n.10 (emphasis added).)

But that's not what Wendt proposes. Wendt's motion sets specific parameters on his possession of a shotgun and rifle: *only* while on duty and *only* in the squad car unless they're removed for "official duties." (Dkt. 37 at 2.) As for the Glock pistol, however, Wendt proposes no limitations whatsoever. He does not cabin his possession of this firearm to when he is "on duty." (*Id.* at 1-2.) Indeed, Wendt brazenly asks the Court to authorize his possession of this firearm when he is "at home." (*Id.* at 2.)

The Court just ruled that but for Wendt's potential work as a police officer, he would not be allowed to possess *any* firearms pending trial. (Dkt. 36 at 19 & n.10.) The Court accordingly ordered Wendt to relinquish possession of "*all* firearms . . . on his property." (*Id.* at 20.) Wendt's proposed round-the-clock possession of a Glock pistol is a shameless end run around the Court's ruling.

Wendt provides little in the way of justification. He needs this firearm all the time, we're told, because he "often works long shifts . . . and has to go home or to his parent's house while on duty." (Dkt. 37 at 2.) Wendt also claims he is often "called to perform his duties even when 'off duty' both as [a] funaction [sic] of him being the Police Chief as well as there being only two police officers in Adair." (*Id.*) Wendt also vaguely claims that these firearms are "necessary for both Wendt's duties as Police Chief as well as his personal protection while serving as the current and active Police Chief." (*Id.*)

3

These flimsy (and fuzzy) justifications should give the Court pause. As the Court has observed, the Indictment alleges numerous instances of Wendt "blurring the line between personal and official activity with respect to the acquisition, use, and sale of firearms." (Dkt. 36 at 2.) Wendt's motion is yet another attempt to blur those lines. Wendt claims, for example, that it's impossible to say when he's truly "on duty" because he's "on duty" even when he's "off duty." (*See* Dkt. 37 at 2.) Ensuring compliance with such an amorphous and self-serving concept would put the Probation Office in an untenable position.

At the end of the day, the government proposes what it has always proposed: that Wendt be permitted to possess a service weapon (presumably the Glock pistol he identifies) "while he is on duty."[1] (Dkt. 31 at 5.) If it is simply too difficult for Wendt to define when he is "on duty," then the Court must define it for him. The government would suggest that Wendt is "on duty" when he is working a scheduled shift for the Adair Police Department and performing his official duties (*e.g.*, patrolling the streets, responding to calls, and the like). Wendt is not "on duty"—whether it's during a long shift or not—when he is at his home or his parent's house or some other unknown location disconnected from his police functions. And when Wendt is not on duty (*i.e.*, working a scheduled shift for the Adair Police Department and performing official duties), he should not have a firearm in his possession. Thus, when he is not on duty, the Glock pistol should be secured at the Adair Police Department until Wendt returns to duty. Similarly, Wendt should not be authorized to possess the

---

[1] As noted above, the government does not object to Wendt's possession of the specified rifle and shotgun under similar conditions, including the limitations Wendt identifies.

specified rifle and shotgun when he is not on duty, and the squad car should be left at the Adair Police Department until he (or another officer) needs it to perform official police duties.

Finally, although Wendt doesn't address it, any modification allowing his possession of a firearm for police duties would also presumably require him to possess ammunition for the firearm. That would violate condition 5(j) as written. The government raises this now simply to avoid the need for another modification.

## CONCLUSION

The Court should grant Wendt's emergency motion to partially lift pretrial release condition 5(j) to the extent the motion seeks permission for Wendt to possess the specified pistol, shotgun, and rifle, and ammunition for those firearms, but only while he is on duty working a scheduled shift for the Adair Police Department and performing official duties. The Court should otherwise deny the motion.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: /s/ *Ryan W. Leemkuil*
Mikaela J. Shotwell
Ryan W. Leemkuil
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Ryan.Leemkuil@usdoj.gov
Mikaela.Shotwell@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 12, 2023, I
electronically filed the foregoing with the
Clerk of Court using the CM ECF system.  I hereby
certify that a copy of this document was served
on the parties or attorneys of record by:

_____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing ____Other means

UNITED STATES ATTORNEY

By: _/s/ Ryan W. Leemkuil_____