IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRADLEY EUGENE WENDT, and<br>ROBERT ALLEN WILLIAMS,<br><br>Defendants. | Criminal No. 4:22-cr-199<br><br>GOVERNMENT'S MOTION<br>FOR DISCOVERY AND<br>PROTECTIVE ORDER |

The government moves the Court to enter a discovery and protective order in this case.

1. Defendants Bradley Wendt and Robert Williams were arraigned on January 5, 2023. At that time, the Court ordered the government to produce discovery pursuant to Fed. R. Crim. P. 16 by January 13, 2023.

2. Prior to January 13, 2023, counsel for each of Wendt and Williams indicated they would not enter the standard stipulated discovery and protective order routinely agreed to in criminal cases in this district.

3. On January 12, 2023, the government contacted defense counsel via email and again requested they enter the standard stipulated discovery and protective order. The government indicated that, should defense counsel do so, the government intended to provide defense counsel with all discovery materials currently in the government's possession, including materials beyond those required by Rule 16. The government advised defense counsel that if they declined to enter the standard stipulated discovery and protective order, all Rule 16 materials would

1

be available for inspection and copying at the U.S. Attorney's Office. *See* Fed. R. Crim. P. 16(a)(1)(E). To date, counsel for each defendant has declined to enter the standard stipulated discovery and protective order.

4. On January 13, 2023, the government made all discovery materials in its possession – including materials not contemplated by Rule 16 – available for inspection at the U.S. Attorney's Office. Defense counsel were provided with an index identifying all discovery materials available for inspection and review in the U.S. Attorney's Office. Again, this discovery included materials far beyond those required by Rule 16. The government further indicated in a letter to defense counsel that the government would provide copies of Rule 16 materials upon request of defense counsel. To date, defense counsel (for each defendant) has not sought to review the discovery materials available at the U.S. Attorney's Office.

5. On January 13, 2023, the government provided each of Wendt and Williams with copies of his criminal history and recorded statements to law enforcement. *See* Fed. R. Crim. P. 16(a)(1)(A), (D). These discovery materials were provided via the government's cloud-based file sharing system. The government notes that most subsections of Rule 16 only require it to make the subject materials "available for inspection, copying, or photographing." Fed. R. Crim. P. 16(a)(1)(B), 16(a)(1)(E), 16(a)(1)(F).

6.      On January 23, 2023, Williams agreed to a protective order, intended to cover the anticipated copying of Rule 16 materials. (Dkt. 64). On January 24, 2023, Wendt agreed to a similar protective order. (Dkt. 67). The Court entered both Orders. (Dkts, 65, 69).

7.      On January 23, 2023, Williams was provided copies of purported Rule 16 materials he requested, which included: (1) federal firearms licensee information and law letters; (2) Williams' Facebook account; (3) Williams' email account; and (4) Williams' phone extraction. These materials were provided via the government's cloud-based file sharing system.

8.      During the week of January 23, the government and defense counsel exchanged multiple emails regarding discovery. In those emails, defense counsel indicated they believe the government has failed to comply with its Rule 16 discovery obligations. The government has reiterated its position: all Rule 16 materials are available in office for inspection and copying, discovery beyond Rule 16 is available in office for inspection, and the government will provide defense counsel copies of all discovery materials with a standard stipulated discovery order.

9.      On January 26, 2023, the government and defense counsel conferred about the discovery matters in a phone conference. *See* Fed. R. Crim. P. 16.1(a). Following that conversation, Williams' counsel proposed several modifications to the standard stipulated discovery agreement.[1]

---

[1] The standard stipulated discovery and protective order was negotiated between the U.S Attorney's Office and the defense bar and is used in virtually every criminal case in the district, including prior cases handled by counsel for each

10.     On January 29, 2023, Wendt's counsel sent a letter to the government, again claiming the government has failed to comply with its Rule 16 discovery obligations.  For the first time, Wendt made some specific requests for copies of Rule 16 materials, which the government will provide via the cloud-based file sharing system on February 1, 2023.  However, many of Wendt's requests failed to identify specific materials and were instead broad and amorphous categories (*e.g.*, "All documents obtained by the Government from sources other than Mr. Wendt."). Wendt's counsel's non-specific, sweeping requests make it difficult to discern which materials, specifically, he claims are covered by Rule 16.

11.     The government has complied with its discovery obligations.  The entirety of the discovery file has been available for defense counsel's review at the U.S. Attorney's Office since January 13. To date, neither Wendt's nor Williams' counsel has reviewed any discovery materials at the U.S. Attorney's Office.  The government has repeatedly said it will provide copies of requested Rule 16 materials, but defense counsel must identify which materials they want copied. Neither Wendt's nor Williams' counsel has made a specific request for copies of Rule 16 materials based on the discovery index provided by the government; all requests have been general in nature.  Where the government can readily identify the documents requested, it has promptly provided copies.  The government has urged defense

---

defendant.  The government declines the invitation to modify this standard agreement to accommodate defense counsel's independent wishes.

counsel to sign the standard stipulated discovery and protective order to facilitate the orderly handling of discovery in this case.

12. The government wants to provide a copy of the entire discovery file to defense counsel, and it is certainly in the defendants' interest to have it. But the government cannot exempt Wendt's and Williams' counsel from the obligations routinely agreed to by other attorneys in this district in every other criminal case.

13. Accordingly, the government moves the Court to enter the attached discovery and protective order. *See* Fed. R. Crim. P. 16.1(b). Under this order, the government intends to provide a copy of the entire discovery file to Wendt and Williams. The order also clearly delineates the parties' discovery obligations. These measures will provide clarity and comfort to the parties and should significantly reduce the litigation of future discovery matters.

14. Counsel for Williams opposes the government's request for this discovery order. On January 31, 2023, the government had a lengthy conference with Williams' counsel, in which he proposed additional modifications to the requested discovery order. Although the government and Williams' counsel have made efforts to resolve this issue short of Court intervention – and the government appreciates those efforts – the government is not inclined to engage in a line-by-line revision of the standard stipulated discovery agreement used in this district. The Court can consider and evaluate Williams' proposed modifications as part of Williams' resistance to the imposition of the requested Order.

15. Counsel for Wendt opposes the government's request for this discovery order.

For these reasons, the government requests the Court impose the attached discovery and protective order.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By:   /s/ *Mikaela J. Shotwell*
Mikaela J. Shotwell
Ryan W. Leemkuil
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Mikaela.Shotwell@usdoj.gov
Ryan.Leemkuil@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 1, 2023, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail  _____ Fax  _____Hand Delivery

__X__ECF/Electronic filing ____Other means

UNITED STATES ATTORNEY

By: __/s/ *Mikaela J. Shotwell*_____