IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) <br> ) <br> ) Criminal No. 4:22-cr-199 |
| v. | ) <br> ) |
| BRADLEY EUGENE WENDT, and <br> ROBERT ALLEN WILLIAMS, | ) DISCOVERY AND <br> ) PROTECTIVE ORDER <br> ) <br> ) |
| Defendants. | ) <br> ) |

Upon motion of the government, the Court ORDERS the below discovery and reciprocal discovery obligations.

1. ***Government's Rule 16(a) Discovery and other Physical Evidence.*** Upon execution and approval by the Court of this Order, the Government will make available for review by Defendant's counsel any original physical evidence, financial records, and other Rule 16(a) materials gathered during the investigation by whatever means, including by search warrant, grand jury subpoena, other legal process, or consent. These materials may be reviewed by scheduling an appointment during business hours at the United States Attorney's Office and/or at the law enforcement agency in possession of any original evidence. To the extent that these materials are not voluminous and may be conveniently copied, the Government may elect to provide copies of these materials to Defendant's counsel; otherwise,

Defendant's counsel may make arrangements to make copies of these materials at Defendant's expense.[1]

2. ***Government's Witness Statements/Information and Brady Material***. With respect to the Defendant, any co-defendants, and any witnesses reasonably anticipated to testify at trial, the Government will provide copies of law enforcement reports (excluding evaluative material of matters such as possible defenses and legal strategies), witness statements, and memoranda of witness interviews prepared by Government investigators (e.g., FBI 302s, DEA-6s, etc.), which provide the basis for the case against the Defendant. The Government also will provide copies of any *Brady* or Jencks Act materials of which the United States Attorney's Office is aware and possesses. These materials will be provided upon execution and approval of this Order, to be supplemented if and when additional materials become available. Should Defendant's counsel become aware of any potential *Brady* material not contained in the discovery file, Defendant's counsel will notify the United States Attorney's Office and request that such information be added to the discovery file.

3. ***Restrictions on Use and Disclosure***. All materials provided under this Order are for the limited purpose of being used in the above-captioned criminal case and may not be used or disclosed for any other purpose, including for any other

---

[1] If dissemination or release of any of these materials is prohibited by law, *see, e.g.,* 18 U.S.C. § 3509(m), Defendant's counsel will not be permitted to copy them.

civil or criminal case in federal or state court (other than proceedings arising from this prosecution under 28 U.S.C. § 2255), unless specifically permitted and ordered by the United States District Court for the Southern District of Iowa. These materials may be discussed with and shown to Defendants. However, copies of the following material, in any form[2], may not be left with or provided to the Defendants or any other person (nor may Defendants be permitted to make copies of these materials): law enforcement reports, investigative reports and summaries, witness statements, memoranda of witness interviews, medical records (other than defendant's own medical records), audio recordings, video recordings, grand jury testimony, exhibits and offense conduct statements (prior to being attached as part of the draft and/or final presentence report). Defense counsel shall not show any such materials, memoranda, or witness interviews to any witness in the case, except for any transcribed testimony or written statement signed or expressly adopted by that witness. Copies of discovery materials provided to Defendants' counsel shall be either destroyed or returned to Government counsel following the conclusion of all matters relating to this criminal case.

    4.    ***Redacted or Withheld Information***.  The Government may redact or withhold information from discovery for security concerns or to protect an ongoing

---

[2] This includes both paper and electronic copies, as well as summaries or dictation that may be prepared by or on behalf of Defendant's counsel.

investigation or, alternatively, may require that such materials be reviewed at the U.S. Attorney's Office and not copied; the Government also may redact certain personal identifying information, such as social security numbers and dates of birth, to protect the privacy interests of potential witnesses.[3] This does not preclude the Defendant from requesting *in camera* review by the Court of such material, upon proper showing, in order to determine whether or not it should be disclosed in accordance with Fed. R. Crim. P. 16 or other legal authorities. Where information is withheld, a notice of the withholding, along with a general description of the type of material withheld, will be provided to Defendant's counsel. The Government also will not disclose evidence that it may elect to use for impeachment of defense witnesses or as possible rebuttal evidence.

5.    ***Defendants' Reciprocal Discovery Obligations.***    Defendant will provide following reciprocal discovery materials within fourteen calendar days of this Order: Copies of documents, tangible objects, and other materials that Defendant may offer into evidence during its case-in-chief, reports of examinations and tests, and summaries of expert witnesses, to the full extent of Fed. R. Crim. P. 16(b); and, statements of any witness Defendant intends to call at trial, including any written

---

[3] To the extent that any discovery materials in this case contain personal identifying information of any person, such as social security numbers, dates of birth, or financial account information, or any person's medical records or information, these materials will be subject to the restrictions set forth in paragraph 4.

statements or substantially verbatim, contemporaneously recorded recital of such prior statements to the full extent of Fed. R. Crim. P. 26.2(f) and 18 U.S.C. § 3500(e).

6. ***Giglio Information.*** The Government will provide potential *Giglio* information relating to witnesses reasonably anticipated to be called during its case-in-chief and will, in advance of trial, run "rap" sheets of non-law enforcement witnesses reasonably anticipated to be called as witnesses during its case-in-chief. Any potential or alleged *Giglio* information related to law enforcement witnesses must be reviewed at the U.S. Attorney's Office and must remain at all times in the Government's custody; the Government retains the right to submit such materials to the Court for *in camera* review to determine whether disclosure is required.

7. ***Grand Jury Testimony.*** The Government will provide counsel for the Defendant with access to the grand jury testimony of witnesses reasonably anticipated to be called as witnesses at trial. Any copies of grand jury testimony will be subject to the restrictions regarding law enforcement reports and witness statements, as set forth above.

8. ***Expert Witnesses***. Pursuant to Fed. R. Crim. P. 16, the parties have each requested a written summary of any expert testimony the opposing party intends to offer under Rules 702, 703, and/or 705 of the Federal Rules of Evidence during their respective cases in chief, and they are hereby ordered to provide the discovery required by Fed. R. Crim. P. 16(a)(1)(G) (from the government) and Fed. R.

5

Crim. P. 16(b)(1)(C) (from the defendant) no later than twenty-eight (28) days before trial.

9. ***Materials Obtained by Trial Subpoena (Mutual Obligation).*** Any materials obtained pursuant to trial subpoenas issued by either party will be disclosed to all parties, in full, immediately upon receipt. Neither party may require the production of documents or other evidence prior to trial pursuant to a trial subpoena without obtaining a specific Court order, with notice to all parties, in accordance with Rule 17(c) of the Federal Rules of Criminal Procedure.

10. ***Continuing Obligation.*** The parties are subject to a continuing duty of disclosure, including under Federal Rule of Criminal Procedure 16(c). The parties will promptly disclose any additional discovery materials under this Order – including Rule 16 materials, witness information, and *Brady* information – if additional materials are identified or obtained following execution of this Order or beyond the deadlines set forth herein. Any additional materials provided will be subject to the restrictions set forth in this Order. Opposing counsel will be notified when additional discovery materials are added.

11. ***Resolution of Disputes.*** The parties will attempt to resolve any disputes involving discovery and reciprocal discovery between themselves before filing any discovery-related motions (including motions for bills of particulars) with the Court.

12. ***Applicability.*** The terms and restrictions of this Order extend to other lawyers, staff, and investigators working with or on behalf of the undersigned counsel (including, but not limited to, other employees or lawyers associated with defense counsel's law practice, and any investigators retained by or acting on behalf of the Defendants, as well as employees of the U.S. Attorney's Office and Government investigators assigned to this case). If different counsel is appointed or retained to represent either Defendant, the discovery materials provided under this Order shall not be released to new counsel until new counsel files a statement with the Court acknowledging that counsel will be bound to the terms of this Order. Any violation of this Order will obligate the Defendant to immediately return any and all documents provided to the U.S. Attorney's Office.

13. ***Authority and Scope.*** The Court has the authority to enter and enforce this Order, including under the authority of Rules 16(d) and 16.1(b) of the Federal Rules of Criminal Procedure, and this Order shall be remain binding on all counsel, including any additional or new counsel that may appear on behalf of the Government or the Defendant after execution of this Order.

**IT IS SO ORDERED.**

Dated this _____ day of _____

_____
Honorable Helen C. Adams
Chief United States Magistrate Judge