

faegredrinker.com

**Nicholas A. Klinefeldt**
Partner
nick.klinefeldt@faegredrinker.com
+1 515 447 4717 direct

**Faegre Drinker Biddle & Reath** LLP
801 Grand Avenue, 33rd Floor
Des Moines, Iowa  50309
+1 515 248 9000 main
+1 515 248 9010 fax

January 29, 2023

<u>**VIA E-MAIL**</u>

Ryan Leemkuil
Mikaela Shotwell
U.S. Attorney's Office
United States Courthouse Annex
110 East Court Avenue, Suite 286
Des Moines, Iowa 50309-2053

Re:     *United States v. Bradley Eugene Wendt* - Case No. 4:22-cr-199

Dear Ryan and Mikaela:

We write to follow up on our discussions regarding privilege and discovery issues in this case in hopes of moving toward a resolution. At the outset, we note that we have not yet had adequate access to discovery materials and have not been able to review all the discovery. As such, nothing in this letter should in any way be construed as a waiver of any objections.

<u>**Privilege Issues**</u>

We have previously raised concerns regarding the access the Government has had to materials that may be protected by the attorney-client privilege and *Garrity v. New Jersey*, 385 U.S. 493 (1967).

In particular, we objected to the review of any of our client's devices or accounts as well as devices or accounts of city officials. As you know, our law firm is not the only law firm Mr. Wendt has retained in this matter. Also, it is our understanding Mr. Wendt may have spoken with other legal counsel on separate matters prior to August 31, 2022.

In addition to the attorney-client privilege, we raised the concern that anything from August 31, 2022 onward could contain *Garrity*-protected information, including Mr. Wendt's devices/accounts; city officials' devices/accounts; closed-door meetings of the Adair City Council; as well as interviews and testimony of city officials. In addition, we are looking into the manner in which Mr. Wendt was required to talk to federal agents on August 31, 2022. In sum, we are still reviewing these matters, but we raise the concern that any investigation conducted after August 31, 2022 could be tainted.

GOVERNMENT
EXHIBIT
**10**
4:22-cr-199
PENGAD 800-631-6989

Ryan Leemkuil                            - 2 -                            January 29, 2023
Mikaela Shotwell

The courts have made it clear that simply allowing the Government to conduct a privilege review of a defendant's information on its own is not acceptable. *See, e.g.*, *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159 (4th Cir. 2019) ("*In re Search Warrant*"); *In re Grand Jury Subpoenas*, 454 F.3d 511 (6th Cir. 2006). The Fourth Circuit has recognized that this is a judicial function and that allowing the Government to do it on its own leaves "the government's fox in charge of guarding the [defendant's] henhouse. *In re Search Warrant Issued June 13, 2019*, 942 F.3d at 178.

When we are provided full access to discovery, we will be able to review these matters in a more fulsome manner. However, at a minimum, privileged information could be included in the following materials: (1) any information obtained after August 31, 2022 from any source and (2) communications contained within Mr. Wendt's devices/accounts prior to August 31, 2022.

In the meantime, we request that any such materials be segregated and not reviewed or relied upon any further until we can review them and fully address these issues. In addition, we request that you let us know the process the Government went through to ensure no privileged information was accessed by it regarding the above-identified materials, including:

1. All communications with the Court;
2. The identity and positions of the individuals who have reviewed the materials;
3. What exactly did those individuals do to select out privileged information;
4. What terms were used to identify privileged information;
5. What materials were determined to contain privileged information and how was that information handled; and
6. What other devices/accounts does the Government have access to that have not been reviewed for privilege.

In addition to providing the above information about the Government's process, please send us copies of these materials so we can determine what may be privileged and what Court involvement may be necessary.

## **Discovery Issues**

We have continued to work through discovery issues and believe we should be at a point where you can provide us full access to discovery.

In our letter to you, dated January 10, 2023, we outlined our concerns about some of the language in the SDPO constituting limitations on Mr. Wendt's rights to discovery. In response, you demurred on whether the Government was relying on the SDPO as any type of discovery limitation.

Since that time, we have agreed to a protective order and Magistrate Judge Adams has entered an additional order on discovery. Specifically, Judge Adams's Order makes clear that she does not interpret the SDPO as limiting defendants' rights to discovery; in addition, Judge Adam's affirmed that agent notes should be preserved.

On our call this past week, you confirmed the Government does not believe the SDPO should be interpreted as limiting discovery in any way and that any such limitation would be unenforceable in any event. In that call, we then asked what else was in the SDPO that would be relevant to this case given that understanding and given we have the protective order provisions in place. The only thing you identified was reciprocal discovery by the defense. As mentioned on the call, the Government is already entitled to that per our Rule 16 requests. *See* Fed. R. Crim. P. 16(b)(1)(A).

DOJ policy requires broad and early disclosure of discovery materials – and, importantly, does not distinguish between copies only being produced of Rule 16 materials and not *Brady* or other materials. *See* DOJ Justice Manual, 9-5.001. In other words, DOJ policy does not authorize such a distinction and withholding of access to such information. Indeed, the wholesale failure to provide copies of discovery when a protective order is in place is contrary to both the letter and spirit of DOJ policy. *See* 9-5.001 (D)(1) (identifying "classified or otherwise sensitive national security material" as material that may require "delayed or restricted" disclosure).[1] Simply put, there is no principled basis to withhold access to discovery in a case like this, especially where a protective order is already in place.

Again, we request copies of all discovery to which Mr. Wendt is entitled pursuant to Rule 16, *Brady*, *Giglio*, Jencks, Rule 26.2, Section 3500, and any other applicable Constitutional rights, statutes, rules, or case law. *This request includes, but is not limited to, the discovery that has been made available for review only within the U.S. Attorney's Office.*

Separately, we note copies of the following materials should be produced pursuant to <u>Rule 16</u>:[2]

1.  Mr. Wendt's email accounts;
2.  Mr. Wendt's social media accounts;
3.  Extractions of Mr. Wendt's devices;
4.  All documents taken from Mr. Wendt and BW Outfitters[3], including but not limited to any firearms paperwork, ATF paperwork, law letters, financial documents, and his tax documents;
5.  All documents obtained by the Government from sources other than Mr. Wendt (*i.e.*, anything in the possession of the Government other than a law enforcement report);
6.  Any and all search warrant paperwork and materials taken during the execution of search warrants (including photos) of BW Outfitters, the Adair Police Dept., Mr. Wendt, or Mr. Williams;
7.  All purported communications between Mr. Wendt and anyone else;
8.  All bank records;

---

[1] Iowa's ethical rules require not only timely disclosure of information that "tends to negate the guilt of the accused or mitigates the offense" but only allows the withholding of such information "when the prosecutor is relieved of this responsibility by a protective order of the tribunal." Iowa R. Prof. Conduct 32:3.8.

[2] The Government was required to provide copies of these materials to Mr. Wendt by January 13, 2023.

[3] Any references to "BW Outfitters" includes both the Anita and Denison locations.

Ryan Leemkuil                           - 4 -                    January 29, 2023
Mikaela Shotwell

9.      All firearms related documents obtained from other sources;
10.     All ATF records concerning Mr. Wendt or BW Outfitters, including all of Mr.
        Wendt's and BW Outfitters's NFRTR records (not limited to current inventory)
        that we have been requesting now for over four months;
11.     All documents, recordings, and other items obtained from the City of Adair;
12.     All documents obtained from Verizon or any other carrier or service provider; and
13.     All non-privileged communications obtained from Mr. Williams regarding Mr.
        Wendt, BW Outfitters, or machine guns.

In addition, pursuant to Fed. R. Crim. P. 26.2, any prior statements, including notes, of Agent
Kohler should be produced regarding the subject matter of his affidavit that was submitted to the
Court in relation to Mr. Wendt's proceedings pursuant to 18 U.S.C. § 3142.

Lastly, under *Brady* and its progeny, we are specifically requesting (1) all grand jury transcripts;
(2) all grand jury exhibits; (3) all investigative and interview reports by law enforcement; (4) all
notes regarding interviews[4]; (5) the recordings of any interviews; and (6) any ATF records
inconsistent in any way with the assertion by the Government that Mr. Wendt and/or BW
Outfitters made material misrepresentations to it in connection with the purchase or
demonstration of machine guns. Given the nature of this matter and the disputes that have
already been demonstrated over what was approved, the potential exculpatory nature of these
materials is clear. But we note that it is not the defense's burden or obligation to demonstrate the
exculpatory nature of materials prior to trial.

We request that you please confirm your compliance with our requests, let us know us know the
answers to our questions, and provide access to the discovery by **Wednesday, February 1,
2023**.

Thank you in advance for your cooperation.

Very truly yours,

Nicholas A. Klinefeldt

 NAK/pao
cc:  Dean Stowers

---

[4] We also request that any and all law enforcement agent notes and substantive case related communications be
preserved. To the extent they have not been preserved, we request that you inform us of the efforts to preserve those
documents and what was not preserved. We believe this is especially important in this case given the disputes that
have already arisen and Judge Adams's order on this subject.