IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY EUGENE WENDT,<br><br>Defendant. | No. 4:22-cr-00199-SHL-HCA-1<br><br>ORDER ON APPEAL OF PRETRIAL RELEASE CONDITION REGARDING WITNESS CONTACT AND MOTION TO UNSEAL |

**I.     Background.**

Defendant Bradley Eugene Wendt is charged in a twenty-count Indictment with alleged criminal offenses arising out of the acquisition, sale, possession, and use of machine guns. (ECF 2.) Chief Magistrate Judge Helen Adams released Wendt pending trial on conditions pursuant to 18 U.S.C. § 3142(c). (ECF 19.) The undersigned previously denied Wendt's appeal of one of those conditions, Condition 5(j), which prohibits Wendt from possessing a firearm, ammunition, destructive device, or other dangerous weapon. (ECF 36.) Wendt is, however, permitted to possess firearms while on duty for scheduled shifts for the City of Adair. (ECF 44.)

Wendt also appeals a separate condition of release, Condition 5(g), requiring him to "avoid all contact, directly or indirectly, with any persons who are or may become a victim or potential witness in the subject investigation or prosecution." (ECF 19, p. 2.) The conditions of release permit him to have contact with his co-defendant provided counsel for both parties are present. (Id.) The undersigned also has already modified Condition 5(g) to allow Wendt to "communicate with employees of BW Outfitters and to allow him to communicate during an official meeting on January 11, 2023, with the City of Adair City Council, City Attorney, and Mayor." (ECF 36, p. 20.) Wendt seeks to have Condition 5(g) modified further so that the only restriction is that he cannot communicate with anyone "(a) he knows to be a witness (b) about the case with the exception that he [remain] allowed to have contact with his Co-Defendant provided counsel for each is also present." (ECF 53, p. 6.) In other words, under Wendt's proposal, he could talk to anyone except his co-defendant about anything, including the case, provided he does not "know[]"

1

them to be a witness, and he could talk to known witnesses (other than his co-defendant) about anything other than the case.

The Government agrees that Condition 5(g) should be modified to allow Wendt to communicate with current City Council members and City officials to the extent necessary to carry out his official duties as Police Chief, provided that such contact "shall not relate in any way to the subject matter of this case." (ECF 46, pp. 5–6.) The Government urges the Court, however, to continue to restrict Wendt from having any contact, "directly or indirectly, with any Federal Firearms Licensee ("FFL"), police officer, or other individual that participated in any transfer or attempted transfer of machine guns to or from BW Outfitters, the City of Adair, the Adair Police Department, Williams Contracting LLC, the Logan, Iowa Police Department, or any other FFL." (Id., p. 6.) Otherwise, the Government appears not to resist the modification of Condition 5(g) to permit Wendt to communicate with potential or known witnesses provided they do not discuss the case. (Alternatively, it may be that the Government is simply not aware of any other witnesses besides the ones identified above and the federal agents who have investigated the case.) The Government also asks the Court to unseal most of Wendt's Response (ECF 53) to the Government's Surreply regarding Condition 5(g).

## II.     The Court Grants in Part and Denies in Part Wendt's Appeal of Condition 5(g).

Both sides have submitted filings—parts of which are under seal—supporting their respective positions. After carefully reviewing those filings, as well as the factors set forth in 18 U.S.C. § 3142(g), the Court concludes that Condition 5(g), with the modifications agreed to by the Government, is appropriate to reasonably assure the safety of any other person or the community. The Court therefore will grant in part and deny in part Wendt's appeal.

The Court reaches this conclusion for several reasons. <u>First</u>, although Condition 5(g), as modified, limits Wendt's First Amendment right to freedom of association to a limited degree, it is not a "sweeping restriction" of that right. Wendt retains the ability to associate with almost anyone he wants; the only limitation is on communications with certain witnesses and potential witnesses. Condition 5(g), as modified, therefore does not warrant the type of heightened scrutiny this Court has applied in other cases. *Contra United States v. Martinez*, 4:21-cr-00107-SMR-HCA, 2021 WL 4169789, at \*2 (S.D. Iowa Sept. 13, 2021) (proposed restriction would have prohibited married couple from speaking to one another despite constitutional right to marriage); *contra cf.*

*United States v. Hobbs*, 845 F.3d 365, 368 (8th Cir. 2016) (applying heightened scrutiny to "sweeping restriction" on constitutional right to marriage).

Second, when Congress enacted 18 U.S.C. § 3142(g), it specifically included, as an example of a condition of pretrial release for courts to consider, a requirement that the defendant "avoid all contact with an alleged victim of the crime and with a potential witness who may testify concerning the offense." *Id.* at § 3142(c)(1)(B)(v). While this does not mean a restriction on witness contact should be applied in every case, it does clearly demonstrate Congress's concern about the risk of witness intimidation or tampering that can arise when defendants are awaiting trial, as well as other forms of potential interference with the integrity of the criminal justice system. *See, e.g.*, *United States v. LaFontaine*, 210 F.3d 125, 134–35 (2d Cir. 2000) (discussing the "harm to the integrity of the trial" that arises when defendants attempt to influence witness testimony, even through non-violent means). The Court must give weight to this Congressional guidance.

Third, and relatedly, the Government's evidence shows that Wendt communicated with at least one material witness by telephone for more than ten minutes on the day the witness testified in the grand jury. It does not appear that Wendt routinely spoke to this person by telephone, and thus the fact and timing of the call makes it almost certain that they discussed the investigation and, presumably, the witness's testimony. This is not *per se* improper, and the parties have submitted competing evidence about whether this communication—among others—involved Wendt trying to influence testimony. The Court will not try to resolve that dispute once and for all, which would require the Court to make credibility determinations based solely on written materials. The Court does, however, note that Wendt provided sworn testimony in a relatively recent case regarding his firearms business that Iowa courts found "less than forthright." *See Wendt v. Peterson*, No. 20-0060, 2020 WL 4814153, at *3 (Iowa Ct. App. Aug. 19, 2020). This raises the specter that he would attempt to corruptly influence testimony or otherwise impair the integrity of the judicial process. *See United States v. Jones*, No. CR. 10-50015-01, 2010 WL 4024927, at *3 (D.S.D. Oct. 13, 2010) (refusing to relax restriction on contact with witnesses because "unmonitored contact with witnesses, even those with whom [the defendant] considers to be favorable to him, may result in additional pecuniary harm or subversion of the judicial process"); *see also United States v. Richardson*, No. 2:11-CR-220, 2011 WL 5026456, at *6 (S.D. Ohio Oct. 21, 2011) (ordering pretrial detention in large part because of the defendant's contact with

3

witnesses, even though the contact was non-violent and non-threatening). This conclusion is reinforced by the nature of the allegations against Wendt in the Indictment, which accuses him of having made false statements to government officials. *See* 18 U.S.C. § 3142(g)(1) (directing courts to consider "the nature and circumstances of the offense charged" when determining appropriate conditions of release). Against this backdrop, the mere fact that Wendt communicated with a material witness on the day of the witness's grand jury testimony (without regard to whether the communications rose to the level of witness tampering) is enough to make Condition 5(g), as modified, reasonably necessary to protect against potential tampering and ensure the integrity of the judicial process. *See Jones*, 2010 WL 4024927, at *3 ("The concept of public safety is given a broader construction than mere physical violence . . . ."); *United States v. Wendt*, --- F. Supp. 3d -----, 2023 WL 166461, at *7 (S.D. Iowa Jan. 11, 2023) ("The desire [in 18 U.S.C. § 3142] for a reasonable level of 'certainty' as to the safety of others shows Congress does not want judges to be hesitant in imposing conditions that are likely to help ensure the protection of the community.");

      <u>Fourth</u>, the modifications to Condition 5(g) will allow Wendt to communicate with City officials about his duties as Police Chief so long as he does not discuss the case with them. He therefore is not being denied the opportunity to earn a livelihood while on release. Beyond these modifications, the Court is unaware of any legitimate reason why Wendt would need to communicate with potential witnesses—or, perhaps more precisely, why any such legitimate reason would outweigh Congress's concern about witness tampering, witness intimidation, and other threats to the integrity of the judicial process. Federal law forbids Wendt, for example, from shipping, transporting, or receiving a firearm in interstate or foreign commerce while under indictment. *See* 18 U.S.C. § 922(n). The Court therefore cannot see any business-related reason why Wendt would need to communicate with persons who "participated in any transfer or attempted transfer of machine guns" as alleged in the Indictment. (ECF 46, p. 6.) The Court also is not aware of any reason why Wendt would need to communicate with former Adair City Council members or City officials; presumably, as Police Chief, he is accountable only to <u>current</u> City Council members and City officials. The Government therefore has proven that Condition 5(g), as modified, strikes an appropriate balance between Wendt's interest in not being subjected to overly restrictive conditions of pretrial release and the Government's interest in protecting the safety of the community and integrity of the judicial process. *See Jones*, 2010 WL 4024927, at *3.

The Government acknowledges, and it bears repeating, that nothing in Condition 5(g) prohibits Wendt's counsel (or any investigators assisting counsel) from communicating with witnesses or potential witnesses as part of the investigation and defense of the case. There are strong Sixth Amendment reasons why such contact is permissible. *See Kansas v. Ventris,* 556 U.S. 586, 590 (2009) ("The core of [the Sixth Amendment] right has historically been, and remains today, 'the opportunity for a defendant to consult with an attorney and to have him investigate the case and prepare a defense for trial.'") (quoting *Michigan v. Harvey,* 494 U.S. 344, 348 (1990)). The fact that these communications are permitted further demonstrates why Condition 5(g), as modified, reasonably assures the safety of the community and integrity of the judicial process without unduly interfering with Wendt's rights. *See Jones*, 2010 WL 4024927, at *2.

For these reasons, the Court GRANTS IN PART and DENIES IN PART Wendt's appeal of Condition 5(g). Condition 5(g) shall be modified as follows:

> Wendt shall not have any contact, directly or indirectly, with: (a) any former City of Adair City Council member(s) or City official(s); or (b) any Federal Firearms Licensee ("FFL"), police officer, or other individual that participated in any transfer or attempted transfer of machine guns to or from BW Outfitters, the City of Adair, the Adair Police Department, Williams Contracting LLC, the Logan, Iowa Police Department, or any other FFL. Wendt may communicate with current City Council members and/or City officials to the extent necessary to carry out his duties as Police Chief, provided that such communications shall not under any circumstance involve this case. Wendt remains prohibited from communicating with his co-defendant, Robert Allen Williams, except in the presence of counsel for both of them.

**III.   The Court Grants in Part and Denies in Part the Government's Motion to Unseal.**

The Court permitted Wendt to file under seal his Response (ECF 53) to the Government's Surreply regarding Condition 5(g), "subject to further review by the District Judge once the response is filed." (ECF 55.) The parties dispute whether Wendt's Response should remain under seal.

The United States Supreme Court has held that the "qualified First Amendment right of access to criminal proceedings applies to preliminary hearings . . . ." *Press-Enter. Co. v. Superior Ct. of California for Riverside Cnty.*, 478 U.S. 1, 13 (1986). Public access to such pretrial proceedings "is essential to the proper functioning of the criminal justice system." *Id.* at 12. Pretrial proceedings "cannot be closed unless specific, on the record findings are made demonstrating that 'closure is essential to preserve higher values and is narrowly tailored to serve that interest.'" *Id.*

5

at 13–14 (quoting *Press-Enter. Co. v. Superior Ct.*, 464 U.S. 501, 510 (1984)). A compelling interest in secrecy may be present if there is an ongoing criminal investigation that would be compromised if sealed documents were released. *See In re Search Warrant for Secretarial Area Outside Off. of Gunn*, 855 F.2d 569, 574 (8th Cir. 1988). The right of access also can be limited in favor of the privacy rights of the targets of a non-public investigation, as "[d]isclosure could seriously damage their reputations and careers [and] would place those individuals in essentially the same precarious position as unindicted co-conspirators." *Certain Interested Individuals, John Does I-IV, Who Are Emps. of McDonnell Douglas Corp. v. Pulitzer Pub. Co.*, 895 F.2d 460, 467 (8th Cir. 1990).

There are two portions of Wendt's Response for which the interest in secrecy is sufficiently compelling to override the qualified right of access: (i) the section entitled "**Attempt to Influence Witnesses**" that begins in the middle of page 2 and ends in the middle of page 3 (i.e., immediately before the heading, "**2. Lack of Candor**"); and (ii) the entire attachment. These sections/materials discuss an ongoing investigation and identify one or more potential targets of that investigation. *Office of Gunn* and *Pulitzer* therefore justify keeping those portions of the Response under seal. In all other respects, Wendt's Response should be unsealed. The Court therefore GRANTS IN PART and DENIES IN PART the Government's Motion to Unseal.

Within seven days of this Order, Wendt must file a revised version of ECF 53 that redacts the section identified above starting in the middle of page 2 and ending in approximately the middle of page 3. Because the entire attachment is properly sealed, Wendt need not re-file that document.

## IV.   Conclusion.

The Court **GRANTS IN PART and DENIES IN PART** Wendt's appeal of Condition 5(g) (ECF 28). The Court **GRANTS IN PART and DENIES IN PART** the Government's Motion to Unseal (ECF 59).

**IT IS SO ORDERED.**

Dated: February 6, 2023

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE