IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRADLEY EUGENE WENDT,<br><br>    Defendant. | Case No: 4:22-cr-199<br><br>**DEFENDANT WENDT'S RESISTANCE TO GOVERNMENT'S MOTION FOR *IN CAMERA* REVIEW OF ADAIR CITY COUNCIL MEETING RECORDINGS** |

**I.   INTRODUCTION**

Defendant Bradley Eugene Wendt ("Wendt") submits this resistance to the Government's Motion for *In Camera* Review of Adair City Council Meeting Recordings. Specifically, the Government states that it has "obtained audio recordings of two closed session meetings of the Adair City Council." These audio recordings are of closed session portions of the Adair City Council meetings discussing Wendt's employment that occurred on September 14, 2022 (**Exhibit 5**) and October 26, 2022 (**Exhibit 6**). For following reasons, the Court should deny the Government's motion.

**II.   BACKGROUND**

On August 31, 2022, the Government deployed dozens of agents to execute several search warrants and conduct numerous interviews. This included search warrants executed at both of Wendt's BW Outfitter's stores, his house, and even the Adair Police Department. The Government also interviewed Wendt along with multiple other people. The public launch of the Government's investigation garnered local and even national media attention. As one can imagine, this was a very significant event for the small town of Adair. As expected, the Adair City Council took immediate action. On August 31st, the Adair City Council put Wendt on paid

1

administrative leave. City Council members also started asking him questions. The Adair City Council proceeded through a process, governed by the Iowa Law Enforcement Officers Bill of Rights, Iowa Code Chapter 80F.1. Since that time, the Adair City Council has continued to ask questions of Wendt and Wendt has continued to answer them and cooperate fully with the City Council. This has resulted in Wendt's reinstatement as Police Chief. However, throughout this timeframe, the Government has continued to use the information it has obtained in violation of *Garrity* as well as obtained more information protected by *Garrity*. Wendt will provide a full timeline and record of events when he files his motion to suppress.

## III.     ARGUMENT

The Government is seeking an advisory ruling on suppression – and doing so without a complete record and without providing Wendt the opportunity to review the discovery and supplement the record. The purpose of an *in camera* review by a court is to determine whether materials should be disclosed to a party. *See, e.g., United States v. Zolin*, 491 U.S. 554, 564-70 (1989) (holding that in camera review is appropriate to determine whether materials are privileged and thus not subject to disclosure to a party). The purpose of a motion to suppress, on the other hand, is to determine whether evidence was obtained in violation of a defendant's constitutional rights and should be excluded from the Government's case at trial. *See* 2 Orfield Criminal Procedure Under the Federal Rules § 12:101. What the Government is really requesting here is an advisory opinion on what will happen if Wendt files a motion to suppress. *See Flast v. Cohen*, 392 U.S. 83, 96 n.14 (1968) ("The rule against advisory opinions was established as early as 1793.") As such, the Government's motion is both premature and advisory in nature.

First and foremost, the Government has already accessed and analyzed the recordings. Specifically, the Government admits that the prosecution team has already reviewed the

recordings. Govt's Brief, Dkt. 74, at 3 ("After receiving these recordings, the prosecution team reviewed them.") It also states that Special Agent Kohler has prepared a report documenting his review of the recordings and their contents, though it does not provide it to the Court. *Id*. at 4. In addition, the Government admits that it has asked about the contents of the closed session meetings in at least one interview. However, the Government redacts those portions of the report. *Id*. at 3, Ex. 4.

By doing this, the Government violated any sort of proper procedure for a *Garrity* review. In situations where an officer of the government is compelled to testify over his or her Constitutional right not to do so, "a critical function of the government is to engage in a long established standard practice to insure that no immunized statement of a subject officer is used against that officer in a federal criminal prosecution." *United States v. Bowen*, 969 F. Supp. 2d 546, 583, 585 (E.D. La. 2013) (granting a motion for a new trial after an experienced attorney was selected as the taint team leader and due to a "mistake" turned over *Garrity* protected information to the trial team). That function is of such "grave importance" that the "Criminal Section of the DOJ's Civil Rights Division is charged with insuring the protection of those officers' rights under *Garrity* and *Kastigar*." *Id.* at 583. At a minimum, the responsibility of protecting such testimony is *supposed* to fall to a "taint team" or "filter team." *Id*. However, the Government did not even have a taint team, let alone the Court, review these materials before it reviewed them and used them against Wendt. This is especially brazen given the long-established protections afforded by *Garrity v. New Jersey*, 385 U.S. 493 (1967). In addition, what the Government did here was a clear violation of the Iowa Law Enforcement Officers Bill of Rights, Iowa Code Chapter 80F.1.

Second, Wendt has already been given copies of the recordings. The Government has now provided Wendt copies of **Exhibits 5 & 6**. Further, there is no reason why Wendt should not have access to these recordings. In fact, the Government violated Rule 16 in failing to provide these recordings to Wendt until over two weeks after the Rule 16 deadline and not until it filed its motion. These recordings clearly fall under Rule 16, and the Government states that it received them in response to a grand jury subpoena in November 2022. The deadline for providing Rule 16 discovery was January 13, 2023. By that time, Wendt had made clear that he wanted copies of all materials covered by Rule 16. However, the Government did not provide them to Wendt until January 31, 2023.

Third, the Government's motion makes clear that the nature of its request is advisory. The Government states: "Out of an abundance of caution, the government seeks the Court's ruling on this issue, which Wendt is likely to raise regarding other evidence obtained in this case." Govt's Brief, Dkt. 74, at 1. The Government then states: "Wendt's counsel has suggested that the government's use of Wendt's statements during these meetings may be barred by *Garrity*. . . ." Govt's Brief, Dkt. 74, at 1. Later, the Government attempts to justify its request by stating that "Wendt will presumably argue that his statements to the Council on August 31 are also protected by *Garrity*." *Id*. at 2, n.1. And it acknowledges that Wendt warned the Government about the *Garrity* problem as soon as the Government disclosed that it had obtained the recordings. *Id*. at 4, n.3. However, the Government complains that it needs Wendt's help or the Court's help to unravel the problem it has created. *Id*. But until Wend files a motion to suppress, it is the Government's obligation to mitigate the problem now that it has created it.

Fourth, the Government has not provided a proper record. The Government asserts that it has only obtained recordings of two sessions. *Id*. at 1, 3. It states that it does not have recordings

4

of the first meeting, August 31, 2022, or the meetings that occurred after October 26, 2022. *Id*. Yet the Government concedes that that what happened beginning on August 31, 2022 is important to the record. *Id*. at 2. Wendt is in the process of obtaining and reviewing materials and will be the only one in a position to provide this record to the Court. Wendt submits that it will be important for the Court to understand what happened from August 31, 2022 onward to be able to determine the full scope of the *Garrity* protections.

Fifth, Wendt has not had reasonable access to discovery to be able to put forth the remainder of the record for the Court. Perhaps the biggest problem is that the Government continues to restrict Wendt's access to discovery. Wendt will be addressing this problem in subsequent filings. However, this evidence will include the communications between Wendt and Adair city officials (including City Council members, the Mayor, and City Attorney), interviews by the Government of those city officials, and grand jury transcripts of those individuals. Not only may these materials inform the Court's analysis (which the Government concedes by way of its references to law enforcement reports) but they may be subject to *Garrity* as well.

In sum, the Government's request for the Court to determine the scope of Garrity protections in this case is both premature and advisory. The Government is not seeking the Court's decision as to whether the recordings should be disclosed to the defense – Wendt already has access to them. Nor is the Government is not seeking the Court's permission for the Government to access the materials – is has already done so. To the extent, they want to know how to mitigate the problem by avoiding further access to or use of the recordings or other related materials that is not a proper subject for a motion. These two recordings that are the subject of the Government's motion will not be the only materials that will be subject to a motion to suppress based on *Garrity*. The only way this issue is properly before the Court at this

stage of the case is by way of a motion to suppress from Wendt – which we will be filing as soon as we can get access to and review the discovery.

## IV. CONCLUSION

In conclusion, the Court should deny the Government's motion to conduct an *in camera* review of **Exhibits 5 & 6** as premature and advisory. In the alternative, Wendt requests that this motion be stayed until he can obtain reasonable access to discovery and properly put forth a complete record before the Court.

Dated: February 8, 2023

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nick Klinefeldt*
Nicholas A. Klinefeldt, AT0008771
Rachel A. Yaggi, AT0014994
801 Grand Avenue, 33rd Floor
Des Moines, IA, 50309
Telephone: (515) 248-9000
Fax: (515) 248-9010
Email: *Nick.Klinefeldt@Faegredrinker.com*
*Rachel.yaggi@faegredrinker.com*

***ATTORNEY FOR DEFENDANT WENDT***

## CERTIFICATE OF SERVICE

I hereby certify that on this 8th day of February, 2023, I electronically filed the foregoing document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

*/s/ Paulette Ohnemus*

US.355651385.01