IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 4:22-cr-199 |
| Plaintiff, | |
| vs. | **DEFENDANT'S RESPONSE TO GOVERNMENT'S SURREPLY REGARDING WITNESS CONTACT CONDITION OF PRETRIAL RELEASE** |
| BRADLEY EUGENE WENDT, | |
| Defendant. | ***FILED UNDER SEAL*** |

Defendant Bradley Eugene Wendt ("Wendt") hereby provides the following response to the Government's Surreply Regarding Witness Contact Condition of Pretrial Release. Specifically, Wendt seeks to modify Pretrial Release Condition 5(g) which currently directs Wendt to:

> Avoid all contact, directly or indirectly, with any persons who are or who may become a victim or potential witness in the subject investigation or prosecution, including but not limited to: co-defendant. Defendant may be in the presence of his co-defendant provided that counsel for each defendant is also present.

Order Setting Conditions of Release 5(g). The Court has previously clarified that this restriction does not apply to counsel or investigators, and modified it as follows: "(a) Defendant Wendt may communicate with the City Council, Mayor, and Adair City Attorney during the scheduled official meeting on January 11, 2023; (b) Defendant Wendt may communicate with employees of BW Outfitters."

<u>**The Government's Position**</u>

The Government concedes that Pretrial Release Condition 5(g) needs to be modified and proposes the following:

1

- Wendt should have no contact, directly or indirectly, with any current or former members of the Adair City Council, the current or former mayors of Adair, the City Attorney, or any other City official other than during an official City meeting (e.g., a City Council meeting). The sole exception to this condition should be that Wendt may communicate with current City Council members and City officials to the extent necessary to carry out his official duties as Police Chief. Any such contact, however, shall not relate in any way to the subject matter of this case.

- Wendt should have not contact, directly or indirectly, with any Federal Firearms Licensee ("FFL"), police officer, or other individual that participated in any transfer or attempted transfer of machine guns to or from BW Outfitters, the City of Adair, the Adair Police Department, Williams Contracting LLC, the Logan, Iowa Police Department, or any other FFL.

- As previously agreed by Wendt, he should continue to have no contact with codefendant Robert Williams unless counsel for both is present.

Govt's Response, at 5-6, Dkt. #46. With regard to the second exception, the Government states that if there is any question about who is included in this prohibition the burden should be on Wendt to review the discovery (currently only provided at the U.S. Attorney's Office) and then get his Probation Officer's approval. However, the Government continues to make false and unsubstantiated allegations regarding Wendt in support of its positions in this case.

**Response to Government's Allegations**

The standard release condition that applies to all defendants who are released is that they do not commit a crime, which includes not tampering with witnesses (18 U.S.C. § 1512) and suborning perjury (18 U.S.C. § 1621). 18 U.S.C. § 3142(b). To impose a restriction beyond that, the Court must determine that additional conditions are necessary specifically to either (1) assure the appearance of the defendant; or (2) assure the safety of any other person and the community. 18 U.S.C. § 3142(c). The Court must then only impose the "least restrictive" conditions necessary. *Id.*

2

There have been several issues raised in this case with respect to the pretrial release conditions concerning Wendt. These issues include the Government's false and unsubstantiated allegations against Wendt. Here below are Wendt's response to those issues:

1. **Agreement to Restrictions** – The Court noted that the defense agreed to the witness restrictions with respect to Wendt. However, there appears to be some confusion. As set forth in Co-Defendant Williams's unopposed motion to modify the witness restriction with respect to all conditions except for attorney-supervised contact with his Co-Defendant, that is not what counsel agreed to here. Counsel only recalls this issue coming up with respect to limitations on contact with his co-Defendant. Further, like with Co-Defendant Williams, this was not a restriction recommended by Probation. Instead, it appears to have only come up and then discussed in the context of contact with his Co-Defendant after the Court had addressed Wendt and was addressing Co-Defendant Williams.

2. ███████████████████████████████████████

███████████████████████████████████████████

█████████████████████████████████████████████

███████████████████████████████████████████

███████████████████████████████████████████

████████████████████████████████████████

███████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████

   █████████████████████████████████████████

████████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

██████████████████████████████████████████

████████████████████████████████████████

██████████████████████████████████

      2.    **Lack of Candor** – The Government continues to accuse Wendt of a lack of candor. In support of this accusation, the Government cites three instances: (a) failure to provide financial information to the Probation Office; (b) failure to disclose the number of firearms at his home; and (c) a determination by an Iowa court that Wendt was "less than forthright" about his earnings and assets in a child support matter.

      First, the decision not to provide financial information to the Probation Office was made by counsel. Specifically, during the call with Probation counsel instructed Wendt not to answer that question because the Government's allegations in this case involve claims of financial gain, and the Government gets a copy of the report. Also, that issue only goes to risk of flight which clearly Wendt is not in this case. Further, as noted by Probation at the time, an answer was not required. Most importantly, that information is protected by the Fifth Amendment and a refusal to respond as counsel's direction should not be held against him or commented on by the Government.

Second, likewise, the response to the Court's question about firearms was answered by counsel, on the spot, and without time to confer with his client. Further, that information is also protected by his Fifth Amendment rights.

Lastly, the issue of Wendt's earnings and assets with respect to his company would also appear to be, at least in part, a function of advice by an attorney or accountant and/or a failure to be able to internalize and articulate a response based on that advice. In any event, without more, we would request that not be held against him.

3. **Proffer of Evidence Without Providing Discovery** – Further, the Government continues to proffer evidence without providing Wendt or his counsel the discovery in this case. Only a portion of Rule 16 was provided to counsel via the Government's cloud-based system on the deadline for its production. Defense counsel was told that the remainder of the discovery to which the Government will provide counsel access must be viewed at the U.S. Attorney's Office. This was last Friday, and the U.S. Attorney's Office has been closed until today. Counsel will continue to attempt to resolve this issue but, in the meantime, objects to the proffer of any evidence by the Government. In particular, counsel notes that Fed. R. Crim. P. 26.2 applies to these proceedings and requires all prior statements of the declarant to be provided to counsel. Further, that is true even if the statement is submitted as hearsay Fed. R. Evid. 806. Failure to provide this discovery with adequate time to respond should result in the exclusion or failure to consider that statement. As such, the affidavit submitted in support of the Government's surreply should not be considered by this Court.

4. **Potential *Garrity* Violations** – At the hearing in this matter, the Government accused Wendt of lying to the Mayor about making money on the sale of machine guns.

5

However, what Wendt remembers the Mayor asking him is whether he made money from machine gun shoots whereby people would pay to use the machine guns at a public event. The answer to that was no because they only charged for the cost of ammunition. Counsel has not been able to review those recordings. To that point, these closed meetings that the Government asserts it has acquired and reviewed recordings of, would appear to be protected by *Garrity v. New Jersey*, 385 U.S. 493 (1967). Again, counsel for Wendt will be reviewing this issue and will address it with the Court if necessary. In the meantime, these allegations should not be considered by the Court.

5. **Reinstatement as Adair Police Chief** – Wendt has been reinstated as Adair Police Chief. As such, he is the community's choice to protect it. As part of his duties, he needs to be able to communicate with city officials as well as members of the community. In addition, when he is on duty he will likely be the only police officer available. Further, the City should have the right to ask Wendt any questions it wishes with respect to his job.

6. **Vagueness** – Lastly, the Government still has yet to identify specifically who Wendt should not be able to talk to other than his Co-Defendant. It has not provided a list of proposed witnesses to avoid, nor has it identified an alleged victim. It cannot be enforceable to simply tell Wendt to speculate as to who might be a witness. As such, the only restriction that should apply is that Wendt not talk to witnesses who have been specifically identified by the Government about the case.

<u>**Proposed Modifications to Pretrial Release Condition 5(g)**</u>

Accordingly, Wendt respectfully requests that Pretrial Release Condition 5(g) be modified by eliminating the blanket restriction and replacing it with a restriction that Wendt not have contact with anyone (a) he knows to be a witness (b) about the case – with the

6

exception that he be allowed to have contact with his C-Defendant provided counsel for each is also present.

Dated: January 17, 2023
**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nick Klinefeldt*
Nicholas A. Klinefeldt, AT0008771
Rachel A. Yaggi, AT0014994
801 Grand Avenue, 33rd Floor
Des Moines, IA, 50309
Telephone: (515) 248-9000
Fax: (515) 248-9010
Email: *Nick.Klinefeldt@Faegredrinker.com*
*Rachel.yaggi@faegredrinker.com*

***ATTORNEY FOR DEFENDANT WENDT***

## CERTIFICATE OF SERVICE

I hereby certify that on this 17th day of January, 2023, I electronically filed the foregoing document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

*/s/ Paulette Ohnemus*

US.355160580.01

# DKT 53-1
# Attachment Redacted