IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | Criminal No. 4:22-cr-199 |
| v. ) | |
| ) | GOVERNMENT'S CONSOLIDATED |
| BRADLEY EUGENE WENDT, and ) | REPLY TO DEFENDANTS' |
| ROBERT ALLEN WILLIAMS, ) | RESISTANCES TO MOTION FOR |
| ) | DISCOVERY ORDER |
| Defendants. ) | |

**Status of Discovery**

Despite Defendants' repeated assertions to the contrary, the government has complied with its Rule 16 obligations. On January 13, 2023, the government made all discovery in this case available for inspection at the U.S. Attorney's Office. The government told Defendants that it would provide copies of Rule 16 materials on request. Over the next several weeks, Defendants made various requests (sometimes specific, often broad) for materials they believed to be covered by Rule 16, and the government provided copies of those materials after a good faith effort to discern which materials were being requested. At the time of Defendants' responses to this motion, each Defendant had received copies of these Rule 16 materials. However, neither Defendant acknowledges that he has received copies of these materials, which in fact include most of the discovery in this case.

To date, the only categories of discovery for which Defendants have not received copies are: (1) electronic devices or accounts that have not undergone a privilege review;[1] (2) investigative reports; (3) witness statements; and (4) grand jury

---

[1] The government will provide copies of device extractions and email returns once the privilege review has been completed.

1

transcripts. Although Defendants have not been provided copies of these materials, they have been available for review at the U.S. Attorney's Office since January 13.

So, this is a motion and requested order that governs the conditions under which the government will provide *copies* of materials beyond those required by Rule 16. The government asks the Court to enter the proposed discovery and protective order to: (1) supplement the previously entered protective orders that only contemplated Rule 16 materials; and (2) establish reasonable discovery procedures and obligations given the government's willingness and desire to provide copies of all discovery materials far beyond that required by law.

## **Defendants' Problems with Proposed Order**

Wendt and Williams each filed responses, detailing their respective problems with the proposed discovery order.[2] These objections generally boil down to (1) quibbles with the language of the proposed order, and (2) concerns that the proposed order somehow eliminates the government's obligations under substantive discovery law. The government addresses these concerns as necessary below.[3]

1. *Government's Rule 16(a) Discovery and Other Physical Evidence.*

Wendt provides six concerns with this paragraph of the proposed order, which won't be recited here. On balance, these criticisms are simply opinions that at this stage of discovery, further Rule 16 direction is unnecessary. While contending

---

[2] On more than one occasion, Wendt conflates the government's proposed discovery order in this case with the district's standard stipulated discovery order. Although the government's proposed discovery order contains many of the same provisions as the district's standard stipulated discovery order, the government has modified and limited the order to reflect the particular needs of this case.

[3] Williams repeatedly speaks to the U.S. Attorney's Office's "practice" based on unspecified experience or prior cases. The government confines its response to the circumstances of this case and not Williams' perception of how these matters have been historically handled.

Rule 16 "speaks for itself," Wendt then suggests the Court adopt a "modern interpretation" of Rule 16, which would require the government to automatically provide electronic copies of Rule 16 materials. Dkt. 82 at 5-6. Moreover, Wendt's view that this paragraph limits the right to view Rule 16(a) materials to "Defendant's counsel" as opposed to the "defendant" is incorrect. Paragraph 3 of the order clearly contemplates a defendant's right to view the materials. Should the Court find it unnecessary to further instruct on Rule 16, it can strike this paragraph.

2. *Government's Witness Statements/Information and Brady Material.*

Wendt claims this paragraph is unconstitutional. To state the obvious: nothing in the government's proposed order should be viewed as altering its obligations under *Brady*, *Giglio*, or substantive discovery law. The Court has made it clear that it does not interpret this paragraph to do so. Dkt. 62 at 2-3. Of course, the government is obligated under *Brady* and its progeny to *disclose* exculpatory materials. But this paragraph contemplates the government's provision of *copies* of those materials. This underscores a common theme among Wendt's response: confusing the government's obligation to disclose materials with the government's (very limited) obligation to provide copies of materials. Save for the dictates of Rule 16 and *Jencks*, the government's discovery obligations are met with disclosure of materials, not copies of those materials. *Cf. United States v. Almendares*, 397 F.3d 653, 664 (8th Cir. 2005) (explaining that "*Brady* does not require pretrial disclosure"); *United States v. Wooten*, 377 F.3d 1134, 1142 (10th Cir. 2004) ("*Brady* does not require the prosecution to disclose information in a specific form or manner.").

As part of this contention, Wendt points to "paragraph 10" which he says "appears to carve out grand jury transcripts for productions ten days before trial . . . even if they happen to be *Brady* materials." Dkt. 82 at 7. Here, Wendt refers to a provision nowhere in the government's proposed discovery order, again conflating it with the district's standard discovery order. The government disclosed all grand jury transcripts on January 13. To the extent those grand jury transcripts contain *Brady* material, Wendt has had access to them from the first discovery production. Again, the proposed discovery order governs the terms under which the government would provide Defendants *copies* of these transcripts.

3. ***Restrictions on Use and Disclosure.***

Wendt and Williams object to inclusion of this paragraph as duplicative of the protective orders already entered in this case. Those stipulated protective orders were entered with respect to copies of Rule 16 materials and specified as much. *See* Dkts. 65, 69. The government simply requests inclusion of this paragraph to make it clear that copies of all discovery provided in this case – be it from Rule 16 disclosures or otherwise – is subject to the same protection.[4]

4. ***Redacted or Withheld Information.***

The proposed order strikes a reasonable balance between the government's provision of copies of materials beyond those required by law and its interest in protecting sensitive information or ongoing investigations. The proposed order

---

[4] Contrary to Williams' assertion, the proposed order does not alter Williams' ability to possess copies of certain discovery materials. The proposed order only precludes Williams' possession of enumerated discovery materials, which do not include copies of his phone, email, or social media.

indicates that if information is being withheld, the government will notify Defendants of the basis for that withholding. Nothing in the proposed order prevents Defendants from seeking *in camera* review of these materials. The limitation to review *Giglio* materials related to law enforcement witnesses in office strikes this same balance (*see* proposed order paragraph 6).

### 5. *Wendt's Remaining Objections.*

The government will not respond individually to Wendt's remaining objections, which largely regurgitate his concerns that the proposed order is unconstitutional or duplicative of other substantive discovery rules. However, there are a few points worth clarifying. First, the Court is required to ender an order setting deadlines for expert witness disclosures. Fed. R. Crim. P. 16(a)(1)(G)(ii). The government proposed a reasonable deadline, which has been implemented in this district. However, the government has no objection to the Court entertaining a request for earlier or staggered deadlines, depending on the nature of the expert witness. Second, Wendt misunderstands the limitation on trial subpoenas, which merely requires both parties to get permission from the Court, with notice to the other party, to compel *early* production of records. There is no limitation on Defendants' rights to obtain that information (subject to court approval), it just governs the timing of that production.[5]

For these reasons, the government requests the Court impose the proposed discovery and protective order.

---

[5] For background, prior to the inclusion of this paragraph, some defense counsel would obtain ex parte trial subpoenas that compelled production of documents in advance of trial, without notice to the government it was requesting early production, and then fail to promptly provide the documents to the government.

         Respectfully submitted,

         Richard D. Westphal
         United States Attorney

By: */s/ Mikaela J. Shotwell*
         Mikaela J. Shotwell
         Ryan W. Leemkuil
         Assistant United States Attorney
         U.S. Courthouse Annex, Suite 286
         110 E. Court Avenue
         Des Moines, Iowa 50309
         Tel: (515) 473-9300
         Fax: (515) 473-9292
         Email: Mikaela.Shotwell@usdoj.gov
         Ryan.Leemkuil@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 14, 2023, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail  _____ Fax  \_\_\_\_\_Hand Delivery

\_X\_ ECF/Electronic filing  \_\_\_Other means

UNITED STATES ATTORNEY

By: */s/ Mikaela J. Shotwell*

6