IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | Criminal No. 4:22-cr-199 |
| v. | ) ) ) | GOVERNMENT'S MOTION FOR A DISCOVERY PROTOCOL |
| BRADLEY EUGENE WENDT, | ) ) | GOVERNING MATERIAL SUBJECT TO CLAIMS OF |
| Defendant. | ) ) | PRIVILEGE |

The United States respectfully files this motion to request authorization and entry of a protocol governing the review of discovery materials that have been or are potentially subject to claims of privilege by Defendant Bradley Wendt. The United States requests entry of the protocol, attached as Exhibit 1 to this motion (the "Proposed Protocol"), to fulfill its discovery obligations to Wendt's privileges and to resolve privilege disputes raised by Wendt. The Proposed Protocol will allow Wendt to assert attorney-client privilege and other applicable protections, provide a process for resolving disputes prior to involvement of the Court, and govern the disclosure of non-privileged documents.

**<u>Factual Background</u>**

On December 14, 2022, a grand jury in the Southern District of Iowa charged Wendt with conspiring to make false statements to the ATF, among other related charges.

    **I.**    **Wendt's email and Facebook accounts.**

As a result of the investigation of those charges, the Government obtained a large amount of evidence. Pertinent to this motion, in May 2022, the government

obtained a search warrant for Wendt's personal Hotmail email account and his personal Facebook account. Upon receiving responsive materials from these service providers, the Prosecution Team[1] began reviewing those materials as part its investigation. To date, no member of the Prosecution Team has encountered any communications in these accounts that appear to be between Wendt and any attorney representing him in any matter.

These materials were obtained months before Wendt learned of the government's investigation on August 31, 2022, and long before he retained an attorney in connection with the crimes charged in this case. Nonetheless, Wendt has asserted that his Hotmail and Facebook accounts contain material protected by the attorney-client privilege. *See generally* GX 2. This claim is apparently based on Wendt's previous legal representation by unidentified lawyers in unspecified legal matters unrelated to this case. *See* GX 2 at 1, 3-4, 6-9.

The Prosecution Team ceased reviewing Wendt's email and Facebook accounts after Wendt raised his privilege concerns about those accounts. The government has repeatedly told Wendt's counsel that the government is willing to take measures to ensure the Prosecution Team is not exposed to potentially privileged materials in his email and Facebook accounts. *See, e.g.,* GX 2 at 4. To facilitate those measures, the government has repeatedly asked Wendt's counsel to

---

[1] For purposes of this motion and the Proposed Protocol, the "Prosecution Team" refers to the Assistant United States Attorneys prosecuting this case, the investigating agents from the FBI and ATF, and their respective paralegals and support staff. *See, e.g., United States v. Reyeros*, 537 F.3d 270, 281 (3d Cir. 2008) (observing that the "prosecution team" includes "personnel involved in the investigation as well as the prosecution of a case").

provide the names and other identifiers of any attorney(s) with whom Wendt may have communicated via his email and Facebook accounts. *See, e.g.,* GX 2 at 3-4, 7. To date, Wendt's counsel has failed to provide this information. *See generally* GX 2. Indeed, Wendt's counsel has failed to do so despite asserting nearly a month ago that he had already "identified a dozen or so persons with whom Wendt had attorney-client privileged communications" before he learned of this investigation on August 31, 2022. GX 2 at 7.

## II.     Wendt's phone seized on January 11, 2023.

On January 11, 2023, the government seized Wendt's cell phone pursuant to a search warrant. The FBI extracted the contents of that phone, but those materials have not been reviewed by the Prosecution Team. Because this phone was seized post-indictment, the government has always intended to employ a filter review process to exclude any potentially privileged materials on the phone from the Prosecution Team. *See* GX 2 at 12 (informing Wendt's counsel on January 23, 2023 that the government had not reviewed the phone's contents and would use a filter team to do so). The government has repeatedly asked Wendt's counsel to provide the names and other identifiers of individuals with whom Wendt had privileged communications via this phone. *See* GX 2 at 11. To date, Wendt's counsel has failed to provide this information. *See generally* GX 2.

In addition to attorney-client privilege issues, Wendt's counsel has suggested that the phone seized on January 11 may contain statements that were compelled within the meaning of *Garrity v. New Jersey*, 385 U.S. 493 (1967). *See* GX 2 at 12-

13. The government has repeatedly invited Wendt's counsel to provide additional detail about this claim, so that the government could take steps to ensure the Prosecution Team is not exposed to any compelled statements on the phone. *See, e.g.,* GX 2 at 6-7, 9, 11-12. The government asked, for example, that Wendt's counsel identify the individual(s) to whom Wendt allegedly made compelled statements and the way he made them (*e.g.*, via email, text messages, etc.). To date, Wendt's counsel has failed to do so, instead claiming that he cannot address the alleged *Garrity* issues until he has "the discovery."[2] *Id.* at 11.

### III. The government's efforts to resolve these issues.

The government has repeatedly informed Wendt's counsel that the government intended to employ a filter team to review the phone seized on January 11 to exclude any potentially privileged material. *See* GX 2 at 4-6, 8, 11-12. The government has also repeatedly informed Wendt's counsel that the government is willing to take measures to ensure any potentially privileged material in the email and Facebook accounts are not available to the Prosecution Team. *See* GX 2 at 4, 6-7. As noted above, Wendt's counsel has thus far refused to provide any

---

[2] Wendt's counsel has copies of nearly all discovery in this case, including the entire contents (inclusive of any potentially privileged materials) of Wendt's Hotmail account, his Facebook account, and the extraction of the phone seized on January 11, 2023. *See* GX 2 at 3-5. The only discovery material Wendt's counsel does not have copies of are: (1) law enforcement reports and (2) prior witness statements (*e.g.*, grand jury transcripts). *Id.* at 5. But even those materials are available to Wendt's counsel to review in the U.S. Attorney's Office, and they have been since January. *Id.* To date, Wendt's counsel has come to review them once. Wendt's counsel has continually refused to identify what "discovery" he claims is unavailable to him or explain how its alleged absence prevents him from providing basic information about his alleged privilege and *Garrity* concerns. *See, e.g.,* GX 2 at 1-7.

4

information that the government would need to take these measures, including names and contact information of attorneys with whom Wendt has communicated.

Rather than provide this information, Wendt's counsel has repeatedly objected to any further review of these materials by the government. *See* GX 2 at 9, 12-13. Wendt's counsel has specifically objected to the government's proposed use of a filter team to address his privilege and *Garrity* concerns. *See* GX 2 at 9-11. Instead, Wendt's counsel has suggested that perhaps a special master, or even the Court, should conduct this review. *Id.* at 10. The government has continually asked Wendt's counsel to provide the information necessary to address his privilege and *Garrity* concerns. *Id.* at 4. It's become clear that the parties are unable to resolve these issues absent the Court's intervention. *See id.* at 1-4.

The government intends to use a Filter Team[3] to review Wendt's email account, Facebook account, and the phone seized on January 11, 2023 to identify material protected by the attorney-client privilege, work product doctrine, *Garrity*, or other legally recognized privileges (hereafter collectively referred to as "Potentially Protected Material"), and thereafter, segregate the Potentially Protected Material from the Prosecution Team.

Filter Team members, including those attorneys conducting and supervising the filter review of all the materials, are not, and will never be, involved in the

---

[3] Filter Team Counsel in this case consists of Clifford Cronk, an Assistant United States Attorney in the Davenport office of the U.S. Attorney's Office for the Southern District of Iowa. Filter Team Counsel has a separate reporting and supervisory chain from the Prosecution Team in this case and is supported by paralegals and other professional staff who are not part of the Prosecution Team.

prosecution of this case. Members of the Filter Team have been cautioned not to disclose information discovered during the filter process to the Prosecution Team.[4]

### Proposed Protocol for Production of Discovery Material Potentially Subject to Privilege Claims

The Proposed Protocol permits the Filter Team to identify and segregate Potentially Protected Material from the Prosecution Team and to release items that are not potentially protected to the Prosecution Team. Finally, the Proposed Protocol sets out a procedure for parties to narrow and resolve areas of disagreement and allows for expeditious adjudication of any remaining disputes.

### Argument

To fulfill the Government's discovery obligations to Wendt and resolve any privilege disputes, the Government respectfully requests that the Court enter an order permitting the Government to disclose discovery materials that have been or could potentially be subject to claims of privilege by Wendt pursuant to the Proposed Protocol. Where, as here, a district court is faced with potential claims of attorney-client privilege, the Proposed Protocol will properly balance the rights and obligations of the parties to this litigation and will provide a reasonable methodology for narrowing and ultimately adjudicating such claims.

First, the Government has substantial discovery obligations in this matter

---

[4] The United States is providing certain basic information to the Court about its filter process in this case as background and context to explain how the need for the Proposed Protocol arose. In providing such information, the United States does not intend to waive its right to argue that certain information about its investigation, filter process, or prosecution of this case is protected by the deliberative process privilege or other applicable privileges. The Government asserts deliberative process, work product doctrine, and attorney-client privilege regarding this information.

pertaining to material obtained from various locations and sources. Rule 16(a) of the Federal Rules of Criminal Procedure requires the government to disclose documents within its possession, custody, or control which are material to preparing the defense. In addition, pursuant to *Brady v. Maryland*, government prosecutors are further obligated by the Due Process Clause of the Fifth Amendment to provide material evidence favorable to an accused defendant upon request. 373 U.S. 83, 87 (1963). *See also Giglio v. United States*, 405 U.S. 150, 154 (1972) (extending Brady obligation to evidence impeaching witnesses).

The Court has power to regulate discovery pursuant to Rule 16(d)(1) of the Federal Rules of Criminal Procedure, which permits the Court to "deny, restrict, or defer discovery or inspection, or grant other appropriate relief." Fed. R. Crim. P. 16(d)(1). Similarly, Rule 16.1(b) authorizes a party to "ask the court to determine or modify the time, place, manner, or other aspects of disclosure to facilitate preparation for trial." Courts within the Eighth Circuit have recognized the validity of using filter teams to properly segregate potentially discoverable material obtained during criminal investigations that may be subject to a claim of privilege from material properly subject to disclosure to the Prosecution Team. *See United States v. Howard*, 540 F.3d 905, 906-07 (8th Cir. 2008) (use of filter team to review and redact recorded prison phone calls); *United States v. Manzi*, No. 4:19-CR-3094, 2021 WL 3206829, at *2-*3 (D. Neb. July 29, 2021) (dismissing defendant's complaints about the government's filter review process).

Second, the Court can approve of a methodology ordering the asserting parties

to make privilege claims with particularity by creation of a privilege log, and then requiring the parties to discuss and attempt to narrow the remaining disputes before the material is submitted to the Court for *in camera* inspection, if necessary. *See* Fed. R. Crim. P. 16(d)(1); Fed. R. Crim. P. 16.1(b). *See, e.g., Matter of O'Donovan*, No. 22-mj-1000-DLC, 2022 WL 10483922, at *1-*2 (D. Mass. Oct. 17, 2022) (approving filter review similar to government's proposal here); *United States v. Avenatti*, 559 F. Supp. 3d 274, 282 (S.D.N.Y. 2021) (collecting cases and observing that filter team review "has been deemed adequate in numerous cases to protect attorney-client communications"); *United States v. Satary*, 504 F. Supp. 3d 544, 547 (E.D. La. 2020) (approving orders setting forth privilege review and release protocol).

To be clear, the Proposed Protocol is not intended to adjudicate whether specific material is subject to a valid claim of attorney-client privilege. However, since the party asserting the privilege bears the burden of proving its existence, including through a particularized showing, the Court cannot practically adjudicate the claims of privilege here without employing an orderly process, which the Proposed Protocol outlines. *See Manzi*, 2021 WL 3206829, at *2 ("It is, after all, the burden of a party asserting a privilege to show that the privilege applies.").

Finally, the Proposed Protocol seeks to limit the nature of any waiver that may occur in this case with respect to future proceedings, thus creating a more efficient process where a potential claimant need not assert a privilege claim solely out of concern for a future waiver claim in some other proceeding. *See* Fed. R. Evid. 502(d) ("A federal court may order that [a] privilege or protection is not

waived by disclosure connected with the litigation pending before the court—in which event the disclosure is also not a waiver in any other federal or state proceeding."). In so doing, the Proposed Protocol will enable a more efficient process by allowing the parties to focus on only the most relevant material and most significant claim.

In short, the Proposed Protocol allows for a fair and efficient discovery and disclosure process while allowing Wendt to assert valid claims of privilege; engages Wendt in the process for asserting privileges; allows the parties to narrow the areas of disagreement; and designates the Court as the final adjudicator of any privilege disputes or determinations.

## Conclusion

For these reasons, the Government respectfully requests that this Court grant the United States' request for authorization and entry of a protocol governing the review and disclosure of discovery material that has been or is potentially subject to claims of privilege by Wendt.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By:   /s/ *Ryan W. Leemkuil*
Mikaela J. Shotwell
Ryan W. Leemkuil
Assistant United States Attorney
U.S. Courthouse Annex, Suite 286
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300

                                                Fax: (515) 473-9292
                                        Email: Mikaela.Shotwell@usdoj.gov
                                                  Ryan.Leemkuil@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on March 24, 2023, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing ___Other means

UNITED STATES ATTORNEY

By: _/s/ Ryan W. Leemkuil_____