IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) ) | Criminal No. 4:22-cr-199 |
| v. | ) ) ) | DISCOVERY ORDER PROTOCOL |
| BRADLEY EUGENE WENDT, | ) ) | |
| Defendant. | ) ) | |

**PROPOSED ORDER**

Because the use of a Filter Team is a lawful and appropriate measure to safeguard Potentially Protected Material, the Court **GRANTS** the Government's Motion for Entry of a Discovery Protocol Governing the Production of Potentially Protected Material pursuant to Federal Rule of Criminal Procedure 16.

**IT IS ORDERED**:

1.      This Discovery Protocol Order (the "Protocol") governs the production of Potentially Protected Material[1] in this case.

2.      The Government's Filter Team shall segregate Potentially Protected Material from the Prosecution Team unless the Court or the ostensible holder of the potential privilege or protection authorizes the production of the Potentially Protected Material to the specific recipient.

---

[1]  "Potentially Protected Material" is discovery material that is potentially protected from disclosure by the attorney-client privilege, work-product doctrine, *Garrity v. New Jersey*, 385 U.S. 493 (1967), or any other legally recognized privilege or protection.

GOVERNMENT EXHIBIT

1

4:22-cr-199

PENGAD 800-631-6989

3.      The Filter Team shall produce discovery material that is not Potentially

Protected Material to the Prosecution Team.

4.      Within ten (10) days of this Order, Defendant shall provide to the Filter

Team the following information: (a) a list of all of Defendant's previous and current

attorneys including their email addresses, phone numbers, mailing addresses, and a

description of the matter upon which the respective attorney represented Defendant

and (b) the names of individual(s) to whom Defendant claims to have made compelled

statements within the meaning of *Garrity v. New Jersey*, 385 U.S. 493 (1967), the

medium by which Wendt made the statements (*e.g.*, email, text message, etc.), and

the approximate date of the statements.[2]

5.      The Filter Team shall notify Defendant before producing any of the

Defendant's Potentially Protected Material to the Prosecution Team using the

following procedure:

    a.  <u>Notice</u>:  The written notice to Defendant shall include:

        i.  An electronic index identifying the Potentially Protected
        Material scheduled for production;
       ii.  A copy of this Protocol.

    b.  <u>Objections</u>:  If the Defendant objects to the Filter Team's production of
    certain items to the Prosecution Team, the Defendant must send a
    written objection to the Filter Team within fourteen (14) days of
    receiving the notice of scheduled production.  The objection shall include
    a privilege log setting forth, for each item logged:

        i.  The Bates number range for the item;
       ii.  The item title or a description of the item's subject matter;
      iii.  The date the item was created;

---

[2] Unless otherwise noted, dates and times in this Order shall be computed
according to Federal Rule of Criminal Procedure 45.

      iv.  The author of the item;

      v.  The recipient of the item, if any;

      vi.  Transmittal details of the item, if any;

      vii.  The party asserting the potential privilege and/or protection; and

      viii.  The legally recognized privilege and/or protection asserted that preclude production of each item logged and a description sufficient to enable evaluation of that assertion, including the identity of any attorneys (or other persons) whose role in the item at issue form the basis for the assertion.

c.  <u>Non-Logged Potentially Protected Material</u>:  The Filter Team will produce to the Prosecution Team the Potentially Protected Material that Defendant does not include an objection for on the privilege log without the need for the Court's approval.

d.  <u>Failure to Object or Assert</u>:  If Defendant fails to adequately object within fourteen (14) days of the notice of scheduled production, the Filter Team will provide the Prosecution Team with information regarding the Filter Team's attempts to contact Defendant and the subsequent failure to respond.  Thereafter, the Government may forego Subparagraphs (f)–(i) below and move the Court for a finding that Defendant has waived any privilege and/or protection over the Potentially Protected Material identified in the notice of scheduled production.

e.  <u>Failure to Comply</u>: If Defendant fails to provide to the Filter Team a privilege log that complies with Subparagraph (b) above, or meet and confer in accordance with Subparagraph (f) below, the Court may determine that such inactions constitute waiver of any privilege and/or protection over the Potentially Protected Material.

f.  <u>Meet and Confer Requirement</u>: The Filter Team shall have ten (10) days from the receipt of any objection and required privilege log to meet and confer with Defendant to resolve any disagreements concerning the objection.

g.  <u>Motion to Compel</u>:  The Filter Team shall have ten (10) days from the date of the meet and confer to move to compel production of the disputed Potentially Protected Material.  The moving party shall include with its motion a copy of the objection and privilege log, as well as a memorandum containing any factual or legal arguments.  Upon the Court's request, the objecting Defendant shall provide a copy of the

disputed Potentially Protected Material to the Court *ex parte* and under seal for *in camera* review.

h. <u>Response</u>: The objecting Defendant shall file a response within ten (10) days of the filing of a motion to compel under this Protocol.

i. <u>Reply</u>: A party moving to compel under this Protocol may file a reply within five (5) days of the objecting Defendant's response.

6.    Defendant may assert a claim over material previously produced as non-Potentially Protected Material to Defendant and/or the Prosecution Team by providing a written objection to the Prosecution Team detailing, with specificity, the impacted documents and basis of the asserted privilege and/or protection.  The Filter Team will promptly claw back the identified material from the Prosecution Team.

7.    The Court retains jurisdiction to resolve any dispute or adjudicate any claim of privilege or protection asserted over discovery material produced pursuant to the Protocol, including if, and under what circumstances, a party may use the Potentially Protected Material at trial.

8.    Pursuant to Federal Rule of Evidence 502(d), any Potentially Protected Material produced to the Prosecution Team or Defendant under this Protocol or subsequent order in this proceeding, shall not constitute a waiver or forfeiture of any privilege or protection claim in any other federal or state judicial or administrative proceeding.

9.    All parties have the right to present to the Court any Potentially Protected Material to adjudicate whether the material is indeed privileged, protected, and/or if an exception to any privilege or protection applies, including, but not limited to, the crime-fraud exception or waiver.  Under Federal Rule of Evidence 502(d), a

production to determine whether materials are privileged or protected pursuant to this paragraph shall not itself constitute a waiver or forfeiture of any claim of privilege or protection.

10.    If any member of the Prosecution Team inadvertently reviews Potentially Protected Material, the Prosecution Team member shall immediately cease review of the Potentially Protected Material and turn the Potentially Protected Material over to the Filter Team for processing in accordance with this Protocol. Inadvertent review of Potentially Protected Material shall not automatically disqualify a Prosecution Team member from this matter.

11.    The parties may extend deadlines in this Protocol by written agreement or by requesting the same from the Court upon good cause shown.

**SO ORDERED.**

_____          _____
Date                                                      The Honorable Helen C. Adams
                                                              Chief U.S. Magistrate Judge