IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY EUGENE WENDT,<br><br>Defendant. | Case No: 4:22-cr-199<br><br>**DEFENDANT WENDT'S RESISTANCE TO GOVERNMENT'S MOTION FOR DISCOVERY PROTOCOL AND REQUEST FOR SANCTIONS** |

**I.   INTRODUCTION**

Defendant Bradley Eugene Wendt ("Wendt") hereby resists the Government's Motion For A Discovery Protocol Governing Material Subject To Claims Of Privilege (the "Government's Motion"). The Government has committed a pattern and practice of flagrantly disregarding Wendt's rights and privileges in this case. Wendt will be addressing the violations of his discovery rights and *Garrity* privileges in separate filings, but requests that the Court review and consider them together.

In this filing, Wendt will address the Government's proposed protocol for privilege review. There are four categories of materials at issue: (1) Wendt's personal email account; (2) Wendt's personal Facebook account; (3) the download of Wendt's personal phone from August 31, 2022; and (4) the download of Wendt's personal phone from January 11, 2023. For the reasons set forth below, we request that a proper record be required from the Government; that the Court hold an evidentiary hearing; and that appropriate sanctions be imposed, including

1

suppression. In the alternative, we request that the Government be required to follow an appropriate privilege review protocol.[1]

## II.    OBJECTIONS TO THE GOVERNMENT'S PROPOSED PRIVILEGE REVIEW PROTOCOL

### A.    This is Part of a Pattern and Practice of Flagrantly Violating Wendt's Rights

The privilege violations that have occurred in this case are part of a pattern and practice of flagrantly violating and disregarding Wendt's rights. In particular, this conduct has included a clear violation of Wendt's rights under *Garrity*. Despite the Government expecting this matter to result in Wendt's termination, the Government obtained recordings of the closed-door Adair City Council meetings where this matter was discussed. In fact, the Government went so far as to use that information against Wendt in a January 10th hearing.

The Government then exacerbated the attorney-client privilege and *Garrity* violations by violating Wendt's discovery rights. Specifically, the Government has committed the following Rule 16 violations: (1) it did not produce any additional Rule 16 materials until January 31, 2023; (2) it did not produce the search warrant documents until February 2, 2023; (3) it did not produce the Marcum case materials until February 2, 2023; (4) it did not produce the Adair City Council meetings until February 2, 2023; (5) it did not produce Wendt's phone download (from August 31, 2022) until February 27, 2023; (6) it just produced, on March 9, 2023, Wendt's phone download (from January 11, 2023); and (7) it still has not produced Gettler's phone download. Moreover, the Government has refused to produce significant discovery regarding the *Garrity* issue, including its communications with the City of Adair (the "City"). It is our

---

[1] The Government has also seized computers from Wendt's home and business. Many of the same issues would be present with these materials and Wendt has previously notified the Government of that fact. *See* Govt. Ex. 2, at 2. However, the Government has not indicated that it plans to review those items and does not address them in its motion. Accordingly, Wendt does not address them here but would request that a privilege review protocol be addressed by the parties and the Court prior to any review of those materials.

understanding the City alerted the Government to this issue and the Government nonetheless forged ahead in complete disregard for Wendt's rights.

There is a clear pattern of misconduct here including the Government violating Wendt's rights, failing to properly address the matters with the Court, and then refusing to provide Wendt with the discovery he needs to vindicate his rights. Wendt has gone over and above to attempt to address these matters with the Government to no avail, as can be seen in the email correspondence attached to the Government's motion. Wendt will be addressing the discovery and *Garrity* matters with the Court in separate motions. However, Wendt urges the Court to review these matters collectively as they are all interrelated.

### B. The Government Does Not Address the Download of Wendt's Phone from August 31, 2022

There are four separate and distinct categories of materials that are at issue here for purposes of a privilege review: (1) Wendt's personal email account; (2) Wendt's personal Facebook account; (3) the download of Wendt's personal phone from August 31, 2022; and (4) the download of Wendt's personal phone from January 11, 2023. The Government has acknowledged that these are the four categories at issue. *See* Govt.'s Ex. 2, at 2. ("You've correctly identified the four accounts/devices at issue."). However, the Government oddly does not mention in its motion the initial download of Wendt's phone on August 31, 2022. This is an important breach of candor for numerous reasons.

First, in moving to get the approval of a privilege review protocol, the Government should be explicitly clear about what is going to be reviewed. However, the Government does not mention that this download will be reviewed pursuant to the protocol. This download is a separate and distinct piece of discovery. Further, the information the Government is authorized

to seize from Wendt's second phone download is incredibly narrow and distinct from the other categories of materials.

Second, the Government was not authorized to seize Wendt's phone pursuant to the search warrants. On August 31, 2022, the Government seized Wendt's phone from him at the police station following his interview after informing him they had a warrant for it. However, nowhere does the warrant mention let alone authorize the seizure of Wendt's phone. The four categories of materials were seized in relation to the following search warrants:

1. Wendt's Phone (8/31/22): **Case No. 4:22-mj-546**
2. Wendt's Email Account: **Case No. 4:22-mj-326**
3. Wendt's Facebook Account: **Case No. 4:22-mj-323**
4. Wendt's Phone (1/11/23): **Case No. 4:23-mj-019**

The search warrant Wendt's phone was apparently seized pursuant to does not mention or authorize his phone. It only identifies computers and media storage – identifying both of those categories of information as being separate and distinct from a phone. A separate problem is that, as such, there would be no two-step process to segregate non-responsive information. Left as is, the Government's only position is that it can seize someone's personal phone pursuant to a general search warrant of their place of business and then access and keep any information contained within it even if it has nothing to do with the authorized purpose of the search warrant.

Third, the Government has already reviewed the August 31st download of the phone. As a matter of fact, the Government has admitted that it has reviewed all the materials except for the January 11, 2023 phone download:

> Regarding the other three accounts/devices, the government previously reviewed them without employing a filter team because (1) they could not possibly contain Garrity statements and (2) the government had no reason to believe they would

4

>contain attorney-client privileged communications (because they were seized prior to your representation of Mr. Wendt).

Govt.'s Ex. 2, at 3. However, in its motion, the Government only admits to reviewing the email account and Facebook account. And then the Government makes a point about saying it has not reviewed the January 11th phone download. The Government should have made it clear to the Court that it had already reviewed the phone.

Fourth, the August 31st phone download contains attorney-client privileged information. While the Government only just provided this download to us on February 27, 2023, from our initial review it does appear that this download contains attorney-client communications with another lawyer on a different matter.

### C.   The Government Has Violated the Search Warrants

The Government has violated the terms of the search warrants. The Government has now not just searched but seized <u>all</u> the information in Wendt's personal phone, email account, and social media account. While the search warrants permit the Government to <u>search</u> all the materials, they do not allow them to <u>seize</u> all the materials. Rather, they only permit the Government to seize materials relevant to the charges being investigated. In other words, the Government is supposed to go through a second step in the process to cull out materials responsive to the search warrant. The remainder of the materials should not be retained by the Government. The Government obtained these materials many months ago. Yet it never performed any responsiveness step or indicated that it had any plans to do so. Further, the Government produced these materials to Wendt's Co-Defendant. As such, by any definition of the term the Government has clearly seized all the materials which is a violation of the search warrants. Any alternative interpretation of the search warrants as authorizing the totality of the materials would render them general search warrants and unconstitutional.

D.   **The Government Has Already Reviewed the Materials**

The Government has already accessed almost all the materials at issue. As mentioned above, the Government has admitted that it has already reviewed Wendt's phone, email account, and Facebook account. While the Government states it has not reviewed the January 11th phone download, it has reviewed the August 31st phone download. The Government tacitly claims not to have seen any privileged communications. With respect to the email account and Facebook account, the Government states: "To date, no member of the Prosecution Team has encountered any communications in these accounts that *appear* to be between Wendt and any attorney representing him in any matter." Govt.'s Motion at 2 (emphasis added). However, it should be noted that this is a backpedal from what the Government had previously told us a month ago: "To date, the prosecution team has not encountered privileged material on the phone or accounts seized on or before 8/31/2022." Govt.'s Ex. 2, at 3. We will need to do further investigation to examine the validity of this statement but note that we very quickly came up with privileged communications in the email account.

E.   **The Government Knew or Should Have Known There was Privileged Information in the Materials**

The Government knew or should have known the materials contained privileged information. The Government has admitted that it was aware that Wendt had other legal matters:

> The government is aware in a very general sense that Mr. Wendt over the years has had legal matters having nothing whatsoever to do with the subject matter of this case (e.g., a dispute with the DNR and a dispute with the City of Denison).

Govt.'s Ex. 2, at 5. In addition, at the January 10th hearing the Government acknowledged being aware of the family law matter referenced by the Court. There is absolutely no distinction or exception in the law for accessing attorney-client privilege information so long as those

6

communications are not with counsel in the instant criminal case. Further, the Government is obviously aware of Wendt's current counsel.

### F. The Government Has Attempted to Subvert Judicial Oversight

The Government has attempted to subvert what is supposed to be a judicial function at every stage of this process. The resolution of disputes related to the applicability of the attorney-client and other relevant privileges is a judicial function. *See, e.g., Under Seal 2 v. United States (In re Grand Jury Subpoena Under Seal 1)*, 870 F.3d 312 (4th Cir. 2017). The Government cannot assign itself the judicial branch's power by creating its own policy to decide what is privileged and what is not privileged. The courts have consistently held the same. *See*, *e.g., Black v. United States*, 172 F.R.D. 511, 516 (S.D. Fla. 1997) (declining the use of a prosecutorial taint team and finding the best method for resolving disputes as to the review of seized computer information was a neutral judicial review). Even the Department of Justice recognizes this issue and recommends that a "trustworthy third party" be used when a search is likely to expose the prosecution team to privileged files. *See* U.S. Department of Justice, *Searching and Seizing Computers and Obtaining Electronic Evidence in Criminal Investigations*, II(F)(2), https://www.justice.gov/file/442111/download (last visited March 29, 2023) ("When agents seize a computer that contains legally privileged files, a trustworthy third party must comb through the files to separate those files within the scope of the warrant from files that contain privileged material.").

Here, the Government has refused to be forthcoming with the Court from the very beginning. Despite that it knew or should have known that there would be privileged information in the materials, the Government refused to inform the Court as part of the search warrant application process – much less get the Court's approval for a privilege review protocol. Next,

the Government refused to do any sort of responsiveness review and, instead, seized all the materials despite that being outside the scope of the search warrant. That pattern of conduct has continued with the Government failing to address the August 31, 2022 phone download in its motion and what was clearly the Government's intention to conduct a privilege review without any agreed-upon protocol or review as indicated by its insistence on Wendt providing it the attorney information so it could move forward on its own. The Government doubles down on this lack of transparency with its assertion to the Court that it does not have a duty to be forthcoming with the Court on the privilege review process. *See* Govt.'s Motion at 6 n.4.

### G. The Government's Proposed Privilege Review Protocol is Completely Inadequate

The privilege review protocol proposed by the Government is completely inadequate to protect Wendt's rights let alone address all the other concerns present in this case.

### A. The Filter Team

Courts have recognized the risk that filter teams pose to the attorney-client and work-product privileges and have enjoined their use altogether or employed strong safeguards to protect against potential abuse. *See, e.g., In re Search Warrant Issued June 13, 2019*, 942 F.3d 159 (4th Cir. 2019) ("*In re Search Warrant*"); *In re Grand Jury Subpoenas*, 454 F.3d 511 (6th Cir. 2006) (enjoining the filter team protocol and mandating a special master perform the initial review). Several district courts have also denied the use of filter teams due to concerns regarding the protection of applicable privileges. *See United States v. Castro*, 2020 WL 241112 at *6 (E.D. Mich. Jan. 16, 2020) (denying use of filter team and appointing a special master to screen recordings of prison phone calls for privilege); *United States v. Sullivan*, 2020 WL 1815220 at *5-6, 8-10 (D. Hawaii Apr. 9, 2020) (ordering suppression of ***all*** files obtained from the defendant's Apple iCloud account after the filter team negligently disclosed privileged

8

photographs to the prosecution—even though the prosecution never viewed the privileged photographs); *United States v. Chavez*, 423 F. Supp. 3d 194, 207 n.6 (W.D.N.C. 2019) (recognizing the use of a filter team may be unlawful).

These methods provide increased protection at the outset, rather than allowing the Government filter team unrestricted access to review potentially privileged documents before the court can rule on any privilege assertion. As held by a Pennsylvania federal district court ruling on the same issues "it is always better to put procedures in place to avoid such an error before it occurs." *United States v. Vepuri*, 585 F. Supp. 3d 760, 764 (E.D. Pa. 2021) (appointing a special master, at the government's expense, to review materials for privilege).

In *In re Search Warrant*, federal agents obtained a warrant to search a law firm. The protocol there (approved by the magistrate judge) approved the use of a filter team from the same U.S. Attorney's Office that was investigating the firm. *Id.* at 165. Under the protocol, once the filter team removed privileged materials, it was allowed to forward nonprivileged materials directly to the investigative team and reserve potentially privileged materials for adjudication by the court. *Id.* at 166.

The Fourth Circuit preliminarily enjoined the filter-team protocol, holding that "the Filter Team and its Protocol are legally flawed." *Id.* at 176. The court found:

> In approving the Filter Team and its Protocol, the magistrate judge made several legal errors by, inter alia: (1) assigning judicial functions to the Filter Team; (2) authorizing the Filter Team and its Protocol in ex parte proceedings that were conducted prior to the search and seizures at the Law Firm; and (3) failing to properly weigh the foundational principles that protect attorney-client relationships.

*Id.* at 176. Additionally, the Fourth Circuit noted, "[t]here is the possibility that a filter team — even if composed entirely of trained lawyers — will make errors in privilege determinations and in transmitting seized materials to an investigation or prosecution team." *Id.* at 177.

9

Here, the government's protocol leaves "the government's fox in charge of guarding the [defendant's] henhouse." *Id.* at 178. The Government proposes to simply use another criminal prosecutor in its own office. This proposal flies in the face of anything remotely appropriate. Not only is this prosecutor in the same office as the prosecution team, but he is in the same division (*i.e.*, the Criminal Division) of that office and it is a small U.S. Attorney's Office. Moreover, it is our understanding that one of the members of the prosecution team is the Deputy Criminal Chief. Further, the Government does not identify who the other members of the filter team would be (i.e., the paralegals, legal assistants, etc.). Not only may these individuals be in the same location as the prosecution team, but may work with them on other matters. Plus, with both the prosecutor and the other staff you have the situation where they may be asked to exclude information from the Deputy Criminal Chief – and possibly even take the position that what has already been accessed should not have been accessed (which could include ethical problems for the AUSAs). While a filter team would be problematic enough, such an egregious excuse for a filter team cannot stand.

**B.     Description of Process**

The Government fails to identify how it will go about identifying privileged information. All it says is that Wendt should produce names and contact information to it and that it will then have AUSA Cronk turn around and provide an index of potentially privileged information. It does not even specifically or correctly identify what materials are going to be reviewed.

First, there is an immense volume of information here:

- The Facebook account is approximately 45,000 pages.

- The email account contains approximately 268,956 files spread out within 126 folders and is 48.9 GB.

Moreover, the Government has not produced the email account in a readily searchable format. The Government does not explain how it plans to review this information.

Second, the Government does not identify the review platform (e.g., Relativity) that will be used or the search terms that will be used. This is key to any privilege review. Further, the Government does not address how it will identify privileged information that may not be readily apparent (e.g., scanning or forwarding information to oneself for purposes of subsequently sending information to an attorney, etc.). The Government appears to take the position that neither the Court nor Wendt is entitled to that information.

Third, the Government does not address the next phase of the privilege review. Any privilege review with a large volume of documents starts with search term hits, but then judgments are made from there. The Government does not address this aspect.

Fourth, while Wendt is happy to take the burden to prove a communication is privileged to the extent there is a genuine dispute, it is the Government's burden to produce discovery and to cull it down to what is responsive to the search warrant and non-privileged. As such, the Government cannot put the burden on Wendt to create a privilege log for every single privileged document. Further in that regard, the Government does not explain any check for it missing a privileged document in its index.

### IV.    PROPOSED SOLUTION

To address these issues, Wendt proposes the following:

#### A.    Require a Complete Record

The Court should require the Government to provide a record and identify:

1. What prior legal matters in which Wendt was involved was the Government aware of and when did it become aware of them.
2. What was the Government aware of with respect to those matters.
3. What did it do to identify whether Wendt had counsel in each of those matters.

4. What knowledge did the Government have about whether Wendt was involved in those matters.
5. What if anything did the Government do to prevent accessing privileged information.
6. Who on the prosecution team has had access to the materials.
7. What has each member of the prosecution team reviewed.
8. How where those materials reviewed, how were they organized, and what platform was used to review them.
9. What prior legal matters of Wendt's was the Government aware and when did it become aware of them.

To the extent the Court deems this unnecessary, the only possible basis is that the Government has already accessed them and that is all that needs to be known – especially, given the pattern of misconduct. To the extent the Government is unwilling or unable to do this, the only possible solution would be to suppress the materials.

### B. Hold an Evidentiary Hearing

After the Government submits a complete record of its review of the materials, the Court should hold an evidentiary hearing to determine what has occurred and what should be done about it. Importantly, an evidentiary hearing will be necessary to address the discovery and *Garrity* issues Wendt will be addressing in forthcoming motions. These issues are all interrelated and should be dealt with together.

### C. Impose Appropriate Sanctions

Suppression is an appropriate remedy when members of the prosecution team, in executing the warrant, act in "flagrant disregard" of its terms. *See, e.g., United States v. Khanani*, 502 F.3d 1281, 1289 (11th Cir. 2007); *United States v. Le*, 173 F.3d 1258, 1269 (10th Cir. 1999); *United States v. Matias*, 836 F.2d 744, 747-48 (2d Cir. 1988). The prosecution team acts "flagrant disregard" of a search warrant's terms when they grossly exceed the scope of the warrant during the search that appears to be a "fishing expedition" into a defendant's privacy.

*See, e.g., United States v. Liu*, 239 F.3d 138 (2d Cir. 2000); *United States v. Foster*, 100 F.3d 846, 851 (10th Cir. 1996); *United States v. Young*, 877 F.2d 1099, 1105-06 (1st Cir. 1989).

Moreover, to remedy privilege violations, courts must "identify and then neutralize the taint by tailoring relief appropriate in the circumstances to assure the defendant the effective assistance of counsel and a fair trial." *United States v. Morrison*, 449 U.S. 361, 365 (1981). There is no way for the Government to unlearn this crucial privileged information. *See e.g., Jackson v. Microsoft Corp.*, 211 F.R.D. 423, 432 (W.D. Wash. 2002) (finding a drastic remedy is required where the review of privileged information "cannot be erased"), *aff'd*, 78 F. App'x 588 (9th Cir. 2003).

Here, the Government seized Wendt's most private information: his personal phone, email account, and social media account. It did so in violation of the search warrants, without taking any precautions to protect against accessing privileged information or culling out information that is irrelevant and not authorized by the Court to be seized. Then, the Government sought to use it against Wendt on top of producing it to his Co-Defendant. And now, after being called out on this behavior, it appears the Government has been less than forthright with the Court about what has transpired.

### D. Require the Use Of A Valid Privilege Review Protocol

To the extent there are any materials that are not suppressed, the Court should order the Government to use a legally valid privilege review protocol. Further, any doubt or burden should fall on the Government based on its discovery violations and flagrant disregard for Wendt's rights up to this point. Specifically, the Government should:

1. Filter Team – Require the Government to identify a filter team (including all the names of anyone working on it) that is outside the State of Iowa. It is plainly insufficient to have

someone in the same small U.S. Attorney's Office be on the filter team. And because Wendt is a law enforcement officer in this State that has operated in both federal districts, it is only appropriate to require a filter team from outside the State of Iowa.

      2.      Responsiveness Review – There needs to be a responsiveness review to (a) cull the materials down to only that which is authorized to be seized by the search warrants and (b) get the amount of information down to a reviewable size.

      3.      Privilege Review – The privilege review should be conducted on a searchable platform with approved search terms and include all four categories of materials.

      4.      Review by Wendt – Wendt should have sufficient time to review the production prior to it being sent to the prosecution team. Further, Wendt should not be required to produce a privilege log for anything that is clearly privileged. Moreover, the prosecution team should have no access to any log or index that contains any information whatsoever about communications with counsel – that should be strictly between Wendt and the filter team.

## II.    CONCLUSION

In conclusion, the Court should deny the Government's request to impose its proposed discovery protocol and should require the creation of a proper record, hold a hearing, impose sanctions, and, in the alternative, order the adoption of Wendt's above-outlined protocol.

Dated: April 3, 2023

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nick Klinefeldt*
Nicholas A. Klinefeldt, AT0008771
Rachel A. Yaggi, AT0014994
801 Grand Avenue, 33rd Floor
Des Moines, IA, 50309
Telephone: (515) 248-9000
Fax: (515) 248-9010
Email: *Nick.Klinefeldt@Faegredrinker.com*
Email: *Rachel.Yaggi@Faegredrinker.com*

***ATTORNEYS FOR DEFENDANT WENDT***

**CERTIFICATE OF SERVICE**

I hereby certify that on this 3rd day of April, 2023, I electronically filed the foregoing document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

*/s/ Paulette Ohnemus*