IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | | |
| Plaintiff, | | No.  4:22-cr-00199-SHL-HCA-1 |
| vs. | | |
| BRADLEY EUGENE WENDT, | | **ORDER DENYING WITHOUT PREJUDICE MOTION FOR IN CAMERA REVIEW OF ADAIR CITY COUNCIL MEETING RECORDINGS** |
| Defendant. | | |

Defendant Bradley Eugene Wendt is charged in a twenty-count Indictment with alleged criminal offenses arising out of the acquisition, sale, possession, and use of machine guns. (ECF 2.) The alleged criminal conduct occurred during and in connection with Wendt's employment as a police officer with the City of Adair, Iowa. (Id.) Accordingly, the Adair City Council addressed Wendt's situation at City Council meetings shortly after the Council became aware of the criminal investigation in late August 2022.

During a court hearing on January 10, 2023, Wendt's counsel learned, apparently for the first time, that the Assistant United States Attorneys handling the case had access to recordings of closed-door meetings of the Adair City Council regarding Wendt's situation. This included at least one meeting in which Wendt answered questions. Later the same day, Wendt's counsel sent a letter to the Government stating, in relevant part:

> It is our position that any communications directly or indirectly with Mr. Wendt about the impact of the Government's investigation on his job as police chief, or that incorporate those communications, are protected by *Garrity* [*v. State of N.J.*, 385 U.S. 493 (1967)]. We hereby request that any such materials be secured and not reviewed by anyone at the U.S. Attorney's Office for the S.D. Iowa, or others in this case, until the Court has had an opportunity to review them and rule on whether they are protected.

> We are copying the Adair City Attorney, Clint Fichter, and respectfully request that you confirm with us that these segregation procedures be followed before any more such materials are obtained or reviewed.

1

(ECF 74-8, p. 1.) Two days later, in an email, Wendt's counsel reiterated his position that the Government should not review potential *Garrity* information until the Court could weigh in:

> [W]e remain concerned that not only was Garrity information proffered to the Court on Tuesday but that the scope and taint of Garrity information could be very broad here, including interviews or testimony of City Council members. Before any further evidence that could contain or be derived from information from City Council members, the Mayor, or the City Attorney. Specifically, after the raid and as you would expect, the City started asking and receiving information from [Wendt] about this matter. After that point, we believe there is a likelihood that information could be tainted by Garrity protected communications as well as attorney-client communications.
>
> Until these issues can be resolved by the Court, we are objecting to any use or review (including any purported taint team review) by any law enforcement agency of any information obtained after August 31, 2022.

(ECF 74-9, p. 1.) On January 29, 2023, Wendt's counsel reiterated his *Garrity* concerns in another letter, which repeated the "concern that any investigation conducted after August 31, 2022 could be tainted." (ECF 74-11, p. 1.) Counsel proposed, for the third time, that "any such materials [obtained after August 31, 2022] be segregated and not reviewed or relied upon until we can review them and fully address these [*Garrity* and privilege] issues." (Id., p. 2.)

In light of three separate demands from Wendt's counsel for Court review of potential *Garrity* materials, the Government filed the instant Motion for *In Camera* Review of Adair City Council Meeting Recordings on February 1, 2023. (ECF 74.) The Government asked the Court, "[o]ut of an abundance of caution," to review the recordings of those meetings "and any other evidence [the Court] deems appropriate, to determine whether Wendt's statements during those meetings were compelled within the meaning of *Garrity*." (Id., p. 1.)

Wendt responded to the Government's Motion on February 8, 2023, arguing that the Government's Motion was "both premature and advisory in nature." (ECF 79, p. 2.) Wendt argued that the Government was "seeking an advisory ruling on suppression" without giving him enough time to review discovery materials and make a full presentation on the *Garrity* issues. (Id.) Wendt pointed out, among other things, that his counsel did not receive copies of the City Council recordings until the end of January. (Id., p. 4.) Wendt argued that the "only way this issue is properly before the Court at this stage of the case is by way of a motion to suppress from Wendt – which we will be filing as soon as we can get access to and review the discovery." (Id., pp. 6–7.)

Almost two months have passed since Wendt's Response to the Government's Motion for *In Camera* Review of Adair City Council Meeting Recordings, but Wendt still has not filed a motion to suppress on the *Garrity* issues. Instead, at most, his recent filing on a somewhat-related issue merely suggests that such a motion is forthcoming, while also baldly accusing the Government of a "clear violation of Wendt's rights under *Garrity*." (ECF 119, p. 2.)

Wendt cannot keep the Government in limbo forever. If he believes there was a *Garrity* violation, he needs to file a motion to suppress so the issue can be adjudicated. To that end, although Wendt plausibly may not have been ready to discuss *Garrity* issues in full in early February given that he had only just received discovery, the situation is different now. According to his own recent filing (ECF 119, p. 2), he has had most discovery materials for over two months, and others for approximately one month. This is enough time for meaningful review of potential *Garrity*-related arguments, particularly given that any such arguments will revolve in the first instance around Wendt's own statements. *See, e.g.*, *United States v. Moten*, 551 F.3d 763, 766 (8th Cir. 2008) (explaining that *Garrity* applies to the defendant's "compelled statement, or the fruit of that statement") (quoting *In re Grand Jury Subpoenas Dated Dec. 7 & 8*, 40 F.3d 1096, 1102 (10th Cir. 1994)). In other words, regardless of other discovery disputes that may exist, Wendt by now should be able to identify when he was allegedly compelled to make statements.

The Court hereby ORDERS Wendt to file any *Garrity*-related motion to suppress on or before April 19, 2023. The Government shall file its response by May 3, 2023. Wendt may file his Reply, if any, on or before May 10, 2023. If either side believes an evidentiary hearing is necessary in connection with the *Garrity* issues, they should so indicate in their filings.

In the meantime, the Court will deny without prejudice the Government's Motion for *In Camera* Review of Adair City Council Meetings. The Court understands why the Government filed its Motion when it did, but ultimately Wendt is correct that the better course is to address the *Garrity* issues in the context of a motion to suppress and with the benefit of a fulsome record.

**IT IS SO ORDERED.**

Dated: April 5, 2023

_____
STEPHEN H. LOCHER
U.S. DISTRICT JUDGE