IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:22-cr-199 |
| | ) | |
| v. | ) | GOVERNMENT'S REPLY TO |
| | ) | DEFENDANT WENDT'S |
| BRADLEY EUGENE WENDT, | ) | RESISTANCE TO MOTION FOR |
| | ) | DISCOVERY PROTOCOL |
| Defendant. | ) | |

The government asked the Court to approve a filter protocol to safeguard Wendt's privileges. Wendt's response is apoplectic, accusing the government of "flagrantly disregarding [his] rights and privileges." Dkt. 119 at 1. The government won't respond to much of Wendt's filing, which seems better suited—if at all—for a motion to suppress. Instead, the government addresses a few of Wendt's more concrete complaints.

## I. The phone seized on August 31, 2022.

Wendt accuses the government of a "breach of candor" because its motion did not specifically address the phone seized from him on August 31, 2022. Dkt. 119 at 3. The government attached to its motion correspondence in which the government told Wendt—more than a month ago—that it was willing to take steps to search for and exclude any privileged material on this phone. GX 2 at 3-4, 6. The government told Wendt, as it has all along, that the government cannot take those steps unless Wendt provides more information, including the names of attorneys with whom he has communicated. *Id.* At every turn, Wendt has refused—for reasons that escape the government—to provide this information. *See generally* GX 2.

1

Wendt's resistance does not explain his continued refusal to provide information that would help the government *avoid* potentially privileged material. Remarkably, Wendt simultaneously asserts that the phone seized in August 2022 "contains attorney-client communications with another lawyer on a different matter." Dkt. 119 at 5. True to form, though, Wendt fails to identify this lawyer. *Id.* If Wendt provides the necessary information, the government would be happy to review this phone pursuant to the proposed protocol or whatever measures the Court deems appropriate. *See* GX 2 at 3-4 (offering to do so and asking Wendt to identify attorneys with whom he communicated via this phone).

> **II.   To the government's knowledge, it hasn't encountered any privileged materials.**

Wendt accuses the government of "backpedal[ing]" from its prior assertion that it "has not encountered privileged material on the phone or accounts seized before 8/31/2022." Dkt. 119 at 6. There's been no backpedal. As far as the government knows, it hasn't encountered any privileged material. The government's motion referred to communications that "appear" to be between Wendt and a lawyer because, again, Wendt refuses to identify his lawyers.[1] The government has not seen any communications between Wendt and anyone who *appears* to be his attorney, but the government doesn't know his attorneys' names. Again, if Wendt provides this information, the government will take steps to confirm that it has not—and will not—encounter privileged communications.

---

[1] Ironically, Wendt's counsel asserts that his review of the materials "very quickly came up with privileged communications in the email account." Dkt. 119 at 6. It's amazing what one can accomplish with the names of Wendt's prior attorneys.

### III. The proposed protocol does not subvert judicial oversight.

Wendt accuses the government of "subvert[ing] judicial oversight." Dkt. 119 at 7. But the very point of the government's motion is to have the Court review and, if acceptable, *approve* the proposed filter protocol. And the government's proposed protocol specifically leaves it to the Court "to resolve any disputes or adjudicate any claims of privilege." GX 1 at 4, ¶ 7. Wendt does not explain how this process would "subvert what is supposed to be a judicial function." Dkt. 119 at 7.

### IV. Wendt's reliance on a Fourth Circuit case is misplaced.

In resisting the government's proposed filter protocol, Wendt relies largely on the Fourth Circuit's decision in *In re Search Warrant Issued June 13, 2019*, 942 F.3d 159 (4th Cir. 2019) ("Baltimore Law Firm"). Dkt. 119 at 8-10. That reliance, while perhaps predictable, is misplaced.

*Baltimore Law Firm* involved the search of a law firm as part of an investigation of one attorney's representation of a single client. 942 F.3d at 164-65. In connection with issuing the warrant, the magistrate judge approved an *ex parte* filter protocol. *Id.* at 165-66. Agents then seized the attorney's phone, computer, and email account. 942 F.3d at 166-67. This seizure included over 50,000 emails, but only 100 or so were connected to the client at issue. *Id.* at 167. The balance of the seized emails included "extensive" communications between the attorney and other lawyers and clients that had nothing to do with the investigation. *Id.* at 167. Some of those other clients were being investigated or prosecuted by the same U.S. Attorney's Office, a fact the Fourth Circuit deemed "notabl[e]." *Id.*

One might call these facts "unique." *Id.* at 183 (Rushing, J., concurring). And those unique facts resulted in a unique decision in which the Fourth Circuit "reassigned the Filter Team's duties and functions" to a magistrate judge.[2] *Id.* at 170. That process required the magistrate judge to review the seized materials, return to the law firm any materials unrelated to the client at issue, and conduct a privilege evaluation of the remaining items. *Id.*

This case is nothing like *Baltimore Law Firm*. As an initial matter, Wendt is not a lawyer, and the government seized nothing from a law firm. There's no suggestion that any significant portion of the seized materials here are privileged. *Cf. id.* at 178. Instead, it appears the potentially privileged communications in this case will be fairly minimal and may relate largely to matters like a child custody issue and disputes Wendt had with the DNR and the City of Denison. *See* Dkt. 119 at 6. And the government is not seeking an *ex parte* filter protocol. *Cf. Baltimore Law Firm*, 942 F.3d at 178-79 (chiding the district court for not conducting "adversarial proceedings"). Wendt has weighed in, and the Court will make the ultimate call.

Courts have confirmed that *Baltimore Law Firm* is the outlier its facts would suggest. As Judge Rushing put it in her concurrence, the court's decision was based on "the unique facts and circumstances" of that case, and it simply "preclude[d] *this* Filter Team operating under *this* Filter Protocol." *Id.* at 183 (emphasis added). Numerous courts have since distinguished *Baltimore Law Firm* and continued to

---

[2] In his resistance, Wendt notes his Facebook account is 45,000 pages and his email account contains nearly 50GB of data. Dkt. 119 at 10. Though it's not clear precisely what Wendt thinks should happen, he appears to stop short of asking the Court to undertake this review.

4

approve the use of government filter teams. *See, e.g., In re Sealed Search Warrant*, 11 F.4th 1235, 1250-52 (11th Cir. 2021); *United States v. Avenatti*, 559 F. Supp. 3d 274, 282-83 (S.D.N.Y. 2021); *In re Search Warrants Executed on April 28, 2021*, No. 21-MC425, 2021 WL 2188150, at *2 & n.3 (S.D.N.Y. May 28, 2021).

### V.     Review procedures.

Wendt complains about perceived shortcomings in the government's protocol. He notes, for example, that it doesn't identify the specific review platform or search terms that will be used.[3] Dkt. 119 at 11. Wendt cites no authority for the proposition that a filter protocol requires this level of granular detail. Filter protocols often must be adapted to different accounts and devices, as this case demonstrates, and some level of generality allows the protocol to work.[4]

Wendt also complains that he shouldn't have to "create a privilege log for every single privileged document." Dkt. 119 at 11. He doesn't really say why, and there's nothing unduly onerous about having him do so. *See United States v. Manzi*, 2021 WL 3206829, at *2 (D. Neb. July 29, 2021) (approving use of filter team and rejecting defendant's complaints "about having to take a laboring oar in that process").

---

[3] Wendt also complains that the government didn't provide him his email account "in a readily searchable format." Dkt. 119 at 11. The government produced the account to Wendt in the same format the government received it from the service provider. Presumably Wendt's counsel can utilize a review platform to review the account.

[4] To the extent the Court needs to know, the government previously had Wendt's email account loaded into the review platform Relativity. That platform allows the account to be searched, and the government previously asked Wendt to provide the names of his attorneys so that searches for those names could be done and responsive materials reviewed for privilege. *See* GX 2 at 6. A similar search process may be used for Wendt's Facebook account. As for the two phones, if the protocol is approved and Wendt provides identifying information for his attorneys, the government believes it can extract the contents of the phones in a manner that would not include communications with the identified attorneys. If Wendt has particular concerns about privileged material that would not be "readily apparent," (Dkt. 119 at 11), the government would work with his counsel to address those.

                    Respectfully submitted,

                    Richard D. Westphal
                    United States Attorney

By:   /s/ *Ryan W. Leemkuil*
       Mikaela J. Shotwell
       Ryan W. Leemkuil
       Assistant United States Attorneys
       U.S. Courthouse Annex, Suite 286
       110 E. Court Avenue
       Des Moines, Iowa 50309
       Tel: (515) 473-9300
       Fax: (515) 473-9292
       Email: Ryan.Leemkuil@usdoj.gov
              Mikaela.Shotwell@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on April 10, 2023, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail _____ Fax \_\_\_\_\_Hand Delivery

\_\_X\_\_ECF/Electronic filing \_\_\_\_Other means

UNITED STATES ATTORNEY

By: */s/ Ryan W. Leemkuil*