IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>        Plaintiff,<br><br>vs.<br><br>BRADLEY EUGENE WENDT and<br>ROBERT ALLEN WILLIAMS,<br>        Defendants. | No. 4:22-cr-00199-SHL-HCA<br><br><br>**ORDER REGARDING<br>COMMUNICATIONS WITH THE<br>COURT AND MOTION PRACTICE** |

      Defendants Bradley Eugene Wendt and Robert Allen Williams have filed numerous motions to compel, quash, or suppress, some of which are not yet fully briefed or are awaiting hearing (or both). (E.g., ECF 127; ECF 128; ECF 135; ECF 139; ECF 148.) The undersigned has been advised that on May 18, 2023 (i.e., today), counsel for Defendant Williams emailed Chief Magistrate Judge Helen C. Adams asking to "interview" her regarding the circumstances of warrants issued by Chief Judge Adams that are at issue in one or more of the pending motions. Counsel asked to "interview you [Chief Judge Adams] concerning those [warrants] in connection with the anticipated hearing on the motion(s) to suppress." A copy of the email is attached to this Order. Counsel for Defendant Williams also suggested to Chief Judge Adams during a hearing yesterday that he considered her to be a potential witness on the motion(s) to suppress.

      At the risk of stating the obvious, it is highly unusual to suggest that a sitting federal judge might be a witness in a case or ask that judge to participate in an "interview" about the case. Making such a request in an informal, one-paragraph email is utterly inappropriate. Counsel are reminded that any requests for relief from the Court—including, yes, asking a judge to participate in an "interview" about the case—must be made through motion practice filed on the electronic docket in accordance with the Federal and Local Rules.

      There are several reasons why it is important for requests for relief to be made through formal motion practice. <u>First</u>—and, again, at the risk of stating the obvious—the Court needs to understand the legal and factual basis for the relief being sought. The Local Rules require this in any formal filing. Local Criminal Rule 47 states that "Local Rule 7 governs motion procedure in criminal cases" except as to certain timing issues. In turn, Local Rule 7(b) requires, *inter alia*, that

all motions be made in writing, served upon all other parties, and "contain citations to all statutes or rules under which the motion is being made." Similarly, Local Rule 7(d) requires a "brief containing a statement of the grounds for the motion and citations to the authorities upon which the moving party relies." *See also* Fed. R. Crim. P. 47(b) ("A motion must state the grounds on which it is based and the relief or order sought."). By contrast, an attorney asking for relief via an informal email might claim not to be governed by the requirements of these Rules, thus leaving the Court without important information about the factual and legal basis for the relief being requested. For example, as relevant here, the Court needs to understand whether it is even permissible for a sitting federal judge to be interviewed or serve as a witness in a pending case and, if so, whether any prerequisites to such an interview or testimony have been satisfied.

Second, and relatedly, the Federal and Local Rules serve an important screening and filtering role that is sometimes not present in informal types of communication like email. For example, an attorney may be committed to seeking some form of relief until he or she researches the issue and discovers there is no legal authority supporting it, at which point the attorney decides not to file a motion. When this occurs, the Court and opposing parties are relieved of the expenditure of time and resources that otherwise would have been necessary to address the issue. This screening and filtering process may not occur when an attorney simply fires off an email.

Third, motion practice carries other formalities that play an important role in supporting the administration of justice. For example, an attorney must sign a motion, include the case caption, and file it through the electronic filing system, thus triggering clear rules for the opposing party as to when a response is due and what form it must take. No such rules exist for informal emails. Instead, opposing attorneys or parties are forced into the awkward position of having to decide whether to "reply all" and respond to the substance of the email (thus perpetuating the improper format) or remain quiet and worry that the judge might treat silence as acquiescence. Requiring all requests for relief to occur via formal motion practice protects opposing attorneys or parties from being placed in this difficult position. Formal motion practice also creates a clear record in circumstances where the attorney's filing is so frivolous, obstructive, or laden with bad faith that it might warrant sanctions. *See, e.g.*, *In re McMinn*, No. 02-4066MC, 2002 WL 31972352, at *4 (N.D. Iowa Nov. 25, 2002) ("This court has the inherent authority to sanction lawyers who willfully and intentionally violate its lawful orders. This authority arises from the power of federal courts to exercise those inherent powers which are necessary to the exercise of all others, and

includes the authority to sanction counsel who willfully abuse the judicial process." (cleaned up and internal citations omitted)); *see also Chambers v. NASCO, Inc.*, 501 U.S. 32, 43 (1991) ("[A] federal court has the power to control admission to its bar and to discipline attorneys who appear before it."); *In re Steinback*, 22-MC-2 CJW, 2022 WL 1997192, at *11 (N.D. Iowa June 6, 2022) (imposing sanctions).

    For these reasons, among others, the Court ORDERS the parties to make all requests for relief to the Court through formal motion practice in accordance with the Federal and Local Rules, including, *inter alia*, the requirement in Local Rules 7(b) and (d) that such requests be supported by citations to authority. Emails to the Court are no longer permitted. The Court further ORDERS the parties to ensure that all such filings comply with the Iowa Rules of Professional Conduct. Failure to comply with this Order may result in sanctions, including, but not limited to, penalties for contempt of court pursuant to Fed. R. Crim. P. 42.

    As the recent email from counsel for Defendant Williams to Chief Judge Adams does not comply with the Federal or Local Rules in any respect, the Court will not consider it. It is a nullity.

    IT IS SO ORDERED.

Dated: May 18, 2023

STEPHEN H. LOCHER
U.S. DISTRICT JUDGE