IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |
|---|---|
| UNITED STATES OF AMERICA,<br><br>v.<br><br>BRADLEY EUGENE WENDT, and<br>ROBERT ALLEN WILLIAMS,<br><br>Defendants. | Criminal No. 4:22-cr-199<br><br>GOVERNMENT'S UNRESISTED<br>MOTION TO CONTINUE<br>HEARING DATE ON MOTION<br>TO SUPPRESS |

1.   The Court has set a hearing on Defendant Wendt's and Defendant Williams' Motions to Suppress (collectively Dkts. 127, 135, 139) for June 7, 2023, at 9:00 a.m.  Dkt. 172.

2.   Counsel for the government is unavailable on that date and much of the week of June 5-9, 2023.  Defendants do not object to a brief postponement of the hearing, to the following week.  The parties are available any time on June 12, June 14, or June 15 for the rescheduled hearing.

3.   Defendants specifically request a 9:00 a.m. hearing time, apparently in anticipation of a lengthy evidentiary hearing.  Williams' counsel indicated at a May 17 hearing before Judge Adams that he expects to present evidence on a host of issues that would require a full day of the Court's time.  Although Wendt's counsel indicated at the May 17 hearing that this suppression hearing would only be argument related to "legal issues," he has now told the government he also expects to present evidence.

1

4. For the reasons stated in its response to the motions to suppress, the government does not believe evidence is appropriate or necessary to resolve the pending motions. An evidentiary hearing "is unnecessary if the district court can determine that suppression is unwarranted as a matter of law." *United States v. Yielding*, 657 F.3d 688, 705 (8th Cir. 2011). These motions challenge the validity of search warrants and should be evaluated based on the four corners of the warrants and affidavits. *See, e.g., United States v. Mims*, 812 F.2d 1068, 1073-74 (8th Cir. 1987) (holding defendant was not entitled to an evidentiary hearing on motion to suppress that challenged probable cause for search warrant).

5. If the Court nonetheless permits the defendants to present evidence, it would be helpful for the parties to understand: (1) the disputed factual issues on which the Court will hear evidence; and (2) the time the Court intends to allocate for this hearing. That will assist the parties in better preparing for the hearing and to use the Court's time and resources efficiently.

WHEREFORE, the government respectfully requests the Court continue the hearing date as requested herein and provide the parties with clarification on whether the Court intends to hear evidence at the hearing on the Motions to Suppress.

> Respectfully submitted,
>
> Richard D. Westphal
> United States Attorney
>
> By: /s/ *Mikaela J. Shotwell*
> Mikaela J. Shotwell

Ryan W. Leemkuil
Assistant United States Attorneys

Shai D. Gonzales
Special Assistant U.S. Attorney

U.S. Courthouse Annex, Suite 286
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Mikaela.Shotwell@usdoj.gov
Ryan.Leemkuil@usdoj.gov
Shai.Gonzales@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on May 24, 2023, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____U.S. Mail _____ Fax _____Hand Delivery

__X__ECF/Electronic filing ____Other means

UNITED STATES ATTORNEY

By: */s/ Mikaela J. Shotwell*

3