IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 4:22-cr-00199-SHL-HCA |
| Plaintiff, | |
| vs. | ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR DISCOVERY PROTOCOL GOVERNING MATERIAL SUBJECT TO CLAIMS OF PRIVILEGE BY USA AS TO BRADLEY EUGENE WENDT |
| BRADLEY EUGENE WENDT, | |
| Defendant. | |

The Government filed two Motions for a Discovery Protocol Governing Material Subject to Claims of Privilege with respect to both Defendants Wendt and Williams. ECF Nos. 114 and 115. In this Order, the Court will rule on the motion as it relates to Defendant Wendt, ECF No. 114. The Court already has addressed the motion as it relates to Defendant Williams, ECF No. 115, in a separate order, ECF No. 191. Defendant Wendt filed a response to the motion, ECF No. 119, and the Government filed a reply. ECF No. 121. On May 17, 2023, the Court held a hearing on the motion. Nick Klinefeldt and Rachel Yaggi were present on behalf of Defendant Wendt, who also was present, and Ryan Leemkuil and Mikaela Shotwell represented the Government.

The issue before the Court is the appropriate protocol that the Government should use to perform a privilege review of (1) Wendt's emails in his Hotmail account, (2) Wendt's personal Facebook account, and (3) the downloads of Wendt's cellular telephone(s) on August 31, 2022, and January 11, 2023, that were obtained by the Government through search warrants.[1] The

---

[1] Wendt, in his resistance, raises an argument that the Government engaged in a violation of *Garrity v. New Jersey*, 385 U.S. 493, 500 (1967). ECF No. 119 at 2. Wendt also raises concerns about the various search warrants obtained by the Government. ECF No. 119 at 3–5. The Court notes that these issues are the subject of other motions that have been ruled on by the District Judge (ECF Nos. 127, 135, 139, and 194), and therefore, they will not be addressed in this Order.

Government submitted a proposed protocol as Government's Exhibit 1 to the motion. ECF No. 114-1.

Except for the January 11, 2023, telephone download, the parties agree that the Government obtained the information before Wendt was indicted and had obtained counsel to represent him in this criminal matter.  Accordingly, it is not anticipated that those records will contain privileged communications between Wendt and his criminal defense counsel. Wendt contends that he has been represented by lawyers in other non-related matters of which the Government is aware, and that privileged communications between Wendt and those other lawyers are present in the accounts in the Government's possession.

Wendt asserts that the Government's proposed privilege review protocol is completely inadequate. ECF No. 119 at 8. Instead, Wendt proposes that the Court impose the protocol suggested by Wendt.[2] ECF No. 119 at 13–14. At the hearing, the Court asked Wendt's counsel whether he was *per se* objecting to the use of a filter team or was simply arguing that the filter team proposed by the Government was not adequate. Mr. Klinefeldt responded that he was not making a blanket objection to filter teams but rather was objecting to the filter team as proposed by the Government. For example, Wendt argued that the filter team should not consist of individuals working for the United States Attorneys' Offices for either the Northern or Southern Districts of Iowa. The government was agreeable to using individuals employed by the Department of Justice outside of the Northern and Southern Districts of Iowa.

---

[2] As mentioned in footnote 1, Wendt alternatively argues that the Court should require a complete record be made by the Government, followed by an evidentiary hearing, and imposition of sanctions, including suppression of information.  The suppression and *Garrity* issues have been ruled on by the District Judge and will not be addressed in this Order.

After a lengthy colloquy with counsel at the hearing, the Court finds that the following protocol shall be employed by the parties to conduct a privilege review of Wendt's Hotmail, Facebook account, and telephone downloads. The protocol is consistent with the detailed protocol approved by the United States Court of Appeals for the Eleventh Circuit, *In re Sealed Search Warrant & Application for a Warrant by Tel. or Other Reliable Elec. Means*, 11 F.4th 1235, 1243, 1249–52 (11th Cir. 2021), *cert. denied*, 143 S. Ct. 88 (2022); *see also id.* at 1249 (citing cases from the Second, Third, Fourth, Seventh, Eighth, Ninth, and Tenth Circuits, including *United States v. Howard*, 540 F.3d 905, 906 (8th Cir. 2008), *cert. denied*, 555 U.S. 1202 (2009); *see also Howard*, 540 F.3d at 906 ("phone calls from the jail were recorded and sent to the FBI, where a 'taint team' redacted privileged conversations by making copies of the original recordings, except for those made by [defendant] to his attorney. The redacted recordings were then forwarded to the prosecutor, who produced them to [defendant]").

1. The Government shall utilize a filter team to conduct the privilege review. The filter team shall consist of persons employed by the Department of Justice outside of the United States Attorneys' Offices for either the Northern or Southern Districts of Iowa. The members of the filter team will have no previous or future involvement in the prosecution of this case. The Government shall advise Defendant Wendt's counsel of the identity of the person or persons, including title, contact information, and location, who shall make up the filter team.

2. Wendt's counsel shall provide the filter team with a list of all e-mail addresses, including internet domain names of any law firm, names, and telephone numbers of any/all attorneys and legal staff who have represented Wendt on any legal matters currently or in the past, and who Wendt believes he communicated with through one of the accounts in the Government's possession.

3. Within five business days of the date of this Order, Wendt shall notify the Government in writing as to which option (A or B) he has chosen for the next step of the process.
   Option A:  Wendt, through his counsel, may conduct the initial privilege review and provide the filter team with a privilege log of any items he believes to be privileged.
   Option B: The filter team will conduct the initial privilege review and provide Wendt with a privilege log of the items that the filter team believes to be privileged.

4.  To the extent that the filter team and Wendt's counsel agree on the items that should be privileged "Selected Items," the filter team will segregate the Selected Items from the master downloaded accounts in the Government's possession. None of the Selected Items shall be provided to any member of the Prosecution Team or to any other individual in the United States Attorneys' Offices for either the Northern or Southern Districts of Iowa (unless the Court orders otherwise). The filter team will provide a copy of the Selected Items to Wendt's counsel and a copy shall be provided to the Court. The filter team will then delete all copies of the Selected Items in the Government's possession.

5.  The filter team and Wendt's counsel promptly shall discuss any privilege log entries on which they disagree. If Defendant Wendt believes that other items should have been identified as privileged as part of the privilege review, he shall so notify the filter team within five business days of receipt of the initial privilege log and shall include the dates on which he believes such items were sent and by whom. The filter team shall than conduct a further search to determine if any additional items could be located and whether those items should be classified as privileged. If there is an unresolved dispute as to whether a particular item should be classified as privileged or not, Wendt's counsel and the filter team shall file a joint notice to the Court within three business days of the meet and confer. Either the Court or a Special Master appointed by the Court shall rule on the dispute.

6.  If Wendt does not notify the filter team of any additional emails within the five-day period noted in Paragraph 5, the filter team shall produce to the prosecution team all remaining non-privileged items for further use in the criminal case. If there is a dispute about whether an item is or is not privileged, the filter team will not provide the disputed items to the prosecution team until after the Court or a Special Master appointed by the Court has ruled on the privilege status.

7.  Pursuant to Federal Rule of Evidence 502(d), any Selected Items or disputed items produced to Defendant Wendt or the Court under this Order shall not constitute a waiver or forfeiture of any privilege claim in this litigation or any other federal or state judicial or administrative proceeding.

8.  Upon completion of the privilege review process, the filter team (or its representative) and the U.S. Attorney's Office for the Southern District of Iowa shall file certifications stating that they complied with their respective obligations under the Court's Order.

If the Government or Defendant Wendt believe that any other conditions or terms are required in this privilege review protocol, the party shall within five business days of this Order file a request with the Court specifying the specific term or condition being requested and a verification that the movant has raised the additional term with the opposing party, including the position taken by the opposing party. The Court will review and decide whether the request will

be granted. In no event shall any such request prohibit the Government from moving forward with the privilege review consistent with this order.

Accordingly, the Court **grants in part and denies in part** the Government's Motion for Discovery Protocol Governing Material Subject to Claims of Privilege with respect to Defendant Wendt. ECF No. 114.

IT IS SO ORDERED.

Dated June 15, 2023.

Helen C. Adams
Chief U.S. Magistrate Judge