IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRADLEY EUGENE WENDT and ROBERT ALLEN WILLIAMS,<br><br>    Defendants. | No.  4:22-cr-00199-SHL-HCA<br><br>**ORDER REGARDING *KASTIGAR* HEARING** |

On July 10, 2023, the Court will hold a *Kastigar* hearing to determine whether the prosecution of Defendant Bradley Eugene Wendt has been impermissibly tainted by the Government's use of statements made by Wendt under promise of immunity. In anticipation of the hearing, both sides have submitted filings in response to the Court's Order dated June 9, 2023. (ECF 194, pp. 18–19.) First, on June 20, 2023, the Government filed a Report to Court and Professional Statement that, *inter alia*, summarized the Government's access to and use of immunized statements. (ECF 215.) Second, on June 27, 2023, Wendt filed his Response to Government's Report Regarding *Kastigar* Hearing. (ECF 220.) Wendt's Response identifies eleven areas in which he wants more information from the Government regarding access to and use of immunized statements. (Id., pp. 3–5.) He also seeks copies of five categories of discovery beyond what the Court already ordered (id., p. 3) and wants the Court to require the Government to produce two case agents for testimony at the *Kastigar* hearing (id., pp. 5–6).

The Court will not require sworn testimony from the Assistant United States Attorneys (AUSAs) at the hearing. Instead, it continues to believe that professional statements from counsel table will be sufficient—in conjunction with the Professional Statement the Government has already submitted—to obtain the information the Court needs from the AUSAs to allow an informed decision on the *Kastigar* issues. The Court will take the eleven issues raised in Wendt's Response into account when the Court asks questions of the AUSAs during the hearing.

The Court denies Wendt's request for copies of the five items identified in his Response. His request for copies of "[a]ll discovery identified in the Government's discovery index" is wildly overbroad given that the Court has already ordered the Government to provide copies of discovery

1

materials with potential relevance to the *Kastigar* issues; i.e., "all witness statements . . . that refer directly or indirectly to the substance of statements made by Wendt during the October 26, December [19], and/or January 11 City Council meetings." (ECF 194, pp. 18–19.) Wendt's request for copies of "[a]ll discovery" appears to be a backdoor attempt to have the Court exceed the limitations of 18 U.S.C. § 3500 and Fed. R. Crim. P. 16(a)(2) and (3) and 26.2. The Court declines to do so.

For similar reasons, the Court declines to order the production of copies of all communications and call logs between: (a) the investigating agents and city officials; and (b) the investigating agents and members of the prosecution team. (*See* ECF 220, p. 3.) These categories of information would not appear to add anything that is not already captured in the copies of the witness statements that already have been produced. Moreover, and in any event, it is the Court's understanding that the communications Wendt seeks already are available for review at the U.S. Attorney's Office. Wendt's counsel has had ample opportunity already—and presumably will have more opportunities in the next ten days—to review those materials there.

Finally, the Court will not dictate to either side which witnesses they must have available at the *Kastigar* hearing. In the Order dated June 9, 2023, the Court preemptively addressed the issue of possible sworn testimony from the AUSAs so that both sides would have clarity on that delicate issue. (ECF 194, p. 19.) Beyond that, the Court stated that it "leaves for each side to decide for itself what evidence or testimony to present in the *Kastigar* hearing, keeping in mind the governing legal standards and allocation of the burden of proof." (Id.) Nothing has changed since June 9. If Wendt wants to ensure the attendance of any non-AUSA witnesses, he should reach out to the Government or, if necessary, use compulsory process.

**IT IS SO ORDERED.**

Dated this 29th day of June, 2023.

_____
Stephen H. Locher
UNITED STATES DISTRICT JUDGE