IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRADLEY EUGENE WENDT and<br>ROBERT ALLEN WILLIAMS,<br><br>    Defendants. | 4:22-cr-00199-SHL-HCA<br><br>ORDER |

Before the Court is Defendant Bradley Eugene Wendt's Motion to Compel Discovery and Request for Sanctions, filed April 19, 2023. ECF No. 128. The Government filed a resistance on May 3, 2023. ECF No. 132. Wendt filed a reply on May 10, 2023. ECF No. 136. The Court held a hearing on the motion on June 12, 2023.[1] ECF No. 197. During the pendency of Wendt's motion, the parties resolved some of the disputes, and Judge Locher ruled on many others. *See* Order of June 9, 2023, ECF 194; Order of June 29, 2023, ECF No. 222. The Court now grants in limited part and denies in part the remainder of Wendt's April 19 motion.

**I. Wendt's April 19, 2023, Motion**

Wendt argued the Government violated Federal Rule of Criminal Procedure 16;[2] *Brady v. Maryland*, 373 U.S. 83 (1963); Federal Rule of Criminal Procedure 26.2; violated attorney-client

---

[1] Defendant Robert Allen Williams joined in Wendt's motion, ECF No. 154, and was represented by counsel at the June 12, 2023, hearing. The Government has since filed a motion to dismiss the Indictment against Williams, and Williams has filed a joinder in that motion. ECF Nos. 224 and 225. Consequently, the Court addresses the discovery disputes only as to Wendt.

[2] Wendt argued the Government violated Rule 16 as follows:
    1. The Government failed to produce copies of any additional Rule 16 materials until January 31, 2023. This is despite Wendt being entitled to copies of the discovery, Wendt's requests confirming he wanted copies, the Government having the materials for several months, and it being easy for the Government to produce the copies. The Government's only excuse was that it could not identify what constituted Rule 16

privilege, privilege under *Garrity v. New Jersey*, 385 U.S. 493 (1967), and the search warrant process; imposed unconstitutional restrictions on discovery to leverage Wendt into signing a restrictive discovery and protective order; and has not dealt in good faith with Wendt in producing or responding to discovery requests. ECF No. 128-1 at 6–14. Wendt argued he is entitled to copies of all discovery under Rule 16 and 26.2, 18 U.S.C. § 3500, *Brady*, *Giglio v. United States*, 405 U.S. 150 (1972), and *Kyles v. Whitley*, 514 U.S. 419, 437 (1995); that he is entitled to not just exculpatory and impeachment information in the custody of the U.S. Attorney's Office but also anything in the possession, custody, or control of the entire prosecution team, including but not limited to any law enforcement agency or task force that assisted the Government in this case. ECF No. 128-1 at 15. Wendt argued the Government's restrictive procedures for sharing documents are discouraged by Department of Justice policy, *id.* at 16–18, the American Bar Association, *id.* at 18, and Iowa Rule of Professional Conduct 32:3.8, *id.* at 18. Wendt requested five general categories of materials:

---

> materials and wanted to be an obligation on Wendt to request the specific materials. However, this was clearly disingenuous because not only is that not the law, *see infra*, but the Government refused to produce anything beyond Wendt's interview and his non-existent criminal record.
> 2. The Government did not produce copies of the search warrant documents until February 2, 2023.
> 3. The Government did not produce the case materials of the cooperating witness against him until February 2, 2022.
> 4. The Government did not produce recordings of the Adair City Council meetings until February 2, 2022.
> 5. The Government did not produce Wendt's phone download from August 31, 2022 until February 27, 2023.
> 6. The Government did not produce Wendt's phone download from January 11, 2023 until March 9, 2023.
> 7. The Government still has not produced Former Councilman Gettler's phone download despite imaging it over two and a half months ago.

ECF No. 128-1 at 7–8.

- Copies of all discovery, not simply access to discovery at the U.S. Attorney's office. *Id.* at 19–20.

- Phone download of former City Council member Jeremy Gettler. *Id.* at 20–21.

- All substantive case-related communications, including but not limited to, communications between agents, communications between agents and prosecutors, and communications between agents and/or prosecutors and potential witnesses. *Id.* at 21–22.

- Agent notes of Special Agents Kevin Kohler and Kelly Etnier. *Id.* at 22–23.

- All communications and documents possessed by the Bureau of Alcohol, Tobacco, Firearms, and Explosive National Firearms Act Division (ATF NFA Division) related directly or indirectly to Wendt. *Id.* at 23–27.

Wendt requested the Court review materials *in camera*, if needed, to determine if they should be produced to Wendt. *Id.* at 27. Finally, Wendt requested evidentiary sanctions. *Id.*

## II. The Court denies Wendt's request for copies of discovery and agent/prosecutor/witness communications

On June 9, 2023, Judge Locher ordered the Government to provide Wendt copies of certain grand jury and witness statements in advance of a hearing under *Kastigar v. United States*, 406 U.S. 441, 460 (1972). ECF No. 194 at 18–19. On June 29, 2023, Judge Locher denied Wendt's request for additional materials, including:

- All discovery identified in the Government's discovery index.

- All emails and text messages between Agent Etnier and the Mayor or any other City Official.

- All call logs between Agent Etnier and the Mayor and any other City Officials, including not just the date and time of the calls but the length of the calls.

- All emails from Agent Etnier to other members of the prosecution team regarding the substance of any communications he has had with the Mayor or any other City Officials.

- All emails from Agent Kohler to other members of the prosecution team regarding the substance of any communications he has had with the Mayor or any other City Officials.

Wendt Response, ECF No. 220 at 3 (numbers removed); ECF No. 222 at 1 ("The Court denies Wendt's request for copies of the five items identified in his Response.").

At the hearing on June 12, 2023, Wendt acknowledged the following items were no longer at issue:

- The Court's prior discovery ruling as to Wendt's codefendant, Robert Allen Williams. Judge Locher upheld the undersigned's prior ruling that the Government is not obligated to provide copies of all discovery to Williams. *See* ECF No. 194 at 31.

- Phone download from former City Council member Gettler. The Government produced the download to Wendt.

At the hearing Wendt focused his arguments on his request for copies of all discovery, and the ATF NFA Division Communications and documents, although he mentioned in passing his request for agent notes, and communications among the prosecutors, agents, and witnesses. Wendt argued the broad scope of *Brady*, ethical rules, and Department of Justice policy support his position that "disclosure" encompasses more than simply making materials available for a defendant to peruse at the U.S. Attorney's Office, particularly when the materials can be shared electronically. Wendt asserted the way the U.S. Attorney's Office permits review of discovery significantly restricts his ability to review documents, discuss them, prepare the defense, or use them during court proceedings. Wendt argued additional disclosure and copies are warranted based in large part on the Government's delays in releasing information and Judge Locher's decision that some of Wendt's statements are protected from use under the Fifth Amendment.

Judge Locher has twice ruled, however, there is no binding authority requiring the Government to provide early copies of investigative reports, witness statements, and grand jury transcripts to the defense. ECF No. 194 at 30–31; ECF No. 222 at 2. "[I]n the absence of a Government stipulation or other unique circumstances not present in [codefendant] Williams's case, the Court cannot force the Government to make copies of those materials [witness statements, investigative reports, and grand jury transcripts] on terms the Government is unwilling to accept. ECF No. 194 at 31. The same is true for Wendt. Judge Locher has ordered

4

the Government to provide Wendt copies of grand jury transcripts and witness statements in advance of the *Kastigar* hearing. *Id.* at 18–19 & n.5. Judge Locher has denied Wendt's request for copies of additional materials, including agent communications with witnesses and prosecutors:

> Wendt's request for copies of "[a]ll discovery" appears to be a backdoor attempt to have the Court exceed the limitations of 18 U.S.C. § 3500 and Fed. R. Crim. P. 16(a)(2) and (3) and 26.2. The Court declines to do so.
> For similar reasons, the Court declines to order the production of copies of all communications and call logs between: (a) the investigating agents and city officials; and (b) the investigating agents and members of the prosecution team.

ECF 222 at 2. To the extent Wendt raises additional facts or arguments for obtaining copies and communications, or requests documents in the Government's case file that Judge Locher has not already addressed, the Court finds and concludes there is no current need for the Government to provide Wendt additional discovery or copies. Consequently, based on the record before the Court, sanctions are also not warranted.[3]

### III. The Court grants in limited part Wendt's request for certain communications and documents possessed by the ATF NFA Division

The remaining category of documents Wendt seeks are certain communications and documents possessed by the ATF and ATF NFA Division. ECF No. 128-1 at 26–27. Wendt originally requested the following:

> 22. All documents from the ATF including but not limited to any branch, division, field office, office, etc. regarding Wendt;
>
> 23. The ATF NFA Division's guidance regarding machine gun transfers;
>
> 24. Any communications between Wendt and the ATF NFA Division regarding machine guns;

---

[3] One of the potential sanctions Wendt requested is dismissal of the case. ECF No. 128-1 at 27. The undersigned does not have authority to dismiss the case and does not recommend it. *See* 28 U.S.C. § 636.

5

> 25. Any internal communications within the ATF NFA Division or between the ATF NFA Division and a third party that related directly or indirectly to Wendt;
>
> 26. Any guidance or knowledge of the ATF NFA Division regarding machine gun shoots or the ability of police departments or law letter holders to allow others to fire the machine guns;
>
> 27. Information held by the Government regarding the ownership or use of machine guns in local police departments;
>
> 28. Information held by the Government, including the ATF NFA Division, of any [Federal Firearms Licensee Special Occupational Tax] FFL SOT other than Wendt also being a law enforcement official authorized to write law letters;
>
> 29. The denial by ATF of any transfer of machine guns based on the ATF determining that the machine gun was not appropriate for use by the requesting law enforcement agency, the size of the town, the number of law enforcement officers;
>
> 30. Any benefit received by Wendt regarding machine guns and the ATF NFA Division's knowledge or approval of that benefit as well as its knowledge or approval of other FFL SOTs receiving similar benefits; and
>
> 31. All impeachment information including, but not limited to, Marcum and the counts and allegations concerning him.

*Id.* (paragraph numbering in original). Wendt argues *Brady* and its progeny require the Government to produce not just what the U.S. Attorney's Office possesses but also what the entire prosecution team has in its possession or access.

The ATF NFA Division is the regulatory branch of the ATF. ECF No. 132 at 15 n.12. At the hearing, Wendt acknowledged the Government had produced information he had requested from the ATF NFA Division and his counsel was in the process of reviewing that discovery. Without conceding that the ATF NFA Division is part of the prosecution team, the Government indicated it requested from the ATF NFA Division any materials subject to disclosure under *Brady*, that it disclosed responsive materials, and that it would continue to disclose materials it receives. The Government requested and is producing to Wendt the ATF NFA Division standard operating procedures in response to Wendt's request in paragraph 23 (guidance about machine

gun transfers) and paragraph 26 (guidance about machine gun shoots and the ability of police departments or law letter holds to allow others to fire machine guns). The Government represented, and Wendt did not object, that it produced responsive, discoverable materials to Wendt's requests for communications in paragraph 24 (emails between Wendt and the ATF NFA Division regarding machine guns) and paragraph 25 (internal emails at the ATF NFA Division that related to Wendt). In response to Wendt's request in paragraph 27 (information held by the Government regarding ownership or use of machine guns in local police departments), the Government argued Wendt already has a survey that Special Agent Etnier prepared on the topic. ECF No. 132 at 17. The Government also provided Wendt the entire ATF file on Jonathan Marcum in response to paragraph 31 (all impeaching information, including Marcum and the counts and allegations concerning him). The Government objected to as overbroad, privileged, or premature the remainder of Wendt's requests. *Id.* at 15–17. Wendt has not attempted to narrow the scope of the requested information.

      Wendt has offered no response to the Government's claim of privilege to the requests. To the extent Wendt requests privileged material that is not subject to discovery, it is up to the prosecutor to make that call. *See Kyles*, 514 U.S. at 437. However, the Government has an obligation "to learn of material and favorable exculpatory or impeachment evidence" and produce it to Wendt. *United States v. Robinson*, 809 F.3d 991, 996 (8th Cir. 2016). The Government understands withholding evidence violates due process "where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution." *Strickler v. Greene*, 527 U.S. 263, 280 (1999) (quoting *Brady*, 373 U.S. at 87). Consequently, the Court directs the Government to evaluate materials carefully and with

attention to its duty under *Brady*. *See Kyles*, 514 U.S. at 439 ("a prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence").

The Court finds and concludes that the Government has substantially complied with Wendt's requests from the ATF and ATF NFA Division. The Court directs the Government to produce any non-privileged ATF NFA documents that specifically reference Wendt and his purchases or attempted purchases of machine guns under a law letter commencing during the time-frame of two years preceding the Government's commencement of their investigation of Wendt to present. If not already done, the Government shall provide any non-privileged ATF NFA written guidance and/or standard operating procedures in place during the last five years that relate to requests 23 and 26 or the law letter process.

Accordingly, the Court grants in limited part and denies in part Wendt's Motion to Compel Discovery. ECF No. 128. Further, as noted above, the Court denies Wendt's Motion for Sanctions. ECF No. 128.

IT IS SO ORDERED.

Dated July 5, 2023.

*Helen C. Adams*
Helen C. Adams
Chief U.S. Magistrate Judge