IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY EUGENE WENDT,<br><br>Defendant. | Case No: 4:22-cr-199<br><br>**REPLY IN SUPPORT OF WENDT'S MOTION TO DISMISS** |

Defendant Bradley Eugene Wendt ("Wendt") submits this reply to the Government's Response to Wendt's Motion to Dismiss. The Government has charged this case based on what it wants the law to be as opposed to what the law is, and it cannot base false statement charges on unlawful requirements – especially, where the statements are ambiguous.

The Indictment against Wendt consists of 20 counts – Counts 2-19 are false statement counts and Count 1 is a conspiracy count based on the alleged false statements. Specifically, the false statements alleged in the Indictment are:

- Counts 2-3 ("Purchase Law Letters") – **"(1) that the machine guns would be used to carry out the official duties and responsibilities of the Adair Police Department; and (2) that the machine guns were not being acquired for the purpose of resale or transfer."**

- Counts 4-19 ("Demonstration Law Letters") – **"the machine gun(s) were requested for demonstration for future potential purchase by the Adair Police Department."**

Several problems prevent the Government from basing its Indictment on these alleged statements.

*First*, the statute, 18 U.S.C. § 922(o) ("the Statute"), plainly provides that a city has the authority to transfer, possess, or authorize the transfer or possession of a machine gun. 18 U.S.C.

1

§ 922(o) ("This subsection does not apply with respect to—(A) a transfer to or by, or possession by or under the authority of, the United States or any department or agency thereof or a State, or a department, agency or political subdivision thereof . . . ."). The Statute does not limit that right in any way. In other words, under the Statute, the City of Adair has the right to purchase or authorize the purchase of any machine gun regardless of whether the ATF thinks it is appropriate for law enforcement use or not.

*Second*, the Statute is unambiguous on this point and the ATF cannot enact a regulation to the contrary. When the ATF interprets a criminal statute too broadly or too narrowly, "a court has an **obligation** to correct its error." *Gun Owners of Am., Inc. v. Garland*, 992 F.3d 446, 455 (6th Cir. 2021) (citation omitted) (emphasis added); *see also United States v. Dodson*, 519 F. App'x 344, 349 (6th Cir. 2013) ("The ATF does not have the ability to redefine or create exceptions to Congressional statutes."). The ATF here is unconstitutionally overstepping its authority to interpret criminal laws.

The Government's attempt to save the Regulation is incredulous and highlights the problems with this case. Specifically, the Government claims it is the ATF – as opposed to the state or local government – that has the power to authorize the transfer or possession of machine guns to non-governmental entities. As such, it argues that the Regulation does not restrict the Statute but, rather, "expands" the Statute. Govt. Br. at 7. The ATF cannot authorize something Congress has prohibited. *See United States v. Whitney Land Co.*, 324 F.2d 33, 38 (8th Cir. 1963). Further, this is inconsistent with the plain reading of the Statute. It is the state or local government that Congress provided this authority to and not the ATF.

*Third*, the Regulation does not even require or allow for what the Government has alleged as false statements. There is not even a regulation that purports to impose the "purchase

law letter" requirement the Government made up in the Indictment. The Regulation only purports to set forth the "demonstration law letter" requirement. In terms of demonstrations, the Regulation only requires "letters from governmental entities expressing a need for a particular or interest in seeing a demonstration of a particular weapon." 27 C.F.R. § 479.105(a).

*Fourth*, the ATF's restrictions violate the Second Amendment. The Government claims that the Second Amendment is not implicated here because, other than Count 20, Wendt is not charged with "gun crimes" and "is not charged with failing to comply with an ATF regulation." Govt. Br. at 4, 6. Rather, the Government claims he is "accused of *lying* in the process of *using* that regulation." *Id*. at 6. What the Government misses is that it must prove that Wendt knowingly made a false statement and that it was material. *See* 18 U.S.C. 1001(a)(2). A statement is material if it is "capable of influencing the intended victim." *United States v. Roberts*, 881 F.3d 1049, 1052 (8th Cir. 2018); *United States v. Cowden*, 677 F.2d 417, 419 (8th Cir. 1982). In other words, it must be capable of influencing the ATF's decision – which is important here because the Statute and Regulation do not give the ATF any discretion. If, as a matter of law, the statement cannot influence the ATF's decision, then the statement cannot be material. The allegedly false statements are incapable of influencing the ATF's decision and thus, immaterial.

As pointed out in our initial brief, the Regulation and any additional restrictions the ATF seeks to impose beyond the Statute violate the Second Amendment. The Government refused to even attempt to meet its burden to justify the Regulation. As such, because the Regulation implicates the Second Amendment, the Government has not met its burden.

*Fifth*, the ambiguity alone would render this prosecution suspect under the Due Process Clause. The law is ambiguous as to what demonstration even means. *United States v. Johnson*,

937 F.2d 392, 399 (8th Cir. 1991) ("When the government has created an ambiguity upon which the defendant has reasonably relied in making his statement, the government will ordinarily be unable to negative the defendant's interpretation."). Wendt must know and understand that it was false. Here, the Government would have to prove that Wendt knew what the ATF terms of art meant. Bear in mind that these terms of art from the ATF, as admitted in the Indictment. They were not terms Wendt came up with on his own. They didn't even come out of the guidance in place at the time. *See* Dkt. #177, Ex. A. Rather, they apparently came out of template letters posted on the website. The ATF cannot require police chiefs to parrot terms back to them that are unconstitutional requirements, not allowed by Statute, not called for in the Regulation, not even in the guidance, and that are ambiguous on their own – and especially so when viewed in the larger context.

Moreover, if Wendt subjectively believed what he was saying was true and his interpretation was objectively reasonable, even if wrong, he cannot be guilty. *United States v. Anderson*, 579 F.2d 455 (8th Cir. 1978); *United States v. Harra*, 985 F.3d 196, 204 (3d Cir. 2021) ("to prove falsity beyond a reasonable doubt in this situation, the Government must prove either that its interpretation of the reporting requirement is the only objectively reasonable interpretation or that the defendant's statement was also false under the alternative, objectively reasonable interpretation"); *United States v. Whiteside*, 285 F.3d 1345, 1351-52 (11th Cir. 2002) ("In a case where the truth or falsity of a statement centers on an interpretive question of law, the government bears the burden of proving beyond a reasonable doubt that the defendant's statement is not true under a reasonable interpretation of the law."); *United States v. Rowe*, 144 F.3d 15, 21-23 (1st Cir. 1998) (finding that government bore the burden of negating reasonable interpretations because a reasonable interpretation of the underlying disclosure requirement

would render the defendant's statement true); *United States v. Migliaccio*, 34 F.3d 1517, 1523-25 (10th Cir. 1994).

***Finally***, per the Government's resistance, its case depends on Wendt acting outside the scope of his duties as Police Chief. According to the Government, its case boils down to the following: "Wendt *exploited* his position as Chief of Police by making false statements to obtain machine guns for his *personal* gain." Govt. Br. at 11 (emphasis in original). That is simply not true. However, for purposes of this motion, what is critical is that Wendt's authority as Police Chief is determined by two things and only two things – (1) the Statute and (2) the City of Adair. But the Government failed to allege anything about the latter and got the law wrong on the former. The same is true for Count 20 with respect to allowing members of the public to shoot machine guns and make them pay for the costs.

In conclusion, all counts in the Indictment against Wendt must be dismissed.

| | |
|---|---|
| Dated: July 10, 2023 | **FAEGRE DRINKER BIDDLE & REATH LLP** |
| | */s/ Nick Klinefeldt* <br> Nicholas A. Klinefeldt, AT0008771 <br> Rachel A. Yaggi, AT0014994 <br> 801 Grand Avenue, 33rd Floor <br> Des Moines, Iowa 50309 <br> Telephone: (515) 248-9000 <br> Fax: (515) 248-9010 <br> *Nick.klinefeldt@faegredrinker.com* <br> *Rachel.yaggi@faegredrinker.com* |
| | ***ATTORNEYS FOR DEFENDANT WENDT*** |

**CERTIFICATE OF SERVICE**

    I hereby certify that on this 10th day of July, 2023, I electronically filed the foregoing document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

                                                       */s/ Paulette Ohnemus*