IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:22-cr-199 |
| | ) | |
| v. | ) | GOVERNMENT'S REPLY TO |
| | ) | WENDT'S RESISTANCE TO |
| BRADLEY EUGENE WENDT, | ) | GOVERNMENT'S MOTION TO |
| | ) | EXCLUDE PROFFERED EXPERT |
| Defendant. | ) | TESTIMONY |
| | ) | |

The government offers this reply to Wendt's resistance to the government's motion to exclude proffered expert testimony. *See* Dkt. 282, 287.

## I. Wendt fails to address the numerous "opinions" Mr. Vasquez purports to offer on the law.

Much of the government's motion is based on the premise that Mr. Vasquez's proposed testimony improperly opines on the law. *See* Dkt. 282-1 at 3-7. In his resistance, Wendt agrees "it is for the Court to provide the jury instructions on the law." Dkt. 287 at 4. Wendt fails to address, however, the many instances in which Mr. Vasquez purports to opine on what the law is. Instead, Wendt just says the parties will likely have "significant disagreements" about what the Court's instructions should be. *Id.* That may be, but it is the Court's job—not that of an expert—to tell the jury what the law is. To the extent Wendt's expert purports to offer "opinions" on the law, it's improper expert testimony and should be excluded.

## II. Wendt's expert may not tell the jury what result to reach.

Wendt suggests that he may elicit expert testimony as to "whether a statement was true or false." Dkt. 287 at 6. This is proper, Wendt says, because an expert's

1

testimony may embrace the ultimate issue. *Id.* (citing Fed. R. Evid. 704). But the "abolition of the ultimate issue rule does not lower the bar so as to admit all opinions." Fed. R. Evid. 704, Notes of Advisory Committee on Proposed Rules. "Under Rules 701 and 702, opinions must be helpful to the trier of fact, and Rule 403 provides for exclusion of evidence which wastes time." *Id.* "These provisions afford ample assurances against the admission of opinions which would merely tell the jury what result to reach." *Id.*

Expert testimony on whether any allegedly false statement was "true or false" would not be helpful to the jury. That is precisely the question the jury will be required to answer based on all the trial evidence. "When an expert undertakes to tell the jury what result to reach, this does not aid the jury in making a decision, but rather attempts to substitute the expert's judgment for the jury's." *United States v. Hird*, No. 4:19-CR-3038, 2021 WL 1192810, at *2 n.1 (D. Neb. Mar. 30, 2021). The Court should exclude any expert testimony that purports to do the jury's job for it, including testimony as to whether any statement was "true" or "false." *See United States v. Kaye*, No. 21-80039, 2022 WL 860380, at *2-*3 (S.D. Fla. Mar. 23, 2022) (excluding expert testimony that defendant "did or did not satisfy the elements of a true threat"); *United States v. Hudson*, 813 F. Supp. 1482, 1489 (D. Kan. 1993) (excluding expert testimony on whether defendant's actions constituted a "knowing concealment").

### III. Wendt's expert disclosure is improperly vague.

The government's motion noted that some of Mr. Vasquez's purported opinions are so vague that they fail to satisfy Rule 16's disclosure requirements. *See* Dkt. 282-1 at 12-13. Wendt offers no meaningful response. *See* Dkt. 287 at 8. Instead, he says that he "provided more detail in [his] expert disclosure than the Government typically does in this district." *Id*. That is irrelevant. The question is whether Wendt's expert disclosure sets forth a "complete statement of all opinions" he will elicit from his expert and the bases and reasons for them. Fed. R. Crim. P. 16(b)(1)(C)(iii). Wendt also says that he's "been clear about his position on these topics throughout this case." Dkt. 287 at 8. But the government is not required to discern the opinions of Wendt's expert by examining Wendt's position on various topics "throughout this case." It's Wendt's obligation to provide a complete statement of his expert's opinions and the bases for them. He's failed to do so.

Rather than clarify matters, Wendt's resistance further muddies the waters as to what opinions his expert may offer. Wendt suggests, for example, that his expert will opine on the "authority" of a police chief and what machine guns might be "appropriate" for a police department or a machine gun shoot. Dkt. 287 at 6. Like much of Mr. Vasquez's expert disclosure, these are not actual opinions—they're a list of topics on which he apparently might offer opinions. Wendt's expert disclosure, even as supplemented by his resistance, fails to satisfy Rule 16's requirement for a "complete statement of all opinions the defendant will elicit." Fed. R. Crim. P. 16(b)(1)(C)(iii).

          Respectfully submitted,

          Richard D. Westphal
          United States Attorney

By:    /s/ *Ryan W. Leemkuil*
          Mikaela J. Shotwell
          Ryan W. Leemkuil
          Shai D. Gonzales
          Assistant United States Attorneys
          U.S. Courthouse Annex, Suite 286
          110 E. Court Avenue
          Des Moines, Iowa 50309
          Tel: (515) 473-9300
          Fax: (515) 473-9292
          Email: Mikaela.Shotwell@usdoj.gov
                 Ryan.Leemkuil@usdoj.gov
                 Shai.Gonzales@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on January 18, 2024, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail  _____ Fax  \_\_\_\_\_Hand Delivery

\_\_X\_\_ECF/Electronic filing  \_\_\_\_Other means

UNITED STATES ATTORNEY

By: */s/ Ryan Leemkuil*, AUSA

4