IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | Criminal No. 4:22-cr-199 |
| v. | ) | |
| | ) | |
| BRADLEY EUGENE WENDT, | ) | **GOVERNMENT'S TRIAL BRIEF** |
| | ) | |
| Defendant. | ) | |

COMES NOW the United States of America, by and through undersigned counsel, and submits this Trial Brief.

## TABLE OF CONTENTS

I.   FACTS OF THE CASE ................................................................................... 2

II.  SPECIFIC TYPES OF EVIDENCE ............................................................... 3
    A.   Witness Testimony ................................................................................ 3
    B.   Business Records ................................................................................... 4
    C.   Fed. R. Evid. 1006 and 611(a) Summaries. ........................................... 5
    D.   Physical Exhibits. .................................................................................. 5

III. EVIDENTIARY ISSUES ................................................................................ 6
    A.   Witness Criminal Histories ................................................................... 6
    B.   Rule 404(b) Evidence ............................................................................. 7

Defendant Bradley Eugene Wendt is charged with conspiracy to make false statements to and defraud the ATF (Count 1); false statements to the ATF (Counts 2 through 14); and illegal possession of a machine gun (Count 15).[1]

---

[1] In anticipation of trial, the government moved to dismiss five counts of the original twenty-count indictment. Dkt. 289. The Court granted that motion and ordered that the remaining counts of the indictment be renumbered as Counts 1 through 15 for purposes of trial. Dkt. 289, 294.

## I.   FACTS OF THE CASE

Wendt is the Chief of Police for the City of Adair, Iowa. Wendt also owns and operates BW Outfitters, which is a federal firearms licensee (FFL) with gun stores in Anita and Denison, Iowa. BW Outfitters is an FFL with Special Occupational Tax (SOT) status, which allows BW Outfitters, in certain circumstances, to possess and deal in machine guns regulated by the National Firearms Act and Gun Control Act.

Since approximately July 2018, Wendt has exploited his position as the Adair Chief of Police to obtain and possess machine guns not lawfully available to the public. As detailed in the Indictment, Wendt did so by providing law letters to the ATF in which Wendt falsely stated, among other things, that: (1) machine guns were being purchased for the official use of the Adair Police Department and not for resale or transfer or (2) machine guns were being demonstrated to the Adair Police Department to evaluate them for potential future purchase by the Department.

Wendt's statements in these law letters were false. Regarding the purported purchases for the Adair Police Department, Wendt acquired and sold machine guns registered to the Department for his own personal use and gain. Regarding the purported demonstrations, the Adair Police Department was not considering purchasing those machine guns and Wendt was instead acquiring the machine guns for his own personal use, enjoyment, profit, and gain. Wendt similarly submitted false demonstration law letters to facilitate the transfer of machine guns to other FFL-SOTs, including co-conspirator Robert Williams.

Trial is scheduled to begin February 5, 2024. The government anticipates trial will last up to two weeks, inclusive of any defense case.

## II. SPECIFIC TYPES OF EVIDENCE

Set forth below are the primary types of evidence the government will seek to introduce at trial in this case.

### A. Witness Testimony

The government anticipates witness testimony from approximately twenty-five witnesses, including both law enforcement and civilian witnesses. Many of the civilian witnesses are not local to the Des Moines area, and several will be traveling from out of state for trial. Many of the civilian witnesses are representatives of FFL-SOTs who had dealings with Wendt regarding machine guns.

One of those witnesses is Johnathan Marcum. Wendt wrote law letters to facilitate the transfer of machine guns to Marcum's FFL-SOT. This was done pursuant to an arrangement in which Marcum planned to re-sell the machine guns for a profit and share those profits with Wendt. Wendt's dealings with Marcum are the subject of Counts 4 through 6 of the indictment.

The government intends to offer expert testimony from ATF Industry Processing Branch Chief William Swift. Swift will testify to the process by which government agencies and licensed dealers obtain and transfer machine guns. He will also testify to the capabilities and uses of certain types of machine guns. The government previously disclosed Swift as an expert witness.

The government intends to offer testimony from Austin Funk, a Firearms & Explosives Services Specialist from the ATF's Imports Branch. Funk will testify as a fact witness regarding the importation of machine guns relevant to this case. Funk

will also explain the process through which machine guns are imported into the United States and the paperwork required to do so. To the extent such testimony is considered "expert" in nature, the government previously disclosed Funk as an expert witness.

FBI Special Agent Kevin Kohler will serve as the case agent at trial. SA Kohler is an experienced agent and certified public accountant. SA Kohler will provide significant testimony, in both duration and breadth. SA Kohler will testify regarding Rule 1006 summary exhibits. These exhibits will include summaries of relevant machine gun transactions. The government intends to call SA Kohler twice during the trial. This approach is critical to provide the jury with extensive evidence in an organized and digestible fashion.

### B. Business Records

The government plans to introduce a substantial volume of business records. These will include bank records, purchase orders, invoices, and ATF records regarding machine gun transfers. No stipulations regarding these records have been executed. The government intends to admit them, however, as self-authenticating business records. *See* Fed. R. Evid. 803(6), 902(11). Business records certifications were obtained for these records and provided to defense counsel in discovery. With appropriate certifications in place, the government will seek a pretrial determination that these records are admissible without further foundation or testimony. This issue is further addressed in the government's motions in limine. On January 26, 2024, the government provided the Court and defense counsel copies of all exhibits the

government intends to admit as business records.

### C. Fed. R. Evid. 1006 and 611(a) Summaries

The government intends to admit summary exhibits under Federal Rule of Evidence 1006. These exhibits summarize law letters, machine gun transfers, and the purchase and sale of machine guns. These summary exhibits are admissible to show the content of voluminous documents that cannot be conveniently examined in court. *See* Fed. R. Evid. 1006. If admitted, these summaries would go with the jury during deliberations. Copies of the government's summary exhibits (Exhibits 701, 702, and 703) were provided to the Court and defense counsel on January 26, 2024. If Wendt challenges the factual accuracy of these summaries, he should notify the government so those issues can be addressed before trial.

The government will also use demonstrative exhibits as pedagogical devices under Federal Rule of Evidence 611(a). These demonstratives will be used during the testimony of the government's expert witnesses to help the jury follow and understand the expert testimony. These demonstrative exhibits will be marked for identification and used in witness examinations. The government will not, however, seek to admit these exhibits or have them with the jury during deliberations. *See, e.g., United States v. White*, 737 F.3d 1121, 1135-36 (7th Cir. 2013) (discussing distinction between admission of Rule 1006 summaries and the use of Rule 611(a) pedagogical summaries).

### D. Physical Exhibits

The government anticipates offering numerous machine guns as physical

exhibits at trial. Approximately 30 machine guns were seized in this investigation from BW Outfitters, Wendt's residence, the Adair Police Department, and Robert Williams's residence. The government intends to admit these firearms at trial. They are relevant because they are the very machine guns Wendt claimed he was acquiring for the Adair Police Department or for demonstration to the Department for future potential purchase. In addition to that intrinsic relevance, the physical nature and volume of machine guns is relevant to the veracity of Wendt's claims in law letters regarding the intended use of the machine guns. Some of the machine guns are larger than firearms typically admitted in criminal trials in this district. The government will work with the Court to accommodate their presence at trial.

In addition to the seized machine guns, the government intends to offer testimony from witness James DeGroat. Wendt commissioned Mr. DeGroat to build Wendt a minigun, purportedly so it could be demonstrated to the Adair Police Department for future potential purchase. Mr. DeGroat plans to bring a completed minigun to trial. The government intends to utilize this as a demonstrative exhibit to illustrate the type of machine gun Wendt commissioned.

### III.  EVIDENTIARY ISSUES

**A. Witness criminal histories.**

The government has disclosed to the defense criminal histories for all probable lay witnesses. One government witness, Johnathan Marcum, has a conviction that is admissible for impeachment purposes under Federal Rule of Evidence 609. No other witnesses appear to have impeachable prior convictions under Rule 609.

**B. Rule 404(b) evidence.**

Wendt filed a request for notice of any evidence the government intends to use under Federal Rule of Evidence 404(b). The government does not intend to admit any evidence under Rule 404(b). The government will, however, present evidence of the conspiracy charged in Count 1 that goes beyond the substantive false statement counts in the indictment. For example, the government will present evidence of firearms transfers as proof of the conspiracy to defraud and make false statements to the ATF, even if these specific transfers are not themselves the basis of a substantive false statement charge. This is not Rule 404(b) evidence, because it is intrinsic to the charged conspiracy. *See, e.g., United States v. Big Eagle*, 702 F.3d 1125, 1131 (8th Cir. 2013) (holding that evidence of uncharged bribes was intrinsic to charged conspiracy to receive kickbacks); *United States v. Ruiz-Chavez,* 612 F.3d 983, 988 (8th Cir. 2010) (holding that defendant's arrest with drugs and a firearm was intrinsic to charged conspiracy and not governed by Rule 404(b)).

        Respectfully submitted,

        Richard D. Westphal
        United States Attorney

By:   /s/   *Ryan W. Leemkuil*
       Mikaela J. Shotwell
       Ryan W. Leemkuil
       Shai D. Gonzales
       Assistant United States Attorneys
       U.S. Courthouse Annex, Suite 286
       110 E. Court Avenue
       Des Moines, Iowa 50309
       Tel: (515) 473-9300
       Fax: (515) 473-9292
       Email: Ryan.Leemkuil@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on January 29, 2024, I electronically filed the foregoing with the Clerk of Court using the CM ECF system.   I hereby certify that a copy of this document was served on the parties or attorneys of record by:

____ U.S. Mail    ____ Fax    ____ Hand Delivery

  X   ECF/Electronic filing        ____ Other means (email)

UNITED STATES ATTORNEY

By:   */s/ Ryan W. Leemkuil*
        Assistant United States Attorney