IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Criminal No. 4:22-cr-199 |
|  | ) |  |
| v. | ) | GOVERNMENT'S MOTION IN |
|  | ) | LIMINE TO EXCLUDE |
| BRADLEY EUGENE WENDT, | ) | DEFENDANT'S TRIAL EXHIBITS |
|  | ) |  |
| Defendant. | ) |  |
|  | ) |  |

The government has reviewed Defendant's proposed exhibits, having received them on Friday, February 2, 2024. Dkt. 307. Several of the exhibits Defendant intends to offer are inadmissible. The government moves to exclude them as follows.

**I.     NFA Communications**

Defendant's Exhibits 1001 through 1016 are NFA communications, which include internal emails among ATF and NFA division employees (Exhibits 1002-1004, 1006, 1008-1009, 1011-1014), emails between Defendant and NFA employees (Exhibits 1001, 1005, 1007, 1010) and an email from Troy McClendon to the NFA (Exhibit 1015).

A. <u>The NFA Communications are inadmissible hearsay</u>

Any statements in these emails, if offered to prove the matter asserted, are inadmissible hearsay. *See* Fed. R. Evid. 801(c), 802. Further, Defendant cannot offer his own statements in the email exchanges with NFA employees. A defendant's out-of-court statements, when offered by the defendant, are inadmissible hearsay. *United States v. Waters*, 194 F.3d 926, 931 (8th Cir. 1999); *cf.* Fed. R. Evid. 801(d)(2)(A).

Statements by NFA and ATF employees in these emails are not admissible as statements by a party-opponent. As Defendant acknowledged in his trial brief, there is a circuit split on whether statements by the government qualify as statements by a party opponent under Federal Rule of Evidence 801(d)(2). *See* Dkt. 301, p. 20. The Seventh Circuit has held they do not. *United States v. Arroyo*, 406 F.3d 881, 888 (7th Cir. 2005) (relying on prior reasoning that government agents are traditionally unable to bind the sovereign so their statements "seem less the product of the adversary process and . . . [therefore] less appropriately described as admissions of a party"). The D.C., First, Second, and Third Circuits have held they do—but only under narrow and limited circumstances. *See United States v. Morgan*, 581 F.2d 933 (D.C. Cir. 1978) (admitting statements by a CI that an agent included in a sworn affidavit to a judicial officer but clarifying that not "just any statement the informant might have made [wa]s admissible against the government"); *United States v. Kattar*, 840 F.2d 118, 131 (1st Cir. 1988) (admitting statements in legal brief because "assertions made by the government in a formal prosecution . . . establish the position of the United States and not merely the views of its agents who participate therein"); *United States v. Yildiz*, 355 F.3d 80, 82 (2d Cir. 2004) (distinguishing government attorneys in-court statements and filings from out-of-court statements by an informer, which are not admissible under Rule 801(d)(2)); *Lippay v. Christos*, 996 F.2d 1490, 1499 (3d Cir. 1993) (determining 801(d)(2) does not apply to statements by informants or law enforcement officers because such parties are not agents of the United States); *see also United States v. Xi*, No. CR 16-22-5 2021 WL 3910749, at *11

(E.D. Pa. Sept. 1, 2021) (determining FBI special agent's statements were not admissible because his role in the investigation was limited and he was not directed or supervised by the prosecution "on a continuing basis").

The Eighth Circuit has not reached this issue. Even assuming the Eighth Circuit would find the government can be a party-opponent under Rule 801(d)(2), the NFA communications here would not qualify as statements by a party-opponent. It is not enough that the emails at issue are from NFA employees. The government has not adopted any of the statements contained in the NFA emails, the government has not attested to the reliability of the statements made by the NFA employees, and none of the NFA employees were in a position to bind the government in this prosecution. The Court should deny admissibility of the NFA and ATF employees' emails on this ground.

### B. Impermissible non-hearsay purposes

The Court granted the government's motion to exclude testimony or argument that the ATF's failure or lack of diligence in uncovering Defendant's false statements is a defense to the charges against him. Dkt. 310, p. 32. As such, if Defendant intends to offer these emails not for their truth, but to argue NFA did not act diligently in response to Defendant's conduct, the Court should preclude him from doing so. The Court should also preclude Defendant from offering the NFA communications to elicit testimony that Defendant's statements must not have been material because the NFA knew of the statements and failed to act. As the Court recognized, such testimony risks presenting a misleading and inaccurate definition of "material" to the

jury. Dkt. 310 at 16; *see also United States v. Wintermute*, 443 F.3d 993, 1001 (8th Cir. 2006).

### C. Witnesses testifying about NFA communications must have personal knowledge

Finally, Defendant is not calling any of the NFA division employees who sent or received these emails as witnesses, or anyone that would be sufficiently familiar with their contents. *See* Dkt. 306; *see also United States v. Fluker*, 698 F.3d 988, 999 (7th Cir. 2012) (discussing the authentication of emails by witness with personal knowledge under Rule 901(b)(1) or by circumstantial evidence under Rule 901(b)(4)). Defendant could have subpoenaed these witnesses but chose not to. It is unclear to the government how Defendant intends to offer these NFA internal emails into evidence. Even if a foundational witness is not required to authenticate the NFA communications, Defendant cannot have a witness testify about them if that witness lacks personal knowledge.[1] *Kemp v. Balboa*, 23 F.3d 211, 213 (8th Cir. 1994) ("Rule 602 prohibits a lay witness from testifying about matters that are not within the personal knowledge of the witness."). If the Court finds these NFA emails are admissible, the Court should prohibit Defendant from questioning witnesses about them if those witnesses lack the requisite personal knowledge.

---

[1] Defendant argues in his trial brief that the government should not be able to object to the authenticity of the documents it has produced in discovery. Dkt. 301, p. 20. The government does not dispute the NFA communications are what they purport to be. But these exhibits are not admissible simply because the government produced them. And, even if admissible, Defendant still needs to admit them through a witness with personal knowledge.

4

## II.   NFA Guidance

Defendant's Exhibits 1017 through 1032 include a variety of NFA guidance, including the 220-page 2009 NFA handbook (Exhibit 1025).  Much—if not all—of this guidance appears aimed at establishing Defendant's view of the law: (1) machine gun shoots are legal; (2) demonstration need not be in anticipation of future purchase; and (3) stockpiling machine guns is legal. *See, e.g.*, Def. Exs. 1017, 1018, 1019, 1020, 1022, 1029. Indeed, Defendant has already offered two of these exhibits in support of a prior Motion to Dismiss for the very reason of arguing his view of the law.  *Compare* Def. Exs. 1026, 1029 *with* Dkt. 177-2, 177-3.  Many of these exhibits also contain detailed descriptions of the regulations, statutes, and both applicable and inapplicable case law.  *See, e.g.*, Def. Exs. 1019, 1020, 1022, 1024, 1029.

Defendant's Exhibits 1017–1022, 1024, 1026, 1029, and 1032 should be excluded.  First, it's the Court's job to instruct the jury on the governing law.  *See* Dkt. 310, pp. 13-15.  Second, the Court has already instructed the parties that they cannot present evidence or argument suggesting the law is different than it is.  *Id.* at 13, 17, 21.  Third, these exhibits are irrelevant, confusing, expansive, and will not aid the jury in evaluating the relevant issues at trial. Fed. R. Evid. 403.

Defendant's Exhibit 1025—the 220-page NFA Handbook—is irrelevant when offered in its entirety.  It contains information that has nothing to do with machine guns or any relevant issue in this case. *See, e.g.*, Def. Ex. 1025, "Chapter 6. Making NFA Firearms By Nonlicensees," "Chapter 10. Collectors of NFA Firearms," and "Chapter 11. Exportation of NFA Firearms." The NFA handbook also contains

information that is improper for the jury to have at all, including "Chapter 15. Penalties and Sanctions," "Appendix A," which contains the National Firearm Act, and "Appendix B," which contains ATF rulings. Information about penalties and sanctions is inadmissible, as is any law or interpretations of the law other than what the Court provides in its instructions. Fed. R. Evid. 403.

The Court should prohibit Defendant from offering the entire NFA handbook and instruct Defendant to specifically identify the portions of Defendant's Exhibit 1025 he believes to be relevant to the issues at trial. The government does not object to limited use of relevant portions of the NFA handbook, provided the questioning is limited to appropriate witnesses with personal knowledge, *Balboa*, 23 F.3d at 213, and not designed to suggest the law is other than it is, consistent with the Court's prior order. Dkt. 310, p. 21.

### III.     Defendant's Emails and Communications

Defendant's Exhibits 1055 through 1062 are emails and text messages he exchanged with FFLs and manufacturers. Any statements on these emails and messages, if offered to prove the truth of the matter asserted, are inadmissible hearsay. *See* Fed. R. Evid. 801(c), 802. These emails include Defendant's statements. A defendant's out-of-court statements, when offered by the defendant, are inadmissible hearsay. *United States v. Waters*, 194 F.3d 926, 931 (8th Cir. 1999); *cf.* Fed. R. Evid. 801(d)(2)(A).

To the extent Defendant thinks any of portion of these emails are admissible under Federal Rule of Evidence 106, it is his burden to specify which portions of any

statement are relevant to issues at trial and necessary to qualify or explain other portions of those statements. *See United States v. Aungie*, 4 F.4th 638, 646-47 (8th Cir. 2021) (discussing the so-called rule of completeness). Unless and until Defendant meets this burden, the Court should exclude these exhibits.

### IV. Audio Recordings and Transcripts

Defendant intends to offer audio recordings and transcripts of phone conversations between Defendant and Johnathan Marcum, as well as the audio recording and transcript of Defendant's interview with law enforcement officers. *See* Def. Exs. 1100-1106.

Any statements on these recordings and in the transcripts of these recordings, if offered to prove the truth of the matter asserted, are inadmissible hearsay. *See* Fed. R. Evid. 801(c), 802. Additionally, the recordings include Defendant's own statements. A defendant's out-of-court statements, when offered by the defendant, are inadmissible hearsay. *United States v. Waters*, 194 F.3d 926, 931 (8th Cir. 1999); *cf.* Fed. R. Evid. 801(d)(2)(A). Accordingly, the Court should exclude these recordings and transcripts at trial and preclude any questions regarding Defendant's statements in the recordings.

Respectfully submitted,

Richard D. Westphal
United States Attorney

By: /s/ *Shai D. Gonzales*
Mikaela J. Shotwell
Ryan W. Leemkuil
Shai D. Gonzales
Assistant United States Attorneys

U.S. Courthouse Annex, Suite 286
110 E. Court Avenue
Des Moines, Iowa 50309
Tel: (515) 473-9300
Fax: (515) 473-9292
Email: Mikaela.Shotwell@usdoj.gov
　　　　Ryan.Leemkuil@usdoj.gov
　　　　Shai.Gonzales@usdoj.gov

CERTIFICATE OF SERVICE

I hereby certify that on February 4, 2024, I electronically filed the foregoing with the Clerk of Court using the CM ECF system. I hereby certify that a copy of this document was served on the parties or attorneys of record by:

\_\_\_\_U.S. Mail  _____ Fax  \_\_\_\_\_Hand Delivery

\_\_X\_\_ECF/Electronic filing  \_\_\_\_Other means

UNITED STATES ATTORNEY

By:  _/s/ Shai Gonzales, AUSA_