IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>vs.<br><br>BRADLEY EUGENE WENDT,<br><br>    Defendant. | Case No: 4:22-cr-199<br><br><br>**DEFENDANT'S OBJECTIONS TO PROPOSED JURY INSTRUCTIONS** |

Bradley Eugene Wendt ("Wendt") submits the below objections to the Court's Proposed Jury Instructions. In addition, Wendt intends to make further objections and argument at the jury instruction conference. Also, Wendt hereby incorporates the arguments made in his pretrial filings and motion to dismiss.[1]

**1.    Proposed Instruction No. 10 – Count 1: Conspiracy to Make False Statement to and Defraud the ATF**

There are multiple problems with the Government's conspiracy charge. First, there is a multiple conspiracy issue. Second, the Government did not allege Johnathan Marcum or any of his actions to be a part of a conspiracy to defraud the ATF. Third, the Indictment did not allege anything about an alleged kickback. Fourth, the Jury must unanimously find and identify the specifics of the conspiracy, including: (a) the other participant; (b) the theory (i.e., to make false statements or defraud the ATF); and (c) the overt act(s).

---

[1] Wendt objects to any statement of the law contained in the proposed jury instructions below that is not a direct quote from the text of the law, and/or that imposes additional requirements not contained in the applicable law and regulations, including but not limited to 18 U.S.C. § 922(o), 27 CFR § 479.105, and 26 U.S.C. § 5844, and 27 CFR § 479.111.

1

In addition, the final paragraph suggests that there is no option to find that Wendt did not commit a conspiracy or that if the jury cannot unanimously agree on which alleged conspiracy Wendt committed then he must be found not guilty. The final sentence should be revised to state, "If you unanimously agree, you will mark on your Verdict Form which conspiracy, or both conspiracies you unanimously find the defendant committed. If you cannot unanimously agree on which conspiracy or conspiracies the defendant allegedly committed, you must find the defendant not guilty of the crime."

**2.     Proposed Instruction No. 14 – Count 1: Additional Instructions**

The defense has not raised the argument that the ATF was negligent in failing to detect a conspiracy to defraud. Further, this instruction indicates there was, in fact, a conspiracy to defraud the ATF, rather than referring to an alleged conspiracy. At most, the instruction should be limited to the following: "To the extent you find there was a conspiracy to defraud the ATF, the fact that the ATF may have been negligent in detecting that fraud is not a defense. However, you may consider the ATF's actions in determining whether statements were false or material."

**3.     Proposed Instruction No. 17 – Counts 2-14: Element 2 – False Statement**

This instruction should include the language of Wendt's proposed instruction regarding ambiguity. In other words: "To the extent you find any of the alleged statements were merely Wendt's restatements of requirements by the ATF, then the Government must prove there is no reasonable interpretation of Wendt's statement that could be considered truthful." *See United States v. Harra*, 985 F.3d 196 (3d Cir. 2021).

4. **Proposed Instruction No. 22 – National Firearms Act and National Firearm Registration And Transfer Record**

The NFRTR includes more information than is reflected in Proposed Instruction No. 22 and the additional information should be reflected. *See* 26 U.S.C. § 5841. Wendt proposes the following language:

"Each maker or importer of an NFA machine gun must register in the NFRTR each such machine gun made or imported. The NFRTR includes the entire history of a machine gun from the time of its initial registration after importation/manufacture to the present, including but not limited to: (1) the identification of the NFA machine gun, including its serial number; (2) the date of initial registration; (3) the identification of the initial registrant; (4) the method of registration (importation/manufacture) via ATF Form 2 Notice of Firearms Manufactured or Imported; (5) the identification of all registrants subsequent to the initial registrant; (6) the method of registration via ATF Form 3 Application for Tax Exempt Transfer of Firearm and Registration to Special Occupational Taxpayer, ATF Form 4 Application for Tax Paid Transfer and Registration of Firearm, or ATF Form 5 Application for Tax Exempt Transfer and Registration of Firearm, (7) any restrictions and/or conditions applicable to the registration, possession, and transfer of the registered firearm, and (8) other information regarding the registered firearm and/or its various transferors and transferees."

**6.     Proposed Instruction No. 23 – Law Letters**

The paragraph of Proposed Instruction No. 23 beginning with "First," mischaracterizes the regulation. First, the Government's own expert has admitted that no law letter is required for law enforcement purchases. The only time the law requires a law letter is for a dealer sales sample. The Government's expert further admitted that the regulation is a condition on transfer, not use or possession.

Moreover, 18 U.S.C. § 922(o) does not contain the words "official use." 27 CFR § 479.105 contains the words "official use" once: "The registration of such machine guns under this part and their subsequent transfer shall be conditioned upon and restricted to the sale or distribution of such weapons for the official use of Federal, State or local governmental entities." 27 CFR § 479.105(c). Official use here is **only** referring to the purpose of the transfer. It does not refer to anything that happens after the transfer. The jury cannot attempt to determine the official use of the machine gun when its possession and use are **not restricted to official use** under the law. Once the machine gun has been acquired, the law enforcement agency's subsequent transfer and possession are not restricted to official use.

Section 479.105(c) is in the import and manufacture section. It states that machine guns that were either imported or manufactured may not be registered unless their purpose is for sale to law enforcement. Meaning that, once a machine gun is registered, any subsequent transfer can only go to law enforcement. But § 479.105(c) has nothing to do with subsequent possession. Once the machine gun gets to law enforcement, the only thing that governs its possession and use is § 922(o). And the only requirement under § 922(o) is that transfer or possession be under the authority of the Adair Police Department.

Additionally, there would be a clear federalism problem with the ATF telling state and local governments what their "official use" is rather than the state and local governments being able to decide for themselves. The ATF can control the transfer of the machine gun. But it cannot control what happens to the machine gun after it is transferred other than that transfer and possession must comply with § 922(o), which, again, only states that transfer and possession must be under the authority of the political subdivision. This is also why the ATF approval forms reference that possession is restricted to compliance with Public Law 99-308.

Moreover, *Theunick* does not apply here. It was a transfer case where there was a transfer of machine guns that Theunick actually kept. This is not an issue here. The law comes down to two questions: (1) was it transferred (which is not at issue here); and (2) was it possessed under the authority of a government agency. There can be no official use restriction read into the possession and use of the machine gun by a government agency because the law contains no such restriction.

Next, the paragraph of Proposed Instruction No. 23 beginning with "Second," goes beyond the law and adopts the ATF's practices as "law." The sentence beginning with "The purpose of a…" should be removed entirely as it is not in the law. The sentence stating "The requested demonstration must be for possible future purchase and not for some other purpose" should also be removed entirely because again, it is not in the law and is conflating the ATF's practices with the law.

Finally, Wendt objects to the inclusion of the instruction stating that the jury may consider the failure to provide a demonstration and the nature of the demonstration as evidence of the truth or falsity of the statement because there is no requirement for possible future purchase in the law. To the extent the instruction is going to state the jury may consider the

failure to do a demonstration, it should also state the demonstration is the responsibility of the dealer because the agency requesting the demonstration has no way of knowing whether or when the transfer is approved, when the machine guns arrive, or if they ever arrive. Whether a demonstration occurs and what it consists of is the responsibility of the qualified dealer who acquired the machine gun. To the extent dealers receive demonstration machine guns and do not reach out to schedule the demonstration, it should not be held against the requesting law enforcement agency who is unaware if the machine guns are ever actually transferred and/or arrive.

7. **Proposed Instruction No. 25 – Authority & Official Duties of the Adair Police Department**

Wendt objects because the law does not require that possession by the Adair Police Department be restricted to official use. Only the acquisition of the machine gun is restricted to official use. The law contains no such restriction that individual law enforcement officers may only possess the firearms in their official duties. In fact, the only requirement is found in § 922(o) which states only that possession by individual law enforcement must be under the authority of the political subdivision.

8. **Proposed Instruction No. 28 – Count 15: Possession of a Machine Gun – Government Authority Defense**

First, the fifth and sixth paragraphs of Proposed Instruction No. 28 should be removed entirely. The "factors" listed to determine whether the defendant was acting in the scope of official duties were taken by the Government from two cases unrelated to this one.[2] *See Government's Proposed Jury Instructions*, Dkt. 290 at 32-33 (citing *United States v. Theunick*,

---

[2] The Jury Instructions in *United States v. Theunick* also contain no such list of factors. The cite to these jury instructions at the end of the Government's Proposed Jury Instruction No. 19 presumably related to another section of the Government's Proposed Jury Instruction No. 19.

6

2:05-cr-20002-RHC-VMM, Doc. 171, at 12–13 (E.D. Mich. Aug. 30, 2007); *Parrilla–Burgos v. Hernandez–Rivera*, 108 F.3d 445, 449 (1st Cir. 1997); *United States v. Drapeau*, 644 F.3d 646, 653 (8th Cir. 2011)).

In *United States v. Drapeau*, the Eight Circuit was evaluating whether a federal officer was acting in his capacity as a federal officer when the defendant assaulted him. The court noted that the question of whether the officer was "performing federal 'investigative, inspection, or law enforcement functions'" was a fact question for the jury and noted that the evidence was sufficient to support the jury's finding that the officer was engaged in the performance of his duties at the time of the assault. The jury instructions themselves in *United States v. Drapeau* contain no such list of factors. *See United States v. Drapeau*, 3:09-cr-30086-RAL, Doc. 56 (D.S.D. Feb. 24, 2010).

*Parrilla–Burgos v. Hernandez–Rivera* was a § 1983 civil case where a police officer on medical leave shot and killed a patron during a bar fight. *Parrilla–Burgos v. Hernandez–Rivera*, 108 F.3d 445 (1st Cir. 1997). The district court granted summary judgment for the defendant, finding as a matter of law that the officer was not acting "under the color of state law" at the time of the shooting. *Id.* The First Circuit affirmed summary judgment, finding that the facts in that case were sufficient to find as a matter of law that the officer was not acting under the color of state law and listing some of the factors that the **court** may consider. *Id.*

Even if *Parrilla–Burgos* were relevant here, which it is not, the Eighth Circuit Civil Model Jury Instructions do not contain a list of factors in evaluating whether acts are done under color of law. Manual of Model Civ. Jury Instr. For the District Courts of the Eighth Cir. § 4.20.

Further, listing the factors takes away the jury's responsibility as the fact-finder and instead provides a 'checklist' for the jury to use. Such a list is prejudicial and is neither reflected in the law nor any pattern jury instructions. The term "official duties" is already defined in Proposed Instruction No. 25, and the list of factors should be removed.

Second, the Iowa Court of Appeals has acknowledged that the state statute that provides peace officers to make arrests does not distinguish between on-duty and off-duty the way some other state laws do and has refused to decide whether it is relevant that a police officer was on-duty or off-duty. *See Long v. Lauffer*, 797 N.W.2d 621 (Iowa Ct. App. 2011). Moreover, Iowa law provides that peace officers and licensed dealers may possess machine guns whenever their "lawful activities . . . permit" them to do so. Iowa Code § 724.2(1). In addition, Iowa law provides for an Iowa law enforcement officer to be able to obtain a professional permit to carry weapons and that that permit "shall authorize that peace officer to go armed anywhere in the state at all times, including on the grounds of a school." Iowa Code § 724.6.

Third, again, this instruction hinges on the mistaken belief that a machine gun manufactured in the United States after 1986 is restricted to the possession of governmental entities for their official use. In other words, that the M60 could only ever be possessed by a governmental agency for its official use. That is simply not true – it could be transferred to and subsequently possessed by a governmental entity or a licensed dealer. Even the ATF expert testified the restriction in question is only meant to distinguish the transferable machine gun and a non-transferable machine gun, as opposed to regulating the possession of it. Further, Wendt is not being charged with possession of a machine gun that is not registered to him under the NFA.

Lastly, the *Vest* vagueness concerns are increased here by the fact that Wendt bought the machine gun with his own funds.

8

US.362132463.01

Dated: February 11, 2024

**FAEGRE DRINKER BIDDLE & REATH LLP**

*/s/ Nick Klinefeldt*
Nicholas A. Klinefeldt, AT0008771
Rachel A. Yaggi, AT0014994
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone: (515) 248-9000
Fax: (515) 248-9010
*nick.klinefeldt@faegredrinker.com*
*rachel.yaggi@faegredrinker.com*

***ATTORNEYS FOR DEFENDANT WENDT***

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 11th day of February, 2024, I electronically filed the foregoing document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

*/s/ Paulette Ohnemus*