IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>BRADLEY EUGENE WENDT,<br><br>Defendant. | Case No: 4:22-cr-199<br><br>**DEFENDANT'S MOTION FOR RETURN OF PROPERTY**<br><br>**REQUEST FOR EVIDENTIARY HEARING** |

Defendant Bradley Eugene Wendt ("Wendt") hereby moves for return of property that was seized in this case, pursuant to Fed. R. Crim. P. 41(g). In support of this motion, Wendt states as follows:

1. **Case Status**. The criminal prosecution against Wendt has now been concluded. The Eighth Circuit issued its opinion and judgment on March 3, 2026. The Eighth Circuit issued its mandate on April 23, 2026. The parties had 90 days from the date of the opinion and judgment to file a petition for writ of certiorari to the United States Supreme Court. Supreme Court Rule 13.1. Neither party filed a petition. Accordingly, the case is now over and any property seized from Wendt that was not properly forfeited must be returned.

2. **Property**. Wendt seeks return of the property identified in the chart below (with the exception of the items where his interest was criminally forfeited). All the items in the chart were seized from Wendt pursuant to search warrants in this case. Most of that property was identified in an ATF notice of administrative seizure (#'s 1-23). For those items, the ATF Asset ID number is provided. Items 24 and 25 did not contain ATF Asset ID numbers, but were included on Wendt's administrative claim to the ATF. Items 26-36 consist of paperwork and computer evidence. They were seized but not included in any administrative forfeiture notice.

Wendt is requesting the return of all items listed in the chart except for Items 1, 2, 5, and 6. Wendt's interest in those items were criminally forfeited[1]; however, they are included in the chart for sake of completeness.

**Items 1-23**: All of these items were identified in the ATF notice of administrative forfeiture. Of these 23 items, only items 1-5, 7, 8, and 9 were purportedly (although wrongly) subsequently administratively forfeited by the ATF. And only Wendt's interest in items items 1, 2, 5, and 8 were criminally forfeited. In addition, the ATF confirmed item 9 was not a machine gun and agreed to return it but has not done so yet. Lastly, items 1-7 were registered to and seized from the Adair Police Department.

**Items 24-25**: These items were not listed in the ATF notice of administrative forfeiture. However, Wendt nonetheless listed them in his administrative claim to the ATF out of an abundance of caution.

**Items 26-34**: These items were seized pursuant to the search warrants and were not part of any forfeiture proceedings.

In sum, Wendt is requesting the return of Items 3, 4, and 7-36 (hereinafter referred to as the "Property").

| # | Asset ID | Asset Description | Forfeiture Status |
|---|---|---|---|
| 1 | 22-ATF-038564 | Heckler and Koch MP7 Machinegun CAL:46 SN: 164-029336 (Seized from APD) | Alleged Admin Forfeiture<br><br>**Criminally Forfeited** |
| 2 | 22-ATF-038566 | U.S. Ordnance Inc. M60 Machinegun CAL:762 SN: 12413 (Seized from APD) | Alleged Admin Forfeiture<br><br>**Criminally Forfeited** |
| 3 | 22-ATF-038567 | F.N. (FN Herstal) SCAR-SC Machinegun CAL:Multi | Alleged Admin Forfeiture |

[1]Of the 15 machine guns to which his interest was forfeited in the criminal case, only 4 of those actually belonged Wendt. There were 2 machine guns that were returned to Wendt because they were transferable, *i.e.* manufactured prior to 1986 (which are not identified in the chart).

| | | | |
|---|---|---|---|
| | | SN: SC000387 (Seized from APD) | |
| 4 | 22-ATF-038568 | Heckler and Koch G36 Machinegun CAL:223<br>SN: 84-054530 (Seized from APD) | Alleged Admin Forfeiture |
| 5 | 22-ATF-038569 | Heckler and Koch MP5 Machinegun CAL:9<br>SN: 63-106832 (Seized from APD) | Alleged Admin Forfeiture<br><br>**Criminally Forfeited** |
| 6 | 22-ATF-038570 | Heckler and Koch MPK SD Silencer CAL:9x19<br>SN: 01-006203 (Seized from APD) | |
| 7 | 22-ATF-038571 | Heckler and Koch 416 Machinegun CAL: Unknown<br>SN: 88-070103 (Seized from APD) | Alleged Admin Forfeiture |
| 8 | 22-ATF-038576 | F.N. (FN Herstal) M2HB Machinegun CAL:50<br>SN: 36923 | Alleged Admin Forfeiture<br><br>**Criminally Forfeited** |
| 9 | 22-ATF-038578 | Vector Arms, Inc. HR4332 Machinegun CAL:9<br>SN: 509 907 | Alleged Admin Forfeiture<br><br>*ATF Confirmed Not a Machine Gun and Agreed to Return But Not Yet Returned* |
| 10 | 22-ATF-038596 | F.N. (FN Herstal) M249 Para Machinegun CAL:556<br>SN: C14266 | |
| 11 | 22-ATF-038599 | F.N. (FN Herstal) MK46M - Mod 1 Machinegun CAL:556<br>SN: C14122 | |
| 12 | 22-ATF-038600 | F.N. (FN Herstal) MK48 Mod 1 Machinegun C AL:762<br>SN: NV484905 | |
| 13 | 22-ATF-038601 | Heckler and Koch MP5 Machinegun CAL:9<br>SN: S98044 | |
| 14 | 22-ATF-038602 | Heckler and Koch MP5 Silencer CAL:9x19<br>SN: 001-119, 0988-044 | |
| 15 | 22-ATF-038603 | F.N. (FN Herstal) Scar 16 Machinegun CAL:55 6<br>SN: L055189 | |
| 16 | 22-ATF-038606 | Auto Ordnance West Hurley, NY Thompson M1 Machinegun CAL:45<br>SN: 282230 | |
| 17 | 22-ATF-038607 | Colt M4 Commando Machinegun CAL:556<br>SN: A0199523 | |
| 18 | 22-ATF-038608 | Steyr Aug Machinegun CAL:556<br>SN: 3198863 | |

| | | | |
|---|---|---|---|
| 19 | 22-ATF-038610 | Steyr Aug Machinegun CAL:556<br>SN: 127517 | |
| 20 | 22-ATF-038611 | Kriss USA Inc. (Transformational Defense Ind)<br>Kriss Vector SMG Machinegun CAL:45<br>SN: 45S000903 | |
| 21 | 22-ATF-038612 | F.N. (FN Herstal) P90 Machinegun CAL:57<br>SN: FN079567 | |
| 22 | 22-ATF-038616 | F.N. (FN Herstal) F2000 Machinegun CAL:223<br>SN: 002596 | |
| 23 | 22-ATF-038617 | Steyr Aug Machinegun CAL:556<br>SN: 127520 | |
| 24 | N/A | Green metal ammo box with .50 BMG ammunition on links, seized from 309 Truman Road, Anita, Iowa 50020. | |
| 25 | N/A | One box containing 200 rounds of 12.7 x 99 mm caliber ammunition, seized from 2701 Hwy. 59, Denison, Iowa 51442. | |
| 27 | N/A | Tax returns (seized from Wendt's home) | |
| 28 | N/A | Law letters (seized from Wendt's home) | |
| 29 | N/A | Financial Documents (seized from Wendt's home) | |
| 30 | N/A | NFA related firearm parts (seized from BW Outfitters Denison) | |
| 31 | N/A | Documents – Ledger, machine gun paperwork, bank statements, National Firearms transfer paperwork (seized from BW Outfitters Denison) | |
| 32 | N/A | Asus desktop computer | |
| 33 | N/A | Seagate external hard drive | |
| 35 | N/A | Paperwork related to gun purchases (seized from Adair PD) | |
| 36 | N/A | Employment paperwork (seized from Adair PD) | |

3. **<u>Seizure of Property</u>**. On August 31, 2022, the Government seized the Property pursuant to search warrants. *See* Case No. 4:22-mj-546 (search warrant for the Adair Police Department); Case No. 1:22-mj-175 (search warrant for Wendt's home); and Case No. 4:22-mj-547 (search warrant for BW Outfitters).

4. **<u>Notice of Civil Forfeiture</u>**. On October 4, 2022, the ATF sent a Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings ("First Notice"). **Exhibit A**.

5. **Claim**. On November 4, 2022, Wendt filed a timely and proper Claim in response to the First Notice. In that Claim, Wendt identified all the relevant Property identified above in the chart. In addition, Wendt submitted the Claim on behalf of himself, BW Outfitters (as the owner), and the City of Adair (as the Chief of Police). In the Claim, Wendt identified his interest as follows:

> All the above items were purchased by, and/or are owned by, me and/or my company, BW Outfitters, Inc. In addition, I am also making a claim in my capacity as Police Chief on behalf of the City of Adair, Iowa for the first seven items listed. Those items were purchased by me and registered to the City of Adair.

**Exhibit B**.

5. **Second Notice of Forfeiture**. On November 23, 2022, the ATF then sent another Notice of Seizure of Property and Initiation of Administrative Forfeiture Proceedings ("Second Notice"). This notice added items that were not identified in the First Notice. Wendt received the Second Notice, reviewed it with counsel, and did not submit another claim because Wendt did not have a legal interest to the additional items identified. He had already filed a claim for the items in which he had a legal interest.[2]

6. **Criminal Forfeiture**. On December 11, 2022, the Government initiated a criminal case against Wendt by seeking and obtaining an indictment. The case proceeded to trial and the jury returned a split verdict. The Government then submitted the criminal forfeiture to the jury and the jury forfeited some but not others. The forfeited property is identified in the Judgment. ECF 396, at 9.

7. **Failure to Return Non-Machine Gun**. On March 7, 2023, the ATF responded to Wendt's request to return a firearm that did not qualify as a "machinegun." **Exhibit C**. The admitted that it had confirmed it was not a machinegun but then unjustifiably refused to return it

[2] The Second Notice of Forfeiture is included in **Exhibit D**.

until the conclusion of the criminal case. The ATF's refusal was despite the fact that its confirmation of the firearm's status as not being a "machinegun" meant it did not fall within the scope of the search warrant. In contrast, the FBI had confirmed that two other firearms did not qualify as "machineguns"[3] and returned them to Wendt.

The ATF's refusal to return the non-machine gun (as referenced in **Exhibit C**) highlights the impropriety of the ATF's actions. With respect to this item, the ATF not only unjustifiably refused to return the items after determining it was not covered by the search warrant but the ATF also purportedly "administratively forfeited" it on January 26, 2023 and yet the same division of the ATF then sends Wendt a letter, dated March 7, 2023, stating that it should be returned and does not mention anything about administrative forfeiture.

8. **<u>Failure to Return Property</u>**. After the criminal trial, defense counsel reached out to the Government to inquire about the Property. Per the attached August 7, 2024 letter, the Government explained why it had not yet returned the Property. **Exhibit D**. The Government's explanation makes no sense and Wendt here addresses the three points made by the Government:

*First*, the Government stated that it (specifically AUSA Gaumer) "had communication in early July" (that being July 2024) with the Adair City Attorney Clint Fichter "about the forfeiture of the machine guns." *Id*. AUSA Gaumer then stated: "He was advised of the status of the matter and informed me he would visit with the city to see if it wished to contest the forfeiture of any of the machine guns. They did not do so." *Id*.

Either the Government is admitting (1) it did not provide proper and timely notice of administrative forfeiture to the City (in which case the Government cannot now attempt to informally forfeit the City's interest) or (2) the notice to the City was accomplished by way of

[3] These two firearms were fully automatic machine guns but were manufactured prior to 1986 and therefore were grandfathered in under 18 U.S.C. § 922(o).

the notice to Wendt as the Police Chief (in which case Wendt's claim to the items on behalf of the City was valid). Either way, the Government has waived its right to forfeit the APD guns and silencer and must return them to the City unless the City formally abandons them.

In short, because the Government has failed to comply with the legal requirements for administratively forfeiting the items registered to the Adair Police Department, those items (all of them regardless if Wendt's interest in some of them has been criminally forfeited) should be forfeited to to the Adair Police Department unless the City of Adair formally abandons the items through a written document that is approved by the Adair City Council—not an informal telephone conversation that wrongly conveys the administrative forfeiture process is ongoing. 18 U.S.C. § 983(a)(1)(F).

The law is clear:

> If the Government does not send notice of a seizure of property in accordance with subparagraph (A) to the person from whom the property was seized, and no extension of time is granted, the Government shall return the property to that person without prejudice to the right of the Government to commence a forfeiture proceeding at a later time. The Government shall not be required to return contraband or other property that the person from whom the property was seized may not legally possess.

18 U.S.C. § 983(a)(1)(F). Section 983(a)(1)(A)(i) requires a notice to be provided within 60 days. The items in question are not contraband nor is it illegal for BW Outfitters (or the Adair Police Department) to possess them.

*Second*, the Government stated that it "investigated the administrative forfeiture" and discovered the Property had been administratively forfeited on the basis of a subsequent notice of forfeiture ("Second Notice"). *Id*. The Government's explanation is that even though Wendt filed a timely and valid claim for all the Property at issue pursuant to the First Notice, the Government

sent a Second Notice because it had "cited incorrect statutory forfeiture authority" in the First Notice. For the reasons set forth below, that does not excuse the failure to return the Property.

*Third*, the Government stated that some of the machine guns were criminally forfeited and that it is not uncommon for the Government to pursue forfeiture through parallel proceedings and then "double forfeiting assets." However, Wendt is not requesting the return of those machine guns. The Government's point about parallel proceedings is telling, though. The Government explained that it was "essentially double forfeiting assets." However, while the Government can certainly seek the forfeiture of assets through parallel proceedings, it cannot sequentially "double forfeit" assets. Otherwise, the Court would be going through a legal fiction of forfeiting assets that had already been forfeited. Further, Wendt was not informed of this alleged administrative forfeiture until after the criminal trial.

Further, neither the Court nor Wendt were informed of this alleged administrative forfeiture of the machineguns until after the criminal trial. This means that, if the Government was correct and the assets were already forfeited, then the Government forced both the Court and Wendt to proceed through a legal fiction regarding the forfeiture of Wendt's right in certain assets that had already been forfeited—without informing the Court nor Wendt.

9. **Lack of Basis to Retain Property**. Under Fed. R. Crim. P. 41(g), the Property should be returned to Wendt. "A person aggrieved by an unlawful search and seizure of property or by the deprivation of property may move for the property's return. The motion must be filed in the district where the property was seized. The court must receive evidence on any factual issue necessary to decide the motion. If it grants the motion, the court must return the property to the movant, but may impose reasonable conditions to protect access to the property and its use in later proceedings." Fed. R. Crim. P. 41(g). It is the Government's burden to establish a legitimate

reason to retain the property, which it cannot meet because it is not lawfully entitled to the possession of it, it is not contraband, and there is no basis to hold it as evidence. *See Jackson v. United States*, 526 F.3d 394, 397 (8th Cir. 2008).

a. **<u>If the First Notice was Deficient, then the Property Must be Returned</u>**. The Government's position is that the First Notice was deficient because it did not cite the correct forfeiture authority. If correct, that should end the issue and the items must be returned.

Moreover, if that was the reason for the Second Notice that is interesting because the difference in authority between the two notices is that the First Notice relied upon the Property being subject to forfeiture pursuant to 18 U.S.C. 924(d) and the Second Notice relied upon the Property being subject to forfeiture pursuant to 26 U.S.C. § 5872. While such a change in legal position does nothing to invalidate Wendt's Claim, it is interesting because § 924(d) would have required a violation of § 922(a)(6), whereas 5872 would have been based on a violation of 5861. In other words, the ATF admitted that it could not prove a violation of 922(a)(6) and therefore relied on a violation of 5861, which the Government has now repeatedly disavowed.

b. **<u>Wendt's Claim was Valid</u>**. More importantly, Wendt's Claim was valid. First, it is undisputed that (i) Wendt's Claim identified all the relevant Property including the proper ATF Asset ID's (which did not change between the First Notice and Second Notice) and (ii) Wendt timely delivered the Claim to the proper address requested by the ATF which the ATF received it. Wendt complied with every single requirement identified by the ATF. The change in the Government's alleged forfeiture authority is not significant to the Claim. The claim form required by the ATF does not mention it or require the claimant to address it – let alone even have a space to address it. In other words, a valid claim in a forfeiture proceeding does not require the claimant to refute the ATF's alleged statutory basis for forfeiture. The ATF does not

explain any such theory in the notices and the claimant would therefore have no way of refuting it anyway. Rather, the claim form only requires the claimant to identify the property and the claimant's interest in the property. The statute itself makes clear that no such requirement for a claim exists. 18 U.S.C. 983(a)(2)(C). Wendt's Claim met all requirements and there was nothing in the Second Notice that would have changed those responses.

A contrary ruling would mean that the ATF could flagrantly violate the statute requiring the matter to be referred to the U.S. Attorney's Office for judicial forfeiture proceedings and, instead, keep sending out (untimely) subsequent notices for the same property citing additional bases to forfeit it until the claimant gets confused because it has already filed a notice for the property, does not file a further claim, and then the ATF gets to administratively forfeit it.

b. **The Government's Second Notice was Untimely**. The Second Notice was different than the First Notice in only two respects: (i) it added items and (ii) changed the legal authority. The real reason the ATF filed the subsequent notice was because it added items to the Second Notice. However, those added items is not in question here. More importantly, the Government's Second Notice was untimely.

As a matter of fact, there is no legal basis for the Government to file a subsequent notice outside the timeframe. Because the statutory basis for forfeiture is required that is the notice (though not required to be refuted in a claim) and the Government's admission now that it was invalid in the First Notice, the Government waived its right to proceed with any administrative or judicial forfeiture proceeding after the 60 days from the seizure. The Government must send a notice of forfeiture within 60 days of the seizure of the property (admitted by the Government to be August 31, 2022, and even identified in the Declaration of Administrative Forfeiture as

August 31, 2022). 18 U.S.C. §983(a)(1)(A). While the First Notice satisfied that requirement (dated October 4, 2022), the Second Notice (dated November 23, 2022) did not.

c. **The Declaration of Administrative Forfeiture is Invalid**. For the above reasons, the alleged administrative forfeiture is invalid. Further, it is invalid because the statutory authority relied upon by the ATF in the Second Notice does not even apply to the Property. *See* 19 U.S.C. § 1595.

d. **The Government Failed to Commence Judicial Forfeiture Proceedings**. After receipt of a claim, the Government had 90 days to file a civil lawsuit and commence judicial forfeiture proceedings. 18 U.S.C. §983(a)(3)(A). But the Government never initiated a civil lawsuit. Nor did the Government ever notify this Court about any civil forfeiture. Rather, according to the Government, it instead chose to allow the Court to go through the legal fiction of forfeiting property that was already forfeited. It is now too late for the Government to initiate a civil lawsuit against the Property. Rather, defense counsel believed the Government had decided to not go through the trouble of filing a civil lawsuit given the Claim and instead rely on the criminal forfeiture.

e. **The Property was Not Criminally Forfeited**. As mentioned above, Wendt is not seeking the return of any property that was criminally forfeited at this time.

f. **Failure to Return the Property would Violate Wendt's Due Process Rights**. Finally, the failure to return the Property would violate Wendt's Constitutional Due Process rights. The Government failed to comply with the statutory requirements necessary for administrative or civil forfeiture. And there is no legal right for the Government to simply reseize the property and restart again. This legal fiction should now be over.

10. **<u>Designated Person</u>**. Wendt hereby designates Sam Peterson, Manager of BW Outfitters and the designated "Responsible Person" under BW Outfitter's ATF licenses (per ATF Form 7 (5310.12)/7 CR (5310.16)), to take possession of all Property not registered to the City of Adair. Such Property shall be returned to him at BW Outfitters. **Exhibit E**.

WHEREFORE, Wendt respectfully requests that the Court (1) hold an evidentiary hearing and (2) order the Government to return the above-identified Property.

Dated: November 11, 2026

**FAEGRE DRINKER BIDDLE & REATH LLP**

*<u>/s/ Nick Klinefeldt</u>*
Nicholas A. Klinefeldt, AT0008771
801 Grand Avenue, 33rd Floor
Des Moines, Iowa 50309
Telephone: (515) 248-9000
Fax: (515) 248-9010
Email: *nick.klinefeldt@faegredrinker.com*

***ATTORNEYS FOR DEFENDANT WENDT***

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on November 11, 2026, I electronically filed the foregoing document with the Clerk of Court using the ECF system which will serve it on the appropriate parties.

*<u>/s/ Paulette Ohnemus</u>*